CO

In consideration of one dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, I JOHN OAKES MARRIOTT, hereby assign, transfer and set over to THEODORE C. RICHARDS, as Trustee under an Indenture made and dated August 19th, 1960, between me as Settlor and said Richards as Trustee, and to his successors and assigns, all my right, title and interest as contingent remainderman in and to the trust under the will of my great-grandfather Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees and Maud E. Marriott is life beneficiary; and I hereby give to said Theodore C. Richards, as Trustee under said Indenture made August 19th, 1960, his successors and assigns, full power and authority for his or their use as such Trustees, and at his or their cost, to ask, demand, collect, receive, compound and give acquittance for the same or any part thereof, and in my name or otherwise to prosecute and withdraw any suits or proceedings at law and in equity therefor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of August, 1960.

Witness:

/s/ Elmer E. Hall

/s/ John O. Marriott (SEAL)

STATE OF NEW JERSEY :
: SS.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the assigner in the within assignment named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall

(Notarial Seal) Notary Public of New Jersey
My Commission Expires June 6, 1964

CRAVATH, SWAINE & MOORE

ONE CHASE MANHATTAN PLAZA

NEW YORK, N. Y. 10005

RALPH L. McAFEE
HENRY W. deKOSMIAN
ALLEN F. MAULSBY
STEWARD R. BROSS, JR.
HENRY P. RIORDAN
JOHN R. HUPPER
SAMUEL C. BUTLER
WILLIAM J. SCHRENK, JR.
BENJAMIN F. CRANE
JOHN F. HUNT
GEORGE J. GILLESPIE, III
RICHARD S. SIMMONS
WAYNE E. CHAPMAN
THOMAS D. BARR
MELVIN L. BEDRICK
GEORGE T. LOWY
ROBERT ROSENMAN
JAMES H. DUFFY
ALAN J. HRUSKA
JOHN E. YOUNG
JAMES M. EDWARDS
DAVID G. ORMSBY
DAVID L. SCHWARTZ
RICHARD J. HIEGEL
CHRISTINE BESHAR
ROBERT S. RIFKIND
DAVID BOIES
DAVID O. BROWNWOOD
PAUL M. DODYK
RICHARD M. ALLEN
THOMAS R. BROME
ROBERT D. JOFFE
ROBERT F. MULLEN
ALLEN FINKELSON
RONALD S. ROLFE
JOSEPH R. SAHID
PAUL C. SAUNDERS
MARTIN L. SENZEL
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
RICHARD L. HOFFMAN
JOSEPH A. MULLINS
MAX R. SHULMAN
WILLIAM P. DICKEY
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER

COUNSEL
MAURICE T. MOORE
FRANCIS F. RANDOLPH, JR.

TELEPHONE
212 422-3000

TELEX
RCA 233663
WUD 125547
WUI 620976

CABLE ADDRESSES
CRAVATH, N. Y.
CRAVATH, LONDON E. C. 2

33 THROGMORTON STREET
LONDON, EC2N 2BR, ENGLAND
TELEPHONE: 1-606-1421
TELEX: 8814901
RAPIFAX/INFOTEC:
1-606-1425

April 8, 1982

John Oakes Marriott Trust
u/a/d 8/19/60
Tax I.D. No. 13-6028390

Dear Sirs:

On behalf of the trustees of the above-described trust, I enclose amended U.S. Fiduciary Income Tax Returns (Form 1041) for the trust for calendar years 1978 and 1979. The amended Returns show that there are tax refunds due to the trust of $55,156 in respect of calendar year 1978 and $25,180 in respect of calendar year 1979.

Kindly acknowledge receipt of the enclosed amended Returns by date-stamping the enclosed copy of this letter and returning it to me in the self-addressed postpaid envelope.

Very truly yours,

Paul D. Siniawer

Internal Revenue Service Center,
Holtsville,
N. Y. 00501

Encls.

S

RECEIVED IRS MAIL
19
APR 15 1982
171
Director Brookhaven Service Center
Holtsville, N. Y. 11799

Form **1041** Department of the Treasury Internal Revenue Service

# U.S. Fiduciary Income Tax Return

for the calendar year 1979 or fiscal year beginning ............, 1979, and ending ............, 19......

**1979**

Check applicable box(es):
- ☐ Estate ($600 exemption)
- ☐ Generation-skipping trust
- ☐ Simple trust ($300)
- ☐ Complex trust ($100)
- ☐ Complex trust ($300)
- ☒ Grantor type trust
- ☐ Family estate type trust
- ☐ Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instructions): John Oakes Mariott Trust U/A 8/19/60

Name and title of fiduciary: George J. Gillespie EtAL Trustee

Address of fiduciary (number and street): C/O Lehman Bros. Kuhn Loeb, Tax Dept. 55 Water St.

City, State, and ZIP code: New York, N.Y. 10041

Employer identification number: 13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See instructions):
- ☐ Described in section 4947(a)(1)
  - ☐ Not treated as a private foundation by reason of sec. 509(a) (1), (2) or (3)
- ☐ Described in section 4947(a)(2)

Check applicable box(es): First return ☐, change in fiduciary's name ☐ or address ☐, final return ☐.

| Section | Line | | No. | Amount |
|---|---|---|---|---|
| Income | 1 | Dividends (Enter full amount before exclusion) | 1 | SEE STATEMENT |
| | 2 | Interest | 2 | ATTACHED |
| | 3 | Partnership income or (loss) | 3 | |
| | 4 | Other estate or trust income | 4 | |
| | 5 | Net rent and royalty income or (loss) from line 47 | 5 | |
| | 6 | Net business and farm income or (loss) (Attach Schedules C and F (Form 1040)) | 6 | |
| | 7 | Capital gain or (loss) (Attach Schedule D (Form 1041)) | 7 | |
| | 8 | Ordinary gain or (loss) (Attach Form 4797) | 8 | |
| | 9 | Other income (Attach schedule if over $400) | 9 | |
| | 10 | Total income (add lines 1 to 9, inclusive) ▶ | 10 | |
| Deductions | 11 | Interest | 11 | |
| | 12 | Taxes | 12 | |
| | 13 | Fiduciary's portion of depreciation and depletion not claimed elsewhere (See specific instructions) | 13 | |
| | 14 | Charitable deduction (from line 56) | 14 | |
| | 15 | Fiduciary fees | 15 | |
| | 16 | Attorney, accountant, and return preparer fees | 16 | |
| | 17 | Other deductions (List on a separate sheet and attach) | 17 | |
| | 18 | Total (add lines 11 to 17, inclusive) ▶ | 18 | |
| | 19 | Subtract line 18 from line 10 | 19 | |
| | 20 | Income distribution deduction (from line 71) (See specific instructions) (Attach Schedule K–1 (Form 1041)) | 20 | |
| | 21 | Adjustment of dividend exclusion | 21 | |
| | 22 | Estate tax deduction (Attach computation) | 22 | |
| | 23 | Long-term capital gain deduction from Schedule D (Form 1041) | 23 | |
| | 24 | Exemption | 24 | |
| | 25 | Total (add lines 20 to 24, inclusive) ▶ | 25 | |
| | 26 | Taxable income of fiduciary (subtract line 25 from line 19) | 26 | - 0 - |
| Computation of Tax | 27 | Tax on amount on line 26 (See tax rate schedule) | 27 | |
| | 28 | Fiduciary's share of foreign tax credit (Attach Form 1116) | 28 | |
| | 29 | Fiduciary's share of investment credit (Attach Form 3468) | 29 | |
| | 30 | a Win credit ▶ ; b Jobs credit ▶ ; c Total ▶ | 30 | |
| | 31 | Total (add lines 28 to 30, inclusive) ▶ | 31 | - 0 - |
| | 32 | Balance (subtract line 31 from line 27) | 32 | |
| | 33 | Tax from recomputing fiduciary's share of prior year investment credit (Attach Form 4255) | 33 | |
| | 34 | Minimum tax (Attach Form 4626) | 34 | |
| | 35 | Alternative minimum tax (Attach Form 6251) | 35 | |
| | 36 | Total (add lines 32 to 35, inclusive) ▶ | 36 | |
| | 37 | Other credits (See instruction 37) | 37 | |
| | 38 | Federal income tax: a Previously paid ▶ 25,180 ; b Withheld ▶ ; c Total ▶ | 38 | 25,180 |
| | 39 | Total (add lines 37 and 38) (PAID WITH ORIGINAL RETURN) ▶ | 39 | 25,180 |
| | 40 | Balance of tax due (subtract line 39 from line 36) (See instruction H.) | 40 | |
| | 41 | Overpayment (subtract line 36 from line 39) | 41 | 25,180 |

COPY

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

▶ Signature of fiduciary or officer representing fiduciary TRUSTEE Date

**Paid Preparer's Information**

Preparer's signature and date ▶ James J. Carroll 4/5/82

Check if self-employed ▶ ☐

Preparer's social security no. 129 05 4051

Firm's name (or yours, if self-employed) and address ▶ LEHMAN BROTHERS KUHN LOEB INC. 55 WATER ST., N.Y.C. 10041 ID 13-2663822

E.I. No. ▶

ZIP code ▶

Form 1041 (1979) Page 2

## Schedule A.—NET RENT AND ROYALTY INCOME (If more space is needed, attach additional sheets of same size.)

| | (a) Kind and location of property | (b) Total amount of rents | (c) Total amount of royalties | (d) Fiduciary's share of depreciation (explain on Form 4562) or depletion (attach computation) | (e) Other expenses (Repairs, etc. attach statement) |
|---|---|---|---|---|---|
| 42 | | | | | |
| 43 | | | | | |
| 44 | | | | | |
| 45 | | | | | |
| 46 | Totals | | | | |

47 Net income or (loss) (column (b) plus column (c) less columns (d) and (e)). Enter here and on line 5 . . . 47

## Schedule B.—CHARITABLE DEDUCTION (Attach statement giving name and address of charitable organization.)

48 Amounts paid or permanently set aside for charitable purposes from current year's income

49 Tax-exempt interest allocable to charitable distribution (See instructions.)
(Complete lines 50 and 51 below only if gain on Schedule D (Form 1041), line 19, column (b), exceeds loss on Schedule D (Form 1041), line 18, column (b).)

50 a Long-term capital gain included on line 48. (See Instructions.)
(Do not complete lines b and c if such amounts are greater than line a.)

b Enter gain on Schedule D (Form 1041), line 19, column (b), minus loss on Schedule D (Form 1041), line 18, column (b)

c Enter gain on Schedule D (Form 1041), line 19, column (c), minus loss on Schedule D (Form 1041), line 18, column (c)

51 Enter the smallest of line 50a, 50b, or 50c adjusted for the section 1202 deduction

52 Add line 49 and line 51

53 Balance (subtract line 52 from line 48)

54 Enter the short-term capital gains and the long-term capital gains adjusted for the section 1202 deduction of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes

55 Amounts paid or permanently set aside for charitable purposes other than from income of the current year. (See instructions.)

56 Total (add lines 53, 54 and 55). Enter here and on line 14

## Schedule C.—INCOME DISTRIBUTION DEDUCTION

57 Enter amount from line 19 if the amount on line 10 exceeds the amount on line 18 . . . 57

58 Add: a Tax-exempt interest, as adjusted (See instructions) . . . 58a

b Net gain shown on Schedule D (Form 1041), line 20, column (a). If net loss, enter zero . . . 58b

c Add lines 51 and 54 . . . 58c

d Short-term capital gain included on line 48 . . . 58d

e If amount on line 7 is a loss, enter amount here as a positive figure . . . 58e

59 Total (add lines 57 through 58e) . . . 59

60 If amount on line 7 is a gain, enter amount here . . . 60

61 Distributable net income (subtract line 60 from line 59) . . . 61

62 If a complex trust, amount of income for the taxable year determined under the governing instrument (accounting income) . . . 62

63 Amount of income required to be distributed currently. (See instructions.) . . . 63

64 Other amounts paid, credited, or otherwise required to be distributed. (See instructions) . . . 64

65 Total (add lines 63 and 64) . . . 65

66 Enter the total of tax-exempt income included on lines 63 and 64, as adjusted (See instructions) . . . 66

67 Balance (subtract line 66 from line 65) . . . 67

68 Enter distributable net income from line 61 . . . 68

69 Enter the amount from line 58a . . . 69

70 Balance (subtract line 69 from line 68) . . . 70

71 Income distribution deduction. Enter here and on line 20, the lesser of line 67 or line 70 . . . 71

| | Yes | No |
|---|---|---|
| 72 Date trust was created or, if an estate, date of decedent's death. 8/19/60 | | |
| 73 Did the estate or trust receive tax-exempt income? | | |
| If "Yes," did you deduct any expenses allocable to it? | | |
| 74 If the estate or trust received income from a nominee, state name, identifying number, and address of nominee: Lehman Brothers Kuhn Loeb, 55 Water Street, N.Y., N.Y. 10041, ID# 13-2663822 | | |
| 75 If a complex trust, is this a section 663(b) election? | | |
| If "Yes," state amount ▶ | | |
| 76 a If a complex trust, was there undistributed net income at the beginning of the year? | | |
| b If a complex trust, was [illegible] an accumulation distribution? | | |

| | Yes | No |
|---|---|---|
| 77 If a trust, is any section 644 tax due? If "Yes," state amount ▶ and attach computation. | | X |
| 78 Does the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? | | X |
| 79 Have you deducted on this return any amount paid directly or indirectly for the benefit of the grantor or spouse? | | X |
| 80 At any time during the tax year, did the estate or trust have an interest in or a signature or other authority over a bank account, securities account, or other financial account in a foreign country (see the instructions for question 80)? | | X |
| 81 Was the estate or trust the grantor of, or transferor to, a foreign trust which existed during the curren[illegible]able year, whether or not the estate or trust has any bene[illegible] interest in it? If "Yes," you may have to file Forms 3520, 35[illegible] or 926 | | X |

JOHN OAKES MARRIOTT TRUST u/a/d 8-19-60
I.D. No. 13-6028390

In the original U.S. Fiduciary Income Tax Return (Form 1041) filed for the 1979 calendar year, the trustees reported a net long-term capital gain of $127,018 which was credited to trust corpus and paid a tax of $25,180 with respect to that gain. Under the provisions of the trust indenture, a copy of which is attached, the trustees have unlimited discretion to distribute principal to the settlor of the trust. Accordingly, the settlor should be treated as the owner of the trust pursuant to Section 677 (a) (2) of the Internal Revenue Code. None of the trustees is an adverse party within the meaning of Section 672 of the Internal Revenue Code and the regulations thereunder.

This amended Form 1041 is being filed as a return for a "grantor-type" trust to report the net long-term capital gain realized in 1979 as an item of income attributable to the settlor rather thatn to the trust, and to claim a refund of the above-mentioned tax of $25,1800.00 paid by the trustees.

The owner of the trust is:

| | |
|---|---|
| Name: | John Oakes Marriott |
| Soc. Sec. No. : | Non-resident alien |
| Address: | 12 Wilton Crescent |
| | London S.W. 1, ENGLAND |

The items of income and deductions of the trust attributable to the settlor are as follows:

INCOME

| | |
|---|---|
| Dividends | $ 78,020.00 |
| Interest (fully taxable) | 85,262.00 |
| TOTAL | $163,282.00 |

CAPITAL GAINS AND LOSSES

See scheduel attached

DEDUCTIONS

| | |
|---|---|
| New Jersey State tax | $ 4,373.00 |
| Transfer taxes | 304.00 |
| Tax preparation fee | 1,000.00 |
| Investment advisory fees | 11,087.00 |
| Trustees' commissions | 8,128.00 |
| TOTAL | $ 24,892.00 |

Form T. D. 3

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John D. Marriott Tr 8/19/60 YEAR 1979 PAGE

| DATE ACQUIRED | DATE SOLD | SECURITY SOLD | N.Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (100%) PROFIT | SHORT TERM (100%) LOSS | N.Y. TRANSFER TAX | LONG TERM (100%) PROFIT | LONG TERM (100%) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/7/43 2/10/48 | 1/24/79 | 6074 Gulf Oil Corp. | | 17,180.32 | 143,894.18 | | | | 126,713.86 | | 303.70 |
| | | | | | 17,180.32 | | | | — | | |
| | | | | | 126,713.86 | | | | 126,713.86 | | 303.70 |
| | | Tfr Tax | | | | | | | 303.70 | | |
| | | | | | | | | | 127,017.56 | | |

COPY

THIS INDENTURE, made this 19th day of August, 1960, at Jersey City, in the State of New Jersey, between JOHN OAKES MARRIOTT, residing in London, England (hereinafter called the Settlor), party of the first part, and THEODORE C. RICHARDS, residing in East Orange, in said State of New Jersey, hereinafter called the "Trustee" or "Trustees"), party of the second part:

W I T N E S S E T H:

That the Settlor, in consideration of the covenants hereinafter contained, hereby assigns, transfers and sets over u[illegible] the Trustee the property described in the schedule heret[illegible]nexed and marked "Schedule A";

To have and to hold the said property unto the said Trus[illegible] his successors and assigns, IN TRUST NEVERTHELESS, upon t[illegible] following conditions and covenants, that is to say:

ARTICLE 1. -- The Trustee shall hold the same during the lifetimes of the Settlor and his father, SIR JOHN CHARLES OAKES MARRIOTT, and the survivor of them, and during the continuance of the Trust shall receive the income of said property and apply the net income as follows:

(a) As to one-half of the net income (or after the death of the Settlor, as to the whole of the net income) to apply the same to the use of SIR JOHN CHARLES OAKES MARRIOTT, the father of the Settlor, during his lifetime.

(b) As to one-half of the net income (or after the death of Sir John Charles Oakes Marriott, as to the whole of the net income), to apply the same to the use of the Settlor during his lifetime.

Upon the death of the survivor of the Settlor and his father, the trust shall terminate and the trust property then remaining with the Trustee shall be transferred and paid as follows: one-third to a widow of the Settlor then surviving and two-thirds (or if no widow of the Settlor is then surviving, the whole) to the issue of the Settlor then surviving, in equal shares per stirpes or in default of such issue then surviving to the issue then surviving of ADDIE WOLFF KAHN, grandmother of the Settlor, in equal shares per stirpes.

ARTICLE 2. -- The Trustee, in addition to and not in limitation of all common law and statutory authority, sh[illegible] have power with regard to both real and personal property

in the trust fund and any part thereof or interest therein, to alter, to improve, to mortgage, to pledge, to lease (with or without option to renew or purchase), to exchange, to purchase and to sell at public or private sale for cash or upon credit, or for any other consideration, without approval of any court and without liability upon any person dealing with the Trustee to see to the application of any money or other property delivered to him; to lend and borrow money, with or without security, to or from any person or firm, association or corporation; to extend, with or without consideration, the time of payment or performance of any indebtedness, obligation or condition, in whole or in part; to consent, with or without consideration, to the payment or redemption of junior issues of corporate obligations or shares and to the payment of interest or dividends thereon, though senior issues be held by them and there be no payment or redemption in respect of such senior issues; to make investments and reinvestments in the obligations and stocks of governments, municipalities or other political entities and public or semi-public corporations, American or foreign, and in the shares, certificates of interest, warrants, obligations of any firm, association or trust, or of any American or foreign corporation, whether or no organized by him, and whether or no the whole or only a part of the issue, and to make any other investment although of a kind or in an amount not deemed a trust investment; to keep any or all stocks, shares, certificates, warrants, obligations or other property, real or personal, in the name of any person or corporation or in his own name without disclosing his fiduciary capacity; to determine what shall be charged or credited to income and what to principal and specifically, but without limitation, to make such determination in regard to shares of stock and cash dividends, rights and all other receipts in respect of the ownership of shares, certificates of interest or obligations and to purchase or retain shares, certificates of interest or obligations which pay dividends or interest in whole or in part otherwise than in cash and in his discretion to treat such dividends or interest in whole or in part as income; subject to the provisions of this Indenture, to determine who are the distributees hereunder and the proportions in which they shall take; to make distribution or divisions of principal hereunder in kind (though in unequal proportions or of different sorts) at values determined by him; to decide whether or no to make deductions from income for depreciation, obsolescénce, amortization, depletion, exhaustion or waste and, if so, in what amount; to pay, compromise, contest or dispose of any claim or other matter directly or indirectly affecting the trust; to employ legal and investment counsel and to determine whether or no to act

upon their advice; to maintain an office or offices and to pay the expenses thereof and employ attorneys, secretaries, accountants and agents and to compensate them; and generally to do all things in relation to the trust, not in conflict with the provisions of this Indenture, which the Settlor could do if living and were the owner of the trust fund and if this deed of trust had not been executed.

ARTICLE 3. -- The Trustee shall have power to invest in real property, improved or unimproved, productive or unproductive, situate in America or elsewhere, or in any interest therein.

ARTICLE 4. -- The Trustee during the continuance of the trust shall have power, in his discretion, to apply to the use of the Settlor, any part of the principal of the trust fund, with or without obligation to make repayment of any sum so applied or to pay interest thereon.

ARTICLE 5. -- To the extent that the Trustee shall in his discretion decide to apply income or principal to the use of any beneficiary, he shall have discretion either to pay the same to the beneficiary in money, American or foreign or the equivalent or to satisfy obligations of the beneficiary or to furnish the beneficiary with the necessities, comforts and luxuries of life, and specifically but without limitation, with domestic, professional and other services and the use of real or personal property; and the Trustee shall have the power to expend such part of the principal or income of the trust fund as he may, in his discretion, see fit in the acquisition, improvement and upkeep of real or personal property in America or elsewhere for the use of a beneficiary and to pay out of income or principal all taxes and other governmental charges incident to the ownership and use of the same and also all costs of equipping, maintaining, staffing, supplying or victualing the same for the use of such beneficiary.

ARTICLE 6. -- In order to increase the number of Trustees hereunder to three, or whenever the number of Trustees hereunder shall be less than three whether by reason of death, resignation, incompetency, inability to act or otherwise, the existing Trustee or Trustees or a majority of them shall have power, in their discretion, from time to time to appoint by an instrument in writing, a Trustee or Trustees, provided, however, that at no time shall the number of Trustees hereunder be more than three. The Trustees or Trustee, as they shall exist at any time shall have all the powers of the Trustee originally named herein. The Trustees may act in all matters

by a majority vote and the decision, act or deed of the majority, shall be the decision, act or deed of all the Trustees. Any Trustee hereunder may resign by written instrument, acknowledged and delivered to a remaining Trustee, who shall notify the other remaining Trustee, or, if there be no other remaining Trustee, delivered or mailed to the last known address of the person who shall be the oldest then living issue of ADDIE WOLF KAHN, other than the issue of Maude E. Marriott (not a trustee hereunder) and twenty-one years of age.

ARTICLE 7. -- All acts and decisions of the Trustees done or made in good faith shall be conslusive on all parties in interest. No Trustee shall be liable except for his or her own wilful misconduct or bad faith.

ARTICLE 8. -- Any two of the issue of ADDIE WOLFF KAHN (other than the issue of Maud E. Marriott) as are at the time living and twenty-one years of age and otherwise competent and willing to act, shall have power to remove any Trustee hereunder (whether or no originally named herein), to appoint a new Trustee or Trustees whenever the number of Trustees hereunder competent to act and acting shall be less than three and shall have continued to be less than three for at least thirty days, to audit the accounts of the Trustees (interim or final) or the accounts of any retiring Trustee, to determine, compromise and settle the liabilities of whatsoever nature of any Trustee to the trust or of the trust to any Trustee and give discharges and indemnity. All acts and decisions of the issue of ADDIE WOLFF KAHN done or made in good faith, shall be conclusive upon all parties in interest, and none of such issue shall be liable, except for his or her own wilful misconduct or bad faith.

ARTICLE 9. -- No beneficiary hereunder shall have any legal or equitable estate, right, title or interest in or to the principal or income of the trust fund or any part thereof, but may enforce the performance of the trust. The rights and obligations of the parties and of all persons interested hereunder (including the Trustees' compensation), except as herein specifically provided for, shall be governed by the law of the State of New Jersey. If any provision of this Indenture be illegal, such provision shall be deemed eliminated and the remaining provisions shall be appropriately enforced.

The Trustee acknowledges receipt and delivery to him at Jersey City, in the State of New Jersey, of the property mentioned in the Schedule aforesaid and accepts and covenants

to perform the trust according to the conditions herein set forth.

IN WITNESS WHEREOF, the parties hereto have at Jersey City in the State of New Jersey hereunto set their hands and seals the day and year first above mentioned.

/s/ John O. Marriott (SEAL)

/s/ Theodore C. Richards (SEAL)

THIS INSTRUMENT was signed, sealed and delivered and an assignment of the property mentioned in Schedule A, hereto annexed, was delivered and accepted the day and year first above written at Jersey City in the State of New Jersey, in the presence of:

/s/ Elmer E. Hall

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the Settlor in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared THEODORE C. RICHARDS, who, I am satisfied, is the Trustee in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

## SCHEDULE A
## Principal of the Trust

All right, title and interest of the Settlor, JOHN OAKES MARRIOTT, as contingent remainderman in and to the trust under the will of his great-grandfather, Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees, and Maud E. Mariott is life beneficiary.

COPY

In consideration of one dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, I JOHN OAKES MARRIOTT, hereby assign, transfer and set over to THEODORE C. RICHARDS, as Trustee under an Indenture made and dated August 19th, 1960, between me as Settlor and said Richards as Trustee, and to his successors and assigns, all my right, title and interest as contingent remainderman in and to the trust under the will of my great-grandfather Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees and Maud E. Marriott is life beneficiary; and I hereby give to said Theodore C. Richards, as Trustee under said Indenture made August 19th, 1960, his successors and assigns, full power and authority for his or their use as such Trustees, and at his or their cost, to ask, demand, collect, receive, compound and give acquittance for the same or any part thereof, and in my name or otherwise to prosecute and withdraw any suits or proceedings at law and in equity therefor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of August, 1960.

Witness:

/s/ Elmer E. Hall

/s/ John O. Marriott (SEAL)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the assignor in the within assignment named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall

(Notarial Seal) Notary Public of New Jersey
My Commission Expires June 8, 1964

AMENDED

Form **1041** Department of the Treasury Internal Revenue Service

# U.S. Fiduciary Income Tax Return

for the calendar year 1978 or fiscal year beginning ................, 1978, and ending ................, 19 ......

**1978**

Check applicable box(es):
- ☐ Estate ($600 exemption)
- ☐ Testamentary trust
- ☐ Inter vivos trust
- ☐ Simple trust ($300)
- ☐ Complex trust ($100)
- ☐ Complex trust ($300)
- ☒ Grantor type trust
- ☐ Family estate type trust
- ☐ Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instruction J.)
JOHN OAKES MARRIOTT TRUST U/A 8-19-60

Name and title of fiduciary
GEORGE J. GILLESPIE, ETAL, TRUSTEES

Address of fiduciary (number and street)
C/O LEHMAN BROTHERS KUHN LOEB-TAX DEPT.55 WATER ST

City, State, and ZIP code
NEW YORK, N.Y. 10041

Employer identification number
13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See instruction Q.):
- ☐ Described in section 4947(a)(1)
- ☐ Not treated as a private foundation by reason of sec. 509(a)(1), (2) or (3)
- ☐ Described in section 4947(a)(2)

Has the fiduciary's name and/or address changed? ☒ Yes ☐ No. Final return? ☐ Yes ☐ No.

**Income**

| Line | Description | | Amount |
|---|---|---|---|
| 1 | Dividends (Enter full amount before exclusion) (Attach schedule if over $400) | 1 | SEE STATEMENT ATTACHED |
| 2 | Interest (Attach schedule if over $400) | 2 | |
| 3 | Income from partnerships and name and E.I. No. | 3 | |
| 4 | Income from other estates and trusts and name and E.I. No. | 4 | |
| 5 | Gross rents and royalties (Attach schedule if over $400) | 5 | |
| 6 | Net business and farm income or (loss) (Attach Schedules C and F (Form 1040)) | 6 | |
| 7 | Capital gain or (loss) (Attach Schedule D (Form 1041)) | 7 | |
| 8 | Ordinary gain or (loss) (Attach Form 4797) | 8 | |
| 9 | Other income (Attach schedule of income and list by payer if over $400) | 9 | |
| 10 | Total income (add lines 1 to 9, inclusive) | 10 | |

**Deductions**

| Line | Description | | Amount |
|---|---|---|---|
| 11 | Interest | 11 | |
| 12 | Taxes | 12 | |
| 13 | Fiduciary's portion of depreciation (Schedule A) and depletion. Explain depletion | 13 | |
| 14 | Charitable deduction (from line 56) | 14 | |
| 15 | Fiduciary fees | 15 | |
| 16 | Attorney, accountant, and return preparer fees | 16 | |
| 17 | Other deductions (List on a separate sheet and attach) | 17 | |
| 18 | Total (add lines 11 to 17, inclusive) | 18 | |
| 19 | Subtract line 18 from line 10 (Complex trusts and estates enter this amount on line 57; simple trusts, see instr. O.) | 19 | |
| 20 | Distributions deduction (from line 70) (Attach Schedule K-1 (Form 1041)) | 20 | |
| 21 | Adjustment of dividend exclusion | 21 | |
| 22 | Estate tax deduction (Attach computation) | 22 | |
| 23 | Long-term capital gain deduction from Schedule D (Form 1041) | 23 | |
| 24 | Exemption (If final return, see instruction M.) | 24 | |
| 25 | Total (add lines 20 to 24, inclusive) | 25 | |
| 26 | Taxable income of fiduciary (subtract line 25 from line 19) | 26 | - 0 - |

**Computation of Tax**

| Line | Description | | Amount |
|---|---|---|---|
| 27 | Tax on amount on line 26 (See tax rate schedule) | 27 | - 0 - |
| 28 | If alternative tax is applicable, enter the tax from Schedule D (Form 1041) | 28 | |
| 29 | Fiduciary's share of foreign tax credit (Attach Form 1116) | 29 | |
| 30 | Fiduciary's share of investment credit (Attach Form 3468) | 30 | |
| 31 | a WIN credit ▶ ; b Jobs credit ▶ ; c Total ▶ | 31 | |
| 32 | Total (add lines 29 to 31, inclusive) | 32 | |
| 33 | Balance (subtract line 32 from 27 or 28, whichever is applicable) | 33 | |
| 34 | Tax from recomputing fiduciary's share of prior year investment credit (Attach Form 4255) | 34 | |
| 35 | Minimum tax (Attach Form 4626) | 35 | |
| 36 | Total (add lines 33 to 35, inclusive) | 36 | - 0 - |
| 37 | Other credits; see instruction 37 | 37 | |
| 38 | Federal income tax: a Previously paid ▶ 55,156 b Withheld ▶ ; c Total ▶ | 38 | 55,156 |
| 39 | Total (add lines 37 and 38) PAID WITH ORIGINAL RETURN | 39 | 55,156 |
| 40 | Balance of tax due (subtract line 39 from line 36) (See instruction H.) | 40 | |
| 41 | Overpayment (subtract line 36 from line 39) | 41 | 55,156 |

COPY

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

▶ Signature of fiduciary or officer representing fiduciary TRUSTEE Date

**Paid Preparer's Information**

Preparer's signature ▶ James J. Carroll

Preparer's social security no. 129 05 4051

Check if self-employed ▶ ☐

Firm's name (or yours, if self-employed) address and ZIP code ▶ ~~LEHMAN BROTHERS KUHN LOEB~~ INCORPORATED 55 WATER STREET

E.I. No. ▶

Date ▶ 3/3/82

23-188-5979

Form 1041 (1978)

## Schedule A.—DEPRECIATION—(See the Instructions for Schedule A for information on the depreciation n[illegible]s.)

| a. Description of property | b. Date acquired | c. Cost or other basis | d. Depreciation allowed or allowable in prior years | e. Method of computing depreciation | f. Life or rate | g. Depreciation this year |
|---|---|---|---|---|---|---|
| 42 Total additional first-year depreciation—estates only (do not include in items below) | | | | | | |
| 43 Other depreciation: | | | | | | |
| | | | | | | |
| 44 Totals | | | | | | |
| 45 Less amount of depreciation claimed elsewhere on return | | | | | | |
| 46 Balance (subtract line 45 from line 44) | | | | | | |
| 47 Fiduciary's portion of line 46. Enter here and on line 13 | | | | | | |

## Schedule B.—CHARITABLE DEDUCTION—(Attach statement giving name and address of charitable organization.)

48 Amounts paid or permanently set aside for charitable purposes from current year's income (See instructions.)

49 Tax-exempt interest allocable to charitable distribution (See instructions.)

(Complete lines 50 and 51 below only if gain on Schedule D (Form 1041) line 15, column 2, exceeds loss on Schedule D (Form 1041) line 14, column 2.)

50 a Long-term capital gain included on line 48 (See instructions.)

(Do not complete lines b and c if such amounts are greater than line a)

b Enter gain on Schedule D (Form 1041) line 15, column 2, minus loss on Schedule D (Form 1041) line 14, column 2

c Enter gain on Schedule D (Form 1041) line 15, column 3, minus loss on Schedule D (Form 1041) line 14, column 3

51 Enter the smallest of line 50a, 50b, or 50c adjusted for the section 1202 deduction

52 Add line 49 and line 51

53 Balance (subtract line 52 from line 48)

54 Enter the short-term capital gains and the long-term capital gains adjusted for the section 1202 deduction of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes

55 Amounts paid or permanently set aside for charitable purposes other than from income of the current year (See instructions.)

56 Total (add lines 53, 54 and 55). Enter here and on line 14

## Schedule C.—DISTRIBUTIONS DEDUCTION

57 Enter amount from line 19 — 57

58 Add: a Tax-exempt interest (as adjusted—see instructions) — 58a

b Net gain shown on Schedule D (Form 1041) line 16, column 1. If net loss, enter zero — 58b

c Add lines 51 and 54 — 58c

d Short-term capital gain included on line 48 — 58d

e If amount on line 7 is a loss, enter amount here as a positive figure — 58e

59 Total (add lines 57 through 58e) — 59

60 If amount on line 7 is a gain, enter amount here — 60

61 Distributable net income (subtract line 60 from line 59) — 61

62 Amount of income required to be distributed currently (See instructions.) — 62

63 Other amounts paid, credited, or otherwise required to be distributed (See instructions.) — 63

64 Total (add lines 62 and 63). If a trust, was there undistributed net income at the beginning of the year? ☐ Yes ☐ No — 64

65 Enter the total of tax-exempt income included on lines 62 and 63 (as adjusted—see instructions) — 65

66 Balance (subtract line 65 from line 64) — 66

67 Enter distributable net income from line 61 — 67

68 Enter the amount from line 58a — 68

69 Balance (subtract line 68 from line 67) — 69

70 Distributions deduction. Enter here and on line 20, the lesser of line 66 or line 69 — 70

| | Yes | No |
|---|---|---|
| 71 Date trust was created or, if an estate, date of decedent's death. 8/19/60 | | |
| 72 Did the estate or trust receive tax-exempt income? | | X |
| If "Yes," did you deduct any expenses allocable to it? | | |
| 73 If the estate or trust received income from a nominee, state name, identifying number, and address of nominee ▶ LEHMAN BROTHERS KUHN LOEB INC. 55 WATER ST., NYC, 10041 ID# 13-2663622 | | |
| 74 If a complex trust, is this a section 663(b) election? | | |
| If "Yes," state amount ▶ | | |
| 75 If a trust, is any section 644 tax due? | | X |
| If "Yes," state amount ▶ and attach computation. | | |

| | Yes | No |
|---|---|---|
| 76 Does the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? | | X |
| 77 Have you deducted on this return any amount paid directly or indirectly for the benefit of the grantor or spouse? | | X |
| 78 Did the estate or trust, at any time during the taxable year, have any interest in or signature or other authority over a bank, securities, or other financial account over $1,000 in a foreign country (except in a U.S. military banking facility operated by a U.S. financial institution)? If "Yes," see the instructions for question 78 | | X |
| 79 Was the estate or trust the grantor of, or transferor to, a foreign trust during any taxable year, which foreign trust was in being during the current taxable year, whether or not the estate or trust has any beneficial interest in such trust? If "Yes," you may be required to file Forms 3520, 3520-A, or 926 | | X |

☆ U.S. GOVERNMENT PRINTING OFFICE : 1978—0-263-342

JOHN OAKES MARRIOTT TRUST u/a/d 8-19-60
I.D. No. 13-6028390

In the original U.S. Fiduciary Income Tax Return (Form 1041) filed for the 1978 calendar year, the trustees reported a net long-term capital gain of $179,911 which was credited to trust corpus and paid a tax of $55,156 with respect to that gain. Under the provisions of the trust indenture, a copy of which is attached, the trustees have unlimited discretion to distribute principal to the settlor of the trust. Accordingly, the settlor should be treated as the owner of the trust pursuant to Section 677(a)(2) of the Internal Revenue Code. None of the trustees is an adverse party within the meaning of Section 672 of the Internal Revenue Code and the regulations thereunder.

This amended Form 1041 is being filed as a return for a "grantor-type" trust to report the net long-term capital gain realized in 1978 as an item of income attributable to the settlor rather than to the trust, and to claim a refund of the above-mentioned tax of $55,156.00 paid by the trustees.

The owner of the trust is:

| | |
|---|---|
| Name: | John Oakes Marriott |
| Soc. Sec. No. : | Non-resident alien |
| Address: | 12 Wilton Crescent |
| | London S.W. 1, ENGLAND |

The items of income and deductions of the trust attributable to the settlor are as follows:

INCOME

| | |
|---|---|
| Dividends | $ 97,818.00 |
| Interest (fully taxable) | 37,654.00 |
| TOTAL | $ 135,472.00 |

## CAPITAL GAINS AND LOSSES

See schedule attached

## DEDUCTIONS

| | |
|---|---|
| New Jersey State tax | $ 1,721.87 |
| Transfer taxes | 1,383.69 |
| Tax preparation fee | 800.00 |
| Investment advisory fees | 11,036.00 |
| Trustees' commissions | 7,260.00 |
| TOTAL | $ 22,201.56 |

FORM T. D. 2

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John D. Marriott Trust 8/19/60 YEAR 1978 PAGE 1

as of 10-31-78

| DATE ACQUIRED | DATE SOLD | | SECURITY SOLD | N.Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (1202) PROFIT | SHORT TERM (1202) LOSS | N.Y. TRANSFER TAX | LONG TERM (1202) PROFIT | LONG TERM (1202) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/17/76 | 3/10/78 | 2000 | ALLIED CHEMICAL CORP | | 86 855 — | 70 884 06 | | | | | 15 970 94 | 125 — |
| 4/29/63 | 4/7-14/78 | 3999 | Becton, Dickinson & Co | | 30 834 87 | 142 962 37 | | | | 112 127 50 | | 249 94 |
| 3/26/76 9/24/76 | 5/26/78 | 2000 | Federated Dept Stores | | 111 814 50 | 80 167 58 | | | | | 31 646 92 | 125 — |
| 5/18/54 6/19/74 | 5/26/78 | 1100 | General Motors Corp | | 29 120 25 | 67 058 35 | | | | 37 938 10 | | 18 75 |
| 7/11/76 7/21/76 | 5/26/78 | [illegible] | General Telephone & Electronics | | 73 920 00 | 79 842 64 | | | | 5 922 64 | | 175 — |
| 4/26/77 9/26/78 | 8/21/78 | 2000 | INT'L MINERALS & CHEMICAL CORP. | | 77 725 00 | 80 753 04 | 3 551 62 | | 50 00 | | 523 38 | 50 00 |
| 6/24/63 4/2/68 | 8/21/78 | 3200 | Sears Roebuck & Co. | | 72 659 10 | 76 156 81 | | | | 3 497 71 | | 160 00 |
| | | | | | 482 928 72 | 597 825 05 | 3 551 62 | | 50 00 | 159 485 95 | 48 141 24 | 953 69 |
| | | | | | | 482 928 72 | | | | 48 141 24 | | |
| | | | | | | 114 896 33 | 3 551 62 | | 50 — | 111 344 71 | | 953 69 |
| | | | Transfer Tax | | | | 50 — | | | 953 69 | | |
| | | | | | | | 3 601 62 | | | 112 298 40 | | |

FORM T. D. 3

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John O. Marriott Trust 8/19/60 YEAR Nov 1 - Dec 31 '78 PAGE

| DATE ACQUIRED | DATE SOLD | | SECURITY SOLD | N.Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (100%) PROFIT | SHORT TERM (100%) LOSS | N.Y. TRANSFER TAX | LONG TERM (100%) PROFIT | LONG TERM (100%) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/28/63 | 11/15/78 | 3600 | Standard Brands, Inc. | | 44 229 00 | 58 937 46 | | | | 14 708 46 | | 130 — |
| 11/25/53 | 11/3/78 | 1000 | Procter & Gamble Co. | | 8 414 61 | 83 015 83 | | | | 74 601 22 | | 50 — |
| 5/21/78 | 12/27/78 | 4000 | Int'l Tel & Tel Corp. | | 132 232 65 | 106 554 13 | | 25 678 52 | 200 — | | | |
| | | | | | 184 876 26 | 248 567 42 | | 25 678 52 | 200 — | 87 309 68 | | 180 — |
| | | | | | | 184 876 26 | | | | | | |
| | | | | | | 63 631 16 | | 25 678 52 | 200 — | 89 309 68 | | 180 — |
| | | | Transfer Tax | | | | | 200 — | | 180 — | | |
| | | | | | | | | 25 478 52 | | 89 489 68 | | |

COPY

THIS INDENTURE, made this 19th day of August, 1960, at Jersey City, in the State of New Jersey, between JOHN OAKES MARRIOTT, residing in London, England (hereinafter called the Settlor), party of the first part, and THEODORE C. RICHARDS, residing in East Orange, in said State of New Jersey, hereinafter called the "Trustee" or "Trustees"), party of the second part:

W I T N E S S E T H:

That the Settlor, in consideration of the covenants hereinafter contained, hereby assigns, transfers and sets over unto the Trustee the property described in the schedule hereto annexed and marked "Schedule A";

To have and to hold the said property unto the said Trustee, his successors and assigns, IN TRUST NEVERTHELESS, upon the following conditions and covenants, that is to say:

ARTICLE 1. -- The Trustee shall hold the same during the lifetimes of the Settlor and his father, SIR JOHN CHARLES OAKES MARRIOTT, and the survivor of them, and during the continuance of the Trust shall receive the income of said property and apply the net income as follows:

(a) As to one-half of the net income (or after the death of the Settlor, as to the whole of the net income) to apply the same to the use of SIR JOHN CHARLES OAKES MARRIOTT, the father of the Settlor, during his lifetime.

(b) As to one-half of the net income (or after the death of Sir John Charles Oakes Marriott, as to the whole of the net income), to apply the same to the use of the Settlor during his lifetime.

Upon the death of the survivor of the Settlor and his father, the trust shall terminate and the trust property then remaining with the Trustee shall be transferred and paid as follows: one-third to a widow of the Settlor then surviving and two-thirds (or if no widow of the Settlor is then surviving, the whole) to the issue of the Settlor then surviving, in equal shares per stirpes or in default of such issue then surviving to the issue then surviving of ADDIE WOLFF KAHN, grandmother of the Settlor, in equal shares per stirpes.

ARTICLE 2. -- The Trustee, in addition to and not in limitation of all common law and statutory authority, shall have power with regard to both real and personal property

in the trust fund and any part thereof or interest therein, to alter, to improve, to mortgage, to pledge, to lease (with or without option to renew or purchase), to exchange, to purchase and to sell at public or private sale for cash or upon credit, or for any other consideration, without approval of any court and without liability upon any person dealing with the Trustee to see to the application of any money or other property delivered to him; to lend and borrow money, with or without security, to or from any person or firm, association or corporation; to extend, with or without consideration, the time of payment or performance of any indebtedness, obligation or condition, in whole or in part; to consent, with or without consideration, to the payment or redemption of junior issues of corporate obligations or shares and to the payment of interest or dividends thereon, though senior issues be held by them and there be no payment or redemption in respect of such senior issues; to make investments and reinvestments in the obligations and stocks of governments, municipalities or other political entities and public or semi-public corporations, American or foreign, and in the shares, certificates of interest, warrants, obligations of any firm, association or trust, or of any American or foreign corporation, whether or no organized by him, and whether or no the whole or only a part of the issue, and to make any other investment although of a kind or in an amount not deemed a trust investment; to keep any or all stocks, shares, certificates, warrants, obligations or other property, real or personal, in the name of any person or corporation or in his own name without disclosing his fiduciary capacity; to determine what shall be charged or credited to income and what to principal and specifically, but without limitation, to make such determination in regard to shares of stock and cash dividends, rights and all other receipts in respect of the ownership of shares, certificates of interest or obligations and to purchase or retain shares, certificates of interest or obligations which pay dividends or interest in whole or in part otherwise than in cash and in his discretion to treat such dividends or interest in whole or in part as income; subject to the provisions of this Indenture, to determine who are the distributees hereunder and the proportions in which they shall take; to make distribution or divisions of principal hereunder in kind (though in unequal proportions or of different sorts) at values determined by him; to decide whether or no to make deductions from income for depreciation, obsolescence, amortization, depletion, exhaustion or waste and, if so, in what amount; to pay, compromise, contest or dispose of any claim or other matter directly or indirectly affecting the trust; to employ legal and investment counsel and to determine whether or no to act

upon their advice; to maintain an office or offices and to pay the expenses thereof and employ attorneys, secretaries, accountants and agents and to compensate them; and generally to do all things in relation to the trust, not in conflict with the provisions of this Indenture, which the Settlor could do if living and were the owner of the trust fund and if this deed of trust had not been executed.

ARTICLE 3. -- The Trustee shall have power to invest in real property, improved or unimproved, productive or unproductive, situate in America or elsewhere, or in any interest therein.

ARTICLE 4. -- The Trustee during the continuance of the trust shall have power, in his discretion, to apply to the use of the Settlor, any part of the principal of the trust fund, with or without obligation to make repayment of any sum so applied or to pay interest thereon.

ARTICLE 5. -- To the extent that the Trustee shall in his discretion decide to apply income or principal to the use of any beneficiary, he shall have discretion either to pay the same to the beneficiary in money, American or foreign or the equivalent or to satisfy obligations of the beneficiary or to furnish the beneficiary with the necessities, comforts and luxuries of life, and specifically but without limitation, with domestic, professional and other services and the use of real or personal property; and the Trustee shall have the power to expend such part of the principal or income of the trust fund as he may, in his discretion, see fit in the acquisition, improvement and upkeep of real or personal property in America or elsewhere for the use of a beneficiary and to pay out of income or principal all taxes and other governmental charges incident to the ownership and use of the same and also all costs of equipping, maintaining, staffing, supplying or victualing the same for the use of such beneficiary.

ARTICLE 6. -- In order to increase the number of Trustees hereunder to three, or whenever the number of Trustees hereunder shall be less than three whether by reason of death, resignation, incompetency, inability to act or otherwise, the existing Trustee or Trustees or a majority of them shall have power, in their discretion, from time to time to appoint by an instrument in writing, a Trustee or Trustees, provided, however, that at no time shall the number of Trustees hereunder be more than three. The Trustees or Trustee, as they shall exist at any time shall have all the powers of the Trustee originally named herein. The Trustees may act in all matters

by a majority vote and the decision, act or deed of the majority, shall be the decision, act or deed of all the Trustees. Any Trustee hereunder may resign by written instrument, acknowledged and delivered to a remaining Trustee, who shall notify the other remaining Trustee, or, if there be no other remaining Trustee, delivered or mailed to the last known address of the person who shall be the oldest then living issue of ADDIE WOLF KAHN, other than the issue of Maude E. Marriott (not a trustee hereunder) and twenty-one years of age.

ARTICLE 7. -- All acts and decisions of the Trustees done or made in good faith shall be conslusive on all parties in interest. No Trustee shall be liable except for his or her own wilful misconduct or bad faith.

ARTICLE 8. -- Any two of the issue of ADDIE WOLFF KAHN (other than the issue of Maud E. Marriott) as are at the time living and twenty-one years of age and otherwise competent and willing to act, shall have power to remove any Trustee hereunder (whether or no originally named herein), to appoint a new Trustee or Trustees whenever the number of Trustees hereunder competent to act and acting shall be less than three and shall have continued to be less than three for at least thirty days, to audit the accounts of the Trustees (interim or final) or the accounts of any retiring Trustee, to determine, compromise and settle the liabilities of whatsoever nature of any Trustee to the trust or of the trust to any Trustee and give discharges and indemnity. All acts and decisions of the issue of ADDIE WOLFF KAHN done or made in good faith, shall be conclusive upon all parties in interest, and none of such issue shall be liable, except for his or her own wilful misconduct or bad faith.

ARTICLE 9. -- No beneficiary hereunder shall have any legal or equitable estate, right, title or interest in or to the principal or income of the trust fund or any part thereof, but may enforce the performance of the trust. The rights and obligations of the parties and of all persons interested hereunder (including the Trustees' compensation), except as herein specifically provided for, shall be governed by the law of the State of New Jersey. If any provision of this Indenture be illegal, such provision shall be deemed eliminated and the remaining provisions shall be appropriately enforced.

The Trustee acknowledges receipt and delivery to him at Jersey City, in the State of New Jersey, of the property mentioned in the Schedule aforesaid and accepts and covenants

to perform the trust according to the conditions herein set forth.

IN WITNESS WHEREOF, the parties hereto have at Jersey City in the State of New Jersey hereunto set their hands and seals the day and year first above mentioned.

/s/ John O. Marriott (SEAL)

/s/ Theodore C. Richards (SEAL)

THIS INSTRUMENT was signed, sealed and delivered and an assignment of the property mentioned in Schedule A, hereto annexed, was delivered and accepted the day and year first above written at Jersey City in the State of New Jersey, in the presence of:

/s/ Elmer E. Hall

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the Settlor in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared THEODORE C. RICHARDS, who, I am satisfied, is the Trustee in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

## SCHEDULE A
## Principal of the Trust

All right, title and interest of the Settlor, JOHN OAKES MARRIOTT, as contingent remainderman in and to the trust under the will of his great-grandfather, Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees, and Maud E. Mariott is life beneficiary.

COPY

In consideration of one dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, I JOHN OAKES MARRIOTT, hereby assign, transfer and set over to THEODORE C. RICHARDS, as Trustee under an Indenture made and dated August 19th, 1960, between me as Settlor and said Richards as Trustee, and to his successors and assigns, all my right, title and interest as contingent remainderman in and to the trust under the will of my great-grandfather Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees and Maud E. Marriott is life beneficiary; and I hereby give to said Theodore C. Richards, as Trustee under said Indenture made August 19th, 1960, his successors and assigns, full power and authority for his or their use as such Trustees, and at his or their cost, to ask, demand, collect, receive, compound and give acquittance for the same or any part thereof, and in my name or otherwise to prosecute and withdraw any suits or proceedings at law and in equity therefor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of August, 1960.

Witness:

/s/ Elmer E. Hall

/s/ John O. Marriott (SEAL)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the assignor in the within assignment named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall

(Notarial Seal) Notary Public of New Jersey
My Commission Expires June 8, 1964