**EXHIBIT C**

07/06/2004 11:28 2127794136 BARRY STRAUSS ASSOC PAGE 01

Form **1041**
Department of the Treasury
Internal Revenue Service

# U.S. Fiduciary Income Tax Return

for the calendar year 1977 or fiscal year beginning ........, 1977, and ending ........, 19......

**1977**

Check applicable box(es):
- ☐ Estate ($600 exemption)
- ☐ Testamentary trust
- ☒ Inter vivos trust
- ☒ Simple trust ($300)
- ☐ Complex trust ($100)
- ☐ Complex trust ($300)
- ☐ Grantor type trust
- ☐ Family estate type trust
- ☐ Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instruction O.): JOHN OAKES MARRIOTT TRUST U/A 8/19/60

Name and title of fiduciary: EDGAR KOERNER ET AL TRUSTEES

Address of fiduciary (number and street): C/O LEHMAN BROTHERS KUHN LOEB INC, 1 WILLIAM ST

City, State, and ZIP code: NEW YORK N.Y. 10004

Employer identification number: 13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See Instruction V.):
- ☐ Described in section 4947(a)(1)
- ☐ Not treated as a private foundation by reason of sec. 509(a)(1), (2) or (3)
- ☐ Described in section 4947(a)(2)

First return? ☐ Yes ☒ No. If "No," has the fiduciary's address changed? ☒ Yes ☐ No. Final return? ☐ Yes ☒ No

| Section | Line | Description | No. | Amount | No. | Total |
|---|---|---|---|---|---|---|
| INCOME | 1 | Dividends (Enter full amount before exclusion) | 1 | 110,199.47 | | |
| | 2 | Interest | 2 | 10,801.44 | | |
| | 3 | Income from partnerships and other fiduciaries | 3 | | | |
| | 4 | Gross rents and royalties | 4 | | | |
| | 5 | Gross profit (loss) from trade or business | 5 | | | |
| | 6 | Capital gain or (loss) (Attach Schedule D (Form 1041)) | 6 | 73,874.70 | | |
| | 7 | Net gain or (loss) from line 9, Form 4797 (Attach Form 4797) | 7 | | | |
| | 8 | Other income (State nature of income) | 8 | | | |
| | 9 | Total income (lines 1 to 8, inclusive) | | | 9 | 194,875.61 |
| DEDUCTIONS | 10 | Interest | 10 | | | |
| | 11 | Taxes | 11 | | | |
| | 12 | Fiduciary's portion of depreciation (Schedule A) and depletion. Explain depletion | 12 | | | |
| | 13 | Charitable deduction (Schedule B, line 9) | 13 | | | |
| | 14 | Fiduciary fees | 14 | | | |
| | 15 | Attorney, accountant, and return preparer fees | 15 | | | |
| | 16 | Other deductions (Itemize on a separate sheet and attach) | 16 | 18,958.67 | | |
| | 17 | Total (lines 10 to 16, inclusive) | | | 17 | 18,958.67 |
| | 18 | Line 9 minus line 17 (Complex trusts and estates enter this amount in Schedule C, line 1 also) | | | 18 | 175,916.94 |
| | 19 | Deduction for distributions to beneficiaries | 19 | 102,042.24 | | |
| | 20 | Adjustment of dividend exclusion | 20 | | | |
| | 21 | Estate tax attributable to income in respect of a decedent (Fiduciary's share) | 21 | | | |
| | 22 | Long-term capital gain deduction. Enter 50% of Schedule D (Form 1041) line 17e | 22 | 36,937.35 | | |
| | 23 | Exemption (If final return, see General Instruction M.) | 23 | 300.00 | | |
| | 24 | Total (lines 19 to 23, inclusive) | | | 24 | 139,279.59 |
| | 25 | Taxable income of fiduciary (line 18 minus line 24) | | | 25 | 36,637.35 |
| COMPUTATION OF TAX | 26 | Tax on amount on line 25 (See tax rate schedule) | | | 26 | 14,760.54 |
| | 27 | If alternative tax is applicable, enter the tax from Schedule D (Form 1041) line 29 | | | 27 | |
| | 28 | Fiduciary's share of foreign tax credit (Attach Form 1116) | 28 | | | |
| | 29 | Fiduciary's share of investment credit (Attach Form 3468) | 29 | | | |
| | 30 | (a) WIN credit ........ (b) New jobs credit ........ (c) Total | 30 | | | |
| | 31 | Total (lines 28 to 30, inclusive) | | | 31 | |
| | 32 | Balance (line 26 or 27, whichever is applicable, less line 31) | | | 32 | 14,760.54 |
| | 33 | Tax from recomputing fiduciary's share of prior year investment credit (Attach Form 4255) | | | 33 | |
| | 34 | Minimum tax (Attach Form 4626) | | | 34 | 4,040.60 |
| | 35 | Total (lines 32 to 34, inclusive) | | | 35 | 18,801.14 |
| | 36 | Fiduciary's share of credit for tax paid at source on tax-free convenant bond interest | 36 | | | |
| | 37 | Credit for Federal tax on special fuels, nonhighway gas and lub. oil (Attach Form 4136) | 37 | | | |
| | 38 | Credit from regulated investment companies (Attach Form 2439) | 38 | | | |
| | 39 | Tax previously paid (See Instruction 39 and attach Form 2758) | 39 | | | |
| | 40 | Federal income tax withheld (Attach Form W-2) | 40 | | | |
| | 41 | Total (lines 36 to 40, inclusive) | | | 41 | |
| | 42 | Balance of tax due (line 35 less line 41) (See Instruction H.) | | | 42 | 18,801.14 |
| | 43 | Overpayment (line 41 less line 35) | | | 43 | |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

**Sign here** ▶ Edgar Koerner / S. George Liebman TRUSTEES — Signature of fiduciary or officer representing fiduciary — MAR 6 1978 Date

▶ James J. Carroll 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 — Signature of paid preparer (other than fiduciary) and identifying number (see instruction G) — LEHMAN BROS. KUHN LOEB INC. 1 WILLIAM ST., N.Y.C. 10004

Paid preparer's address (or employer's name, address, and identifying number) — I.D. # 13-2663322

## Schedule A.—DEPRECIATION—(See the Instructions for Schedule A for information on the depreciation methods.)

| a. Description of property | b. Date acquired | c. Cost or other basis | d. Depreciation allowed or allowable in prior years | e. Method of computing depreciation | f. Life or rate | g. Depreciation for this year |
|---|---|---|---|---|---|---|
| 1 Total additional first-year depreciation—estates only (do not include in items below) → | | | | | | |
| 2 Other depreciation: | | | | | | |
| | | | | | | |
| 3 Totals | | | | | | |
| 4 Less amount of depreciation claimed elsewhere on return | | | | | | |
| 5 Balance (line 3 minus line 4) | | | | | | |
| 6 Fiduciary's portion of line 5. Enter here and on page 1, line 12 | | | | | | |

## Schedule B.—CHARITABLE DEDUCTION—(Attach statement giving name and address of charitable organization.)

| | | | |
|---|---|---|---|
| 1 Amounts paid or permanently set aside for charitable purposes from current year's income | | | |
| 2 Tax-exempt interest allocable to charitable distribution | | | |
| (Complete lines 3 and 4 below only if gain on Schedule D (Form 1041) line 15, column 2, exceeds loss on Schedule D (Form 1041) line 14, column 2.) | | | |
| 3 a Long-term capital gain included on line 1 | | | |
| (Do not complete lines b and c if such amounts are greater than line a) | | | |
| b Enter gain on Schedule D (Form 1041) line 15, column 2, minus loss on Schedule D (Form 1041) line 14, column 2 | | | |
| c Enter gain on Schedule D (Form 1041) line 15, column 3, minus loss on Schedule D (Form 1041) line 14, column 3 | | | |
| 4 Enter 50% of the smallest of line 3a, line 3b, or line 3c (See instructions.) | | | |
| 5 Enter sum of line 2 and line 4 | | | |
| 6 Balance (line 1 minus line 5) | | | |
| 7 Enter short-term capital gains and 50% of the long-term capital gains of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes | | | |
| 8 Amounts paid or permanently set aside for charitable purposes other than from income of the current year | | | |
| 9 Total (line 6 plus lines 7 and 8). Enter here and on page 1, line 13 | | | |

## Schedule C.—DISTRIBUTABLE NET INCOME AND DISTRIBUTIONS DEDUCTION

| | | |
|---|---|---|
| 1 Enter amount from page 1, line 18 | 1 | 175,916.94 |
| 2 Add: a Tax-exempt interest (as adjusted) | 2a | |
| b Net gain shown on Schedule D (Form 1041) line 16, column 1. If net loss, enter zero | b | |
| c Schedule B, lines 4 and 7 | c | |
| d Short-term capital gain included on Schedule B, line 1 | d | |
| e If amount on page 1, line 6, is a loss, enter amount here as a positive figure | e | |
| 3 Total (line 1 through line 2e) | 3 | 175,916.94 |
| 4 If amount on page 1, line 6, is a gain, enter amount here | 4 | 73874.70 |
| 5 Distributable net income (line 3 minus line 4) | 5 | 10204224 |
| 6 Amount of income required to be distributed currently | 6 | 102,042.24 |
| 7 Other amounts paid, credited, or otherwise required to be distributed | 7 | |
| 8 Total (lines 6 and 7) | 8 | 102,042.24 |
| 9 Enter the total of tax-exempt income included on lines 6 and 7 (as adjusted) | 9 | |
| 10 Balance (line 8 minus line 9) | 10 | 102,042.24 |
| 11 Enter distributable net income (line 5, above) | 11 | 102,042.24 |
| 12 Enter the amount from line 2a, above | 12 | |
| 13 Balance (line 11 minus line 12) | 13 | 102,042.24 |
| 14 Distributions deduction. Enter here and on page 1, line 19, the lesser of line 10 or line 13 above | 14 | 102,042.24 |

| | Yes | No |
|---|---|---|
| 1 Date trust was created or, if an estate, date of decedent's death. 8/19/60 | | |
| 2 Did you receive tax-exempt income? | | X |
| If "Yes," did you deduct any expenses allocable to it? | | |
| 3 If the estate or trust received income from a nominee, state name, identifying number, and address of nominee ▶ KUHN LOEB & CO. INC | | |
| 4 If a complex trust, is this a section 663(b) election? | | |
| If "Yes," state amount ▶ | | |
| 5 If a trust, is any section 644 tax due? | | X |
| If "Yes," state amount ▶ and attach computation. | | |
| 6 Does the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? | | X |
| 7 Have you deducted on this return any amount paid directly or indirectly for the benefit of the grantor or spouse? | | X |
| 8 Did the estate or trust, at any time during the taxable year, have any interest in or signature or other authority over a bank, securities, or other financial account in a foreign country (except in a U.S. military banking facility operated by a U.S. financial institution)? If "Yes," see the instructions for questions 8 and 9 | | X |
| 9 Was the estate or trust the grantor of, or transferor to, a foreign trust during any taxable year, which foreign trust was in being during the current taxable year, whether or not the estate or trust has any beneficial interest in such trust? If "Yes," you may be required to file Forms 3520, 3520-A, or 926 | | X |

JOHN OAKES MARRIOTT TRUST U/A 8/19/60
ID # 13-602 8390

1977 DEDUCTIONS

| | |
|---|---|
| INVESTMENT ADVISORY FEES | $ 11,650.71 |
| TRUSTEES' COMMISSIONS | 7,307.96 |
| | $ 18,958.67 |

**SCHEDULE K–1 (Form 1041)**
Department of the Treasury
Internal Revenue Service

# Beneficiary's Share of Income, Deductions, Credits, etc.—1977

for the calendar year 1977, or fiscal year

beginning ........................, 1977, ending ........................, 19.....

(Complete for each beneficiary—see instructions on back of Copy C and the instructions for Form 1041)

**Copy C**
For Fiduciary

| | (a) Allocable share item | (b) Amount | (c) Form 1040 filers enter column (b) amount as indicated below |
|---|---|---|---|
| 1 | Dividends (amount before exclusion) | 92,053.27 | Schedule B, Part II, line 3 |
| 2 | Short-term capital gain | | Schedule D, line 2 |
| 3 | Long-term capital gain | | Schedule D, line 9 |
| 4 a | Other taxable income (itemize) CORP. INT | 7760.74 | |
| b | U.S. INT. | 2248.23 | |
| c | Total of lines 4a and 4b | 10 008.97 | |
| d | Depreciation and depletion (See Sch. A (1041) instrs.) | | |
| e | Amortization deductions (itemize) (See 1041 instr. 16.) | | |
| f | | | |
| g | Total of lines 4d, 4e and 4f | | |
| h | Line 4c minus line 4g | 10 008.97 | Schedule E, Part III |
| 5 | Foreign taxes | | Form 1116 or Schedule A (Form 1040), line 16 |
| 6 a | Other (itemize) | | Enter on applicable line of appropriate tax form |
| b | | | Enter on applicable line of appropriate tax form |
| Tax Preference Items 7 | Long-term capital gain | | See Form 4625 instructions |
| 8 | Depreciation (real property) | | Form 4625, line 1(b) (2) |
| 9 | Depletion | | Form 4625, line 1(j) |
| 10 a | Other (itemize) | | Enter on applicable line of Form 4625 |
| b | | | Enter on applicable line of Form 4625 |

Name, identifying number, and address (including ZIP code) of beneficiary
JOHN OAKES MARRIOTT (N.R.A.)
12 WILTON CRESCENT
LONDON S.W. 1 ENGLAND

Name and employer identification number of estate or trust and name and address (including ZIP code) of fiduciary 13-6023340
JOHN OAKES MARRIOTT U/A 8/14/60
EDGAR KOERNER ET AL TRUSTEES
C/O LEHMAN BROS KUHN LOEB INC
1 WILLIAM ST, NEW YORK N.Y. 100[illegible]

SCHEDULE D (Form 1041) Department of the Treasury Internal Revenue Service

# Capital Gains and Losses

For the calendar year 1977, or fiscal year beginning ........, 1977, ending ........, 19....

**1977**

Name of estate or trust: JOHN OAKES MARRIOTT TRUST U/A 8/19/60

Employer identification number: 13-6028390

## Part I Short-term Capital Gains and Losses—Assets Held Not More Than 9 Months

| | a. Kind of property and description (Example, 100 shares of "Z" Co.) | b. Date acquired (mo., day, yr.) | c. Date sold (mo., day, yr.) | d. Gross sales price | e. Cost or other basis, as adjusted, and expense of sale | f. Gain or (loss) (d less e) |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

| | | | |
|---|---|---|---|
| 2 | Enter net short-term gain or (loss) from partnerships and other fiduciaries | 2 | |
| 3 | Net gain or (loss), combine lines 1 and 2 | 3 | |
| 4 | Short-term capital loss carryover (Attach computation) | 4 | ( ) |
| 5 | Net short-term gain or (loss), combine lines 3 and 4. Enter here and on line 14 below | 5 | |

## Part II Long-term Capital Gains and Losses—Assets Held More Than 9 Months

| | a. | b. | c. | d. | e. | f. |
|---|---|---|---|---|---|---|
| 6 | SCHEDULE ATTACHED | | | | | 738747.70 |

| | | | |
|---|---|---|---|
| 7 | Capital gain dividends | 7 | |
| 8 | Enter gain, if applicable, from Form 4797 line 4(a)(1) | 8 | |
| 9 | Enter net long-term gain or (loss) from partnerships and other fiduciaries | 9 | |
| 10 | Enter net long-term gain from small business corporations (subchapter S) | 10 | |
| 11 | Net gain or (loss), combine lines 6 through 10 | 11 | 738747.70 |
| 12 | Long-term capital loss carryover (Attach computation) | 12 | ( ) |
| 13 | Net long-term gain or (loss), combine lines 11 and 12. Enter here and on line 15 below | 13 | 738747.70 |

## Part III Summary of Parts I and II

| | | 1. Beneficiaries | 2. Fiduciary | 3. Total |
|---|---|---|---|---|
| 14 | Net short-term gain or (loss) from line 5, above | | | |
| 15 | Net long-term gain or (loss) from line 13, above | | 738747.70 | 738747.70 |
| 16 | Total net gain or (loss) | | 738747.70 | 738747.70 |

Enter on Form 1041, page 1, line 6, the net gain shown on line 16, column 3, above. If net (loss) on line 16, column 3, above, enter as (loss) on Form 1041, page 1, line 6, the amount computed on line 18b.

## Computation of Capital Gains Deduction

| | | | |
|---|---|---|---|
| 17 a | Long-term capital gain shown on line 15, column 3, above | 17a | 738747.70 |
| b | Short-term capital loss shown on line 14, column 3, above | 17b | ( ) |
| c | Excess of line 17a over line 17b, above | 17c | 738747.70 |
| d | Long-term capital gains taxable to beneficiaries. (Total of line 3 amounts from all separate Schedules K-1 (Form 1041)) | 17d | |
| e | Balance (line 17c minus line 17d). (Enter 50% of this amount on Form 1041, page 1, line 22) | 17e | 738747.70 |

## Computation of Capital Loss Limitation

18 Attach a computation if losses are shown on both lines 12 and 13 which are the result of a long-term capital loss carryover from years beginning before 1970, enter the amount on line 18a and note "Computation attached." Otherwise,

a Enter one of the following amounts:
- *i* If amount on line 14, column 3 is zero or a net gain, enter 50% of amount on line 16, column 3;
- *ii* If amount on line 15, column 3 is zero or a net gain, enter amount on line 16, column 3; or,
- *iii* If amounts on line 14, column 3 and line 15, column 3 are net losses, enter amount on line 14, column 3 added to 50% of amount on line 15, column 3 ........ 18a

b Enter here and enter as a (loss) on Form 1041, page 1, line 6, the smallest of:
- *i* The amount on line 18a;
- *ii* $2,000; or,
- *iii* Taxable income computed without regard to capital gains and losses and the deduction for exemption ........ 18b ( )

*Note: Enter the capital loss carryover to 1978:*

| | Pre 1970 | Post 1969 |
|---|---|---|
| Short-term | | |
| Long-term | | |

Schedule D (Form 1041) 1977 Page 2

## Part IV. Computation of Alternative Tax

If you had a net long-term capital gain or an excess of net long-term capital gain over net short-term capital loss shown in line 16, column 2, and Form 1041, page 1, line 25, exceeds $25,000, it may be to your advantage to make the alternative tax computation.

| | | |
|---|---|---|
| 19 Enter amount from Form 1041, page 1, line 25 | 19 | 36,637.35 |
| 20 Enter 50% of amount on line 17e | 20 | 36,937.35 |
| 21 Subtract amount on line 20 from amount on line 19 (but not less than zero)<br>If amount on line 20 does not exceed $25,000, omit lines 22 through 26. | 21 | |
| 22 Enter $25,000 | 22 | |
| 23 Add amounts on lines 21 and 22 | 23 | |
| 24 Tax on the amount on line 19 or 20, whichever is greater (Use Tax Rate Schedule in Instructions for Form 1041) | 24 | |
| 25 Tax on the amount on line 23 (Use Tax Rate Schedule in Instructions for Form 1041.) | 25 | |
| 26 Subtract amount on line 25 from amount on line 24 | 26 | |
| 27 Tax on the amount on line 21 (Use Tax Rate Schedule in Instructions for Form 1041.) | 27 | |
| 28 Enter 50% of amount on line 20 but not more than $12,500 | 28 | |
| 29 Add amounts on lines 26 (if applicable), 27, and 28. If less than Form 1041, page 1, line 26, enter this amount on Form 1041, page 1, line 27 | 29 | |

☆ U.S. GOVERNMENT PRINTING OFFICE: 1977—O-235-080 58-040-1110

John Oakes Marriott 1960 Trust
I.D.#13-6029390

CARRY OVER
FEDERAL —
NEW YORK

## CAPITAL GAINS AND LOSSES FOR YEAR ENDING DECEMBER 31, 1977

| PAR VALUE OR NO. SHS. | DESCRIPTION | DATE ACQUIRED | DATE SOLD 1977 | AMOUNT REALIZED | COST BASIS | PROFIT OR LOSS | PROFIT OR LOSS MORE THAN 9 MONTHS | PROFIT OR LOSS LESS THAN 9 MONTHS |
|---|---|---|---|---|---|---|---|---|
| 1,200 shs. | Eli Lilly & Co. | 9-26-63 | 4-26 | 46 003 46 | 12 896 28 | 33 107 18 | 33 107 18 | |
| 1,600 " | International Paper Co | 6-6-75<br>6-16-75 | 9-26 | 68 861 88 | 76 291 20 | (7 429 32) | (7 429 32) | |
| 1,700 " | J.P. Morgan & Co. | 6-11-76<br>9-24-76 | 12-8 | 73 358 49 | 97 801 00 | (24 442 51) | (24 442 51) | |
| 1,400 " | Proctor & Gamble Co. | 11-25-53 | 12-8 | 116 244 21 | 11 797 98 | 104 446 23 | 104 446 23 | |
| 2,000 " | Bethlehem Steel Corp. | 6-30-75 | 12-8 | 40 903 12 | 72 710 00 | (31 806 88) | (31 806 88) | |
| | | | | 345 371 16 | 271 496 46 | 73 874 70 | 73 874 70 | |

Form **4626**
Department of the Treasury
Internal Revenue Service

# Computation of Minimum Tax

(In general, this form is to be filed if the items of tax preference exceed $10,000. Exceptions pertain to certain members of a controlled group and certain estates and trusts—see instructions.)
▶ Attach to your tax return.

**1977**

For Corporations and Fiduciaries.—To be attached to Forms 1120, 1120F, 1120L, 1120M, 1120S, 1041, and 990–T.

| Name as shown on tax return | Employer identification number |
|---|---|
| JOHN OAKES MARRIOTT TRUST U/A 8/19/60 | 13-6028390 |

**Schedule A** Financial institutions to which section 585 and 593 applies, should complete only lines 1(a) through (l) and line 2. OMIT the rest of Schedule A and complete Schedule B

| | |
|---|---|
| 1 Tax preferences: | |
| (a) Accelerated depreciation on real property— | |
| (1) Low-income rental housing under section 167(k) | |
| (2) Other real property | |
| (b) Accelerated depreciation on leased personal property (applies only to estates or trusts, an electing small business corporation and a personal holding company) | |
| (c) Amortization of certified pollution control facilities | |
| (d) Amortization of railroad rolling stock | |
| (e) Amortization of on-the-job training facilities | |
| (f) Amortization of child care facilities | |
| (g) Stock options (not applicable to corporations) | |
| (h) Reserves for losses on bad debts of financial institutions | |
| (i) Depletion | |
| (j) Capital gains | 36,937.35 |
| (k) Adjusted itemized deductions (applies only to estates or trusts) | |
| (l) Intangible drilling costs (applies only to estates or trusts, an electing small business corporation and a personal holding company) | |
| 2 Total items of tax preference—Add lines 1(a) through 1(l) | 36,937.35 |
| 3 Enter $10,000 exclusion (estates, trusts, and controlled groups—see Specific Instructions) | 10,000.00 |
| 4 (a) Enter regular tax deduction (see Specific Instructions) | 7,380.27 |
| (b) Corporations (excluding an electing small business corporation and a personal holding company) with income from timber enter, if applicable, the tax carryover (attach computation—see Specific Instructions) | |
| (c) Add lines 4(a) and 4(b) | 7,380.27 |
| 5 Enter greater of line 3 or 4(c) | 10,000.00 |
| 6 Line 2 less line 5 | 26,937.35 |
| 7 Enter 15% of line 6 | 4,040.60 |
| 8 Amount of net operating loss for 1977 remaining as a carryover to a succeeding year (attach computation) | |
| 9 Deferred minimum tax—Enter the lesser of line 8 multiplied by 15%, or line 7 | |
| 10 Line 7 less line 9 | 4,040.60 |
| 11 Enter minimum tax deferred from prior year(s) until this year (see Specific Instructions) | |
| 12 Add lines 10 and 11. This is the total minimum tax for taxpayers other than financial institutions to which section 585 or 593 applies. Enter the tax on the appropriate line of the income tax return (Ignore Schedule B on page 2) | 4,040.60 |

Form **1041** Department of the Treasury Internal Revenue Service

# U.S. Fiduciary Income Tax Retur

for the calendar year 1978 or fiscal year beginning ............, 1978, and ending ............, 19 ....

**1978**

Check applicable box(es):
- ☐ Estate ($600 exemption)
- ☐ Testamentary trust
- ☒ Inter vivos trust
- ☒ Simple trust ($300)
- ☐ Complex trust ($100)
- ☐ Complex trust ($300)
- ☐ Grantor type trust
- ☐ Family estate type trust
- ☐ Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instruction J.): JOHN OAKES MARRIOTT TRUST U/A 8/19/60

Name and title of fiduciary: EDGAR KOERNER ETAL TRUSTEES

Address of fiduciary (number and street): C/O LEHMAN BROTHERS KUHN LOEB INC.

City, State, and ZIP code: 1 WILLIAM STREET NEW YORK, NEW YORK 10004

Employer identification number: 13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See instruction Q.):
- ☐ Described in section 4947(a)(1)
- ☐ Not treated as a private foundation by reason of sec. 509(a)(1), (2) or (3)
- ☐ Described in section 4947(a)(2)

Has the fiduciary's name and/or address changed? ☐ Yes ☒ No. Final return? ☐ Yes ☒ No.

| | Line | Description | Line | Amount | Line | Total |
|---|---|---|---|---|---|---|
| Income | 1 | Dividends (Enter full amount before exclusion) (Attach schedule if over $400) | 1 | 97 818 | | |
| | 2 | Interest (Attach schedule if over $400) | 2 | 37 654 | | |
| | 3 | Income from partnerships and name and E.I. No. | 3 | | | |
| | 4 | Income from other estates and trusts and name and E.I. No. | 4 | | | |
| | 5 | Gross rents and royalties (Attach schedule if over $400) | 5 | | | |
| | 6 | Net business and farm income or (loss) (Attach Schedules C and F (Form 1040)) | 6 | | | |
| | 7 | Capital gain or (loss) (Attach Schedule D (Form 1041)) | 7 | 179911 | | |
| | 8 | Ordinary gain or (loss) (Attach Form 4797) | 8 | | | |
| | 9 | Other income (Attach schedule of income and list by payer if over $400) | 9 | | | |
| | 10 | Total income (add lines 1 to 9, inclusive) | | | 10 | 315383 |
| Deductions | 11 | Interest | 11 | | | |
| | 12 | Taxes | 12 | 3106 | | |
| | 13 | Fiduciary's portion of depreciation (Schedule A) and depletion. Explain depletion | 13 | | | |
| | 14 | Charitable deduction (from line 56) | 14 | | | |
| | 15 | Fiduciary fees | 15 | | | |
| | 16 | Attorney, accountant, and return preparer fees | 16 | 800 | | |
| | 17 | Other deductions (List on a separate sheet and attach) | 17 | 18296 | | |
| | 18 | Total (add lines 11 to 17, inclusive) | | | 18 | 22 202 |
| | 19 | Subtract line 18 from line 10 (Complex trusts and estates enter this amount on line 57; simple trusts, see instr. O.) | | | 19 | 293181 |
| | 20 | Distributions deduction (from line 70) (Attach Schedule K–1 (Form 1041)) | 20 | 115,270 | | |
| | 21 | Adjustment of dividend exclusion | 21 | | | |
| | 22 | Estate tax deduction (Attach computation) | 22 | | | |
| | 23 | Long-term capital gain deduction from Schedule D (Form 1041) | 23 | 96357 | | |
| | 24 | Exemption (If final return, see instruction M.) | 24 | 300 | | |
| | 25 | Total (add lines 20 to 24, inclusive) | | | 25 | 209927 |
| | 26 | Taxable income of fiduciary (subtract line 25 from line 19) | | | 26 | 83254 |
| Computation of Tax | 27 | Tax on amount on line 26 (See tax rate schedule) | | | 27 | 44003 |
| | 28 | If alternative tax is applicable, enter the tax from Schedule D (Form 1041) | | | 28 | |
| | 29 | Fiduciary's share of foreign tax credit (Attach Form 1116) | 29 | | | |
| | 30 | Fiduciary's share of investment credit (Attach Form 3468) | 30 | | | |
| | 31 | a WIN credit ▶ ; b Jobs credit ▶ ; c Total ▶ | 31 | | | |
| | 32 | Total (add lines 29 to 31, inclusive) | | | 32 | |
| | 33 | Balance (subtract line 32 from 27 or 28, whichever is applicable) | | | 33 | 44003 |
| | 34 | Tax from recomputing fiduciary's share of prior year investment credit (Attach Form 4255) | | | 34 | |
| | 35 | Minimum tax (Attach Form 4626) | | | 35 | 11153 |
| | 36 | Total (add lines 33 to 35, inclusive) | | | 36 | 55156 |
| | 37 | Other credits; see instruction 37 | 37 | | | |
| | 38 | Federal income tax: a Previously paid ▶ ; b Withheld ▶ ; c Total ▶ | 38 | | | |
| | 39 | Total (add lines 37 and 38) | | | 39 | |
| | 40 | Balance of tax due (subtract line 39 from line 36) (See instruction H.) | | | 40 | 55156 |
| | 41 | Overpayment (subtract line 36 from line 39) | | | 41 | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

▶ Signature of fiduciary or officer representing fiduciary TRUSTEE Date

**Paid Preparer's Information**

Preparer's signature ▶ | Preparer's social security no. | Check if self-employed ▶ ☐

Firm's name (or yours, if self-employed), address and ZIP code ▶ LEHMAN BROTHERS KUHN LOEB INC. 55 WATER ST., N.Y.C. 10041 ID 13-2553622 | E.I. No. ▶ | Date ▶

23-188-5979

JOHN OAKES MARRIOTT TRUST U/A 8/19/60
ID # 13-6028390

1978 OTHER DEDUCTIONS

| | |
|---|---|
| INVESTMENT ADVISORY FEES | $11,036.00 |
| TRUSTEES' COMMISSIONS | 7,260.00 |
| | $18,296.00 |

All DIVIDENDS AND INTEREST Collected By LEHMAN BROTHERS KUHN LOEB INC. (ID# 13-2663822)

| | DIVIDEND | INTEREST |
|---|---|---|
| Collected ACCT. L48-6004302 | 5,086 | 4,427 |
| Collected in ACCT L03-9650122 | 92,732 | 33,227 |
| TOTALS | $97,818 | 37,654 |

FORM T. D. 2

Under sec. 307 (B), 1934 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John D. Marriott Trust 9/19/60 YEAR 1978 PAGE 1

CO 9/10-31-78

| DATE ACQUIRED | DATE SOLD | | SECURITY SOLD | N.Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (1001) PROFIT | SHORT TERM (1001) LOSS | N.Y. TRANSFER TAX | LONG TERM (1002) PROFIT | LONG TERM (1002) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/17/76 | 3/10/78 | 2000 | ALLIED CHEMICAL Corp | | 86 855 - | 70 884 06 | | | | | 15 970 94 | 125 - |
| 4/29/63 | 4/7-14/78 | 3999 | Becton, Dickinson & Co | | 30 834 87 | 142 962 37 | | | | 112 127 50 | | 249 94 |
| 3/26/76 9/24/76 | 5/26/78 | 2000 | Federated Dept. Stores | | 111 814 50 | 80 167 58 | | | | | 31 646 92 | 125 - |
| 5/18/54 2/14/74 | 5/26/78 | 1100 | General Motors Corp | | 29 120 25 | 67 058 35 | | | | 37 938 10 | | 68 75 |
| 7/11/76 8/24/76 | 5/26/78 | [illegible] | General Telephone & Electronics | | 73 920 00 | 79 842 64 | | | | 5 922 64 | | 125 - |
| 4/26/77 9/26/78 | 8/21/78 | 2000 | INT'L MINERALS & CHEMICAL CORP. | | 77 725 00 | 80 753 04 | 3 551 62 | | 50 00 | | 523 38 | 50 00 |
| 6/29/53 11/2/68 | 8/21/78 | 3200 | Sears Roebuck & Co. | | 72 659 10 | 76 156 81 | | | | 3 497 71 | | 160 00 |
| | | | | | 482 928 72 | 597 825 05 | 3 551 62 | | 50 00 | 159 485 95 | 48 141 24 | 953 69 |
| | | | | | | 482 928 72 | | | | 48 141 24 | | |
| | | | | | | 114 896 33 | 3 551 62 | | 50 - | 111 344 71 | | 953 69 |
| | | | Transfer Tax | | | | 50 - | | | 953 69 | | |
| | | | | | | | 3 601 62 | | | 112 298 40 | | |

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

FORM T. D. 3

## ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John O. Marriott Trust 8/19/60 YEAR Nov 1- Dec 31 '78 PAGE

| DATE ACQUIRED | DATE SOLD | | SECURITY SOLD | N. Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (1001) PROFIT | SHORT TERM (1001) LOSS | N.Y. TRANSFER TAX | LONG TERM (1001) PROFIT | LONG TERM (1001) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/28/63 | 11/15/78 | 3600 | Standard Brands, Inc. | | 44,229.00 | 58,937.46 | | | | 14,708.46 | | 130.– |
| 11/25/53 | 8/1/78 | 1000 | Procter & Gamble Co. | | 8,414.61 | 83,015.83 | | | | 74,601.22 | | 50.– |
| 5/21/78 | 12/21/78 | 4000 | Int'l Tel & Tel Corp. | | 132,232.65 | 106,554.13 | | 25,678.52 | 200.– | | | |
| | | | | | 184,876.26 | 248,567.42 | | 25,678.52 | 200.– | 87,309.68 | | 180.– |
| | | | | | | 184,876.26 | | | | | | |
| | | | | | | 63,631.16 | | 25,678.52 | 200.– | 89,309.68 | | 180.– |
| | | | Transfer Tax | | | | | 200.– | | 180.– | | |
| | | | | | | | | 25,478.52 | | 89,489.68 | | |

**SCHEDULE K-1 (Form 1041)**
Department of the Treasury
Internal Revenue Service

# Beneficiary's Share of Income, Deductions, Credits, etc. — 1978

for the calendar year 1978, or fiscal year beginning ............, 1978, ending ............, 19....

**Copy C For Fiduciary**

Beneficiary's identifying number ▶

Beneficiary's name, address, and ZIP code N.R.A.

John Oakes Marriott
12 Wilton Crescent
London SW1 England

Estate or trust's employer identification number ▶ 13-6028390

Fiduciary's name, address and ZIP code

John Oakes Marriott Trust u/a 8/19/60
Edgar Koerner, Et Al, Trustees
c/o Lehman Brothers Kuhn Loeb Incorporated
1 William Street, New York, New York 10004

| a. Allocable share item | b. Amount | c. Form 1040 filers enter column b amounts as indicated below |
|---|---|---|
| 1 Dividends (amount before exclusion) | 80,701 | Schedule B, Part II, line 3 |
| 2 Net short-term capital gain (a) Total for year | | Schedule D, line 2, column f |
| (b) After 10/31/78 | | Schedule D, line 2, column g |
| 3 Net long-term capital gain (a) Total for year | | Schedule D, line 9, column f |
| (b) After 10/31/78 | | Schedule D, line 9, column g |
| 4 Other taxable income (itemize): | | |
| (a) (1) Interest | 32,569 | |
| (2) | | |
| (b) Total of lines 4(a)(1) and (2) | 32,569 | |
| (c) Depreciation and depletion (see Schedule A (Form 1041) instructions) | | |
| (d) Amortization deductions (see Form 1041 instruction 17) (itemize): (1) | | |
| (2) | | |
| (e) Total of lines 4(c), 4(d)(1) and 4(d)(2) | | |
| (f) Line 4(b) minus line 4(e) | 32,569 | Schedule E, Part III |
| 5 Estate tax deduction (see Form 1041 instruction L) | | Schedule A, line 16 |
| 6 Excess deductions on termination (see Form 1041 instruction M) | | Schedule A, line 31 |
| 7 Tax preference items: | | |
| (a) Accelerated depreciation on: | | |
| (1) Low-income rental housing | | Form 4625, line 1(b)(1) |
| (2) Other real property | | Form 4625, line 1(b)(2) |
| (3) Personal property subject to a lease | | Form 4625, line 1(c) |
| (b) Depletion | | Form 4625, line 1(j) |
| (c) Other (itemize): (1) | | Enter on applicable line of Form 4625 |
| (2) | | Enter on applicable line of Form 4625 |
| 8 Foreign taxes | | Form 1116 or Schedule A (Form 1040), line 16 |
| 9 Property qualified for investment credit: | | |
| Basis of new investment property (a) 3 or more but less than 5 years | | Form 3468, line 1(a) |
| (b) 5 or more but less than 7 years | | Form 3468, line 1(b) |
| (c) 7 or more years | | Form 3468, line 1(c) |
| Qualified progress expenditures (d) 7 or more years 1974, 1975, 1976 and 1977 | | Form 3468, line 1(d) |
| (e) 7 or more years 1978 | | Form 3468, line 1(e) |
| Cost of used investment property (f) 3 or more but less than 5 years | | Form 3468, line 1(f) |
| (g) 5 or more but less than 7 years | | Form 3468, line 1(g) |
| (h) 7 or more years | | Form 3468, line 1(h) |

10 Property used in recomputing a prior year investment credit (enter in corresponding column of Form 4255):

| | (1) Description of property (also state whether new or used) | (2) Date placed in service | (3) Cost or basis | (4) Estimated useful life | (5) Applicable percentage | (6) Original qualified investment (column 3 x column 5) | (8) Date item ceased to be investment credit property | (9) Period actually used | (10) Applicable percentage | (11) Qualified investment (column 3 x column 10) |
|---|---|---|---|---|---|---|---|---|---|---|
| A | | | | | | | | | | |
| B | | | | | | | | | | |
| C | | | | | | | | | | |
| D | | | | | | | | | | |
| E | | | | | | | | | | |
| F | | | | | | | | | | |
| G | | | | | | | | | | |

*(If more space is needed, attach additional sheets of same size.)*

| 11 Accumulation distribution items from: | Column (a) | Column (b) | Column (c) |
|---|---|---|---|
| Schedule J (Form 1041), line 34 for year 19...... | | | |
| Schedule J (Form 1041), line 35 for year 19...... | | | |
| Schedule J (Form 1041), line 36 for year 19...... | | | |
| Schedule J (Form 1041), line 37 for year 19...... | | | |
| Schedule J (Form 1041), line 38 for year 19...... | | | |
| Schedule J (Form 1041), line 39 total of lines 34 through 38 . | | | |
| 12 Other (itemize): (a) | | (Enter on applicable line of appropriate tax form) | |
| (b) | | | |
| (c) | | | |
| (d) | | | |
| (e) | | | |
| (f) | | | |
| (g) | | | |

## Instructions for Fiduciary

Complete Schedule K–1 (Form 1041) for each beneficiary and file Copy A with Form 1041. You may give Copy B to the beneficiary. You may keep Copy C for your records. If you need more space, attach additional sheets of the same size. For "Privacy Act" notice, see the Instructions for Form 1040.

If no special computations are required, use the following instructions to compute the beneficiary's income from the estate or trust. In other cases, see sections 652, 662, and 663 of the Internal Revenue Code and related regulations. For example, different computations are required if capital gains and losses or a charitable deduction are involved. In addition, the terms of the governing instrument or local law may require different computations. The instructions for Form 1041 contain numerous references to amounts to be entered on the various lines of Schedule K–1 (Form 1041). For example, the instructions for Form 1041, Schedule A, Depreciation, includes the apportionment rule for depreciation and a reference to Schedule K–1 (Form 1041) line 4c for the depreciation which is deductible by the beneficiary rather than the fiduciary.

**Income.**—The beneficiary must include in gross income the smaller of (1) the amounts paid, credited or required to be distributed, or (2) the proportionate share of distributable net income, reduced in either case by the share of distributable tax-exempt income less the allocable expense not allowable as a deduction on page 1 of Form 1041.

**Character of Income.**—The beneficiary's income shall be deemed to consist of the same proportion of each class of items entering into the computation of distributable net income as the total of each class bears to the distributable net income.

**Allocation of Deductions.**—Allocate the items of deduction which enter into the computation of distributable net income among the items of distributable net income as follows. Deductions attributable to one class of income are to be deducted from that income. Deductions not attributable to one class of income may be deducted from any class, except that a reasonable portion must be deducted from tax-exempt income. Except for deductions allocable to tax-exempt income, excess deductions allocable to one class of income may be allocated to other classes. None of the deductions in the computation of distributable net income may be allocated to items attributable to corpus or to income not included in distributable net income. Except for the final year (see instruction M) and for depreciation or depletion allocations in excess of income (see Rev. Rul. 74–530), no negative amounts may be shown for any class of income since as a general rule the beneficiary may not claim losses or deductions of the estate or trust.

**Gifts and Bequests.**—Do not include in the beneficiary's income gifts or bequests of a specific sum of money or of specific property under the terms of the governing instrument which are paid or credited in three installments or less. Amounts which can be paid or credited only from income of the estate or trust do not qualify as a gift or bequest of a specific sum of money.

**Past Years.**—Do not include in the beneficiary's income amounts deducted in Form 1041 for an earlier year which were credited or required to be distributed in that earlier year.

**Penalty for Not Providing a Taxpayer Identification Number.**—As a payer of income, you are required under section 6109 of the Internal Revenue Code to request and provide a proper identifying number for each recipient of income. This number must be placed on all Schedules K–1 or on an approved substitute when your return is filed. Payees, individual and business, are responsible for providing you with their respective taxpayer identification number upon request.

Under section 6676 of the Internal Revenue Code a $5 penalty will be charged the payer for each failure to provide a required identifying number, unless reasonable cause is established for not providing it. If reasonable cause exists, please explain in an attached signed affidavit.

**Substitute Forms.**—If you wish to file a substitute form, the line items on the substitute form should agree with the line items on Schedule K–1 (Form 1041). You may apply for prior approval of a substitute form by writing to: Internal Revenue Service, 1111 Constitution Avenue, NW., Washington, DC, 20224, Attention: TX:R:IM.

**SCHEDULE D (Form 1041)**
Department of the Treasury
Internal Revenue Service

# Capital Gains and Losses

For the calendar year 1978, or fiscal year beginning ........., 1978, ending ........., 19....

**1978**

Name of estate or trust: JOHN OAKES MARRIOTT TRUST U/A 3/19/60

Employer identification number: 13-6028390

## Part I Short-term Capital Gains and Losses—Assets Held Not More Than One Year

| a. Kind of property and description (Example, 100 shares of "Z" Co.) | b. Date acquired (Mo., day, yr.) | c. Date sold (Mo., day, yr.) | d. Gross sales price less expense of sale | e. Cost or other basis, as adjusted (see instructions) | f. Gain or (loss) from all sales during entire tax year (d less e) | g. Enter gain or (loss) from sales after 10/31/78 |
|---|---|---|---|---|---|---|
| 1 SCHEDULE ATTACHED | | | | | (21 877) | (25479) |

| | | f | g |
|---|---|---|---|
| 2 Enter net short-term gain or (loss) from partnerships (a) ........, other fiduciaries (b) ........, (c) Total | 2 | | |
| 3 Net gain or (loss), combine lines 1 and 2 | 3 | (21,877) | (25479) |
| 4 Short-term capital loss carryover (Attach computation) | 4 | ( ) | |
| 5 Net short-term gain or (loss), combine lines 3 and 4. Enter here and on line 14 below | 5 | (21,877) | |

## Part II Long-term Capital Gains and Losses—Assets Held More Than One Year

| a | b | c | d | e | f | g |
|---|---|---|---|---|---|---|
| 6 SCHEDULE ATTACHED | | | | | 201788 | 89490 |

| | | f | g |
|---|---|---|---|
| 7 Capital gain dividends | 7 | | |
| 8 Enter gain, if applicable, from Form 4797, line 6(a)(1) | 8 | | |
| 9 Enter net long-term gain or (loss) from partnerships (a) ........, other fiduciaries (b) ........, (c) Total | 9 | | |
| 10 Enter net long-term gain from small business corporations (subchapter S) | 10 | | |
| 11 Net gain or (loss), combine lines 6 through 10 | 11 | 201788 | 89490 |
| 12 Long-term capital loss carryover (Attach computation) | 12 | ( ) | |
| 13 Net long-term gain or (loss), combine lines 11 and 12. Enter here and on line 15 below | 13 | 201788 | |

## Part III Summary of Parts I and II

| | 1. Beneficiaries | 2. Fiduciary | 3. Total |
|---|---|---|---|
| 14 Net short-term gain or (loss) from line 5, column (f) above | | (21877) | (21877) |
| 15 Net long-term gain or (loss) from line 13, column (f) above | | 201788 | 201788 |
| 16 Total net gain or (loss) | | 179911 | 179911 |

*Enter on Form 1041, line 7, the net gain shown on line 16, column 3, above. If net (loss) on line 16, column 3, above, enter as (loss) on Form 1041, line 7, the amount computed on line 18b.*

### Computation of Capital Gains Deduction—Use Part V if Post-October Gains are Included

| | | |
|---|---|---|
| 17 a Long-term capital gain shown on line 15, column 3, above | 17a | |
| b Short-term capital loss shown on line 14, column 3, above | 17b | ( ) |
| c Excess of line 17a over line 17b, above | 17c | |
| d Long-term capital gains taxable to beneficiaries. (Total of line 3 amounts from all separate Schedules K–1 (Form 1041)) | 17d | |
| e Balance (line 17c minus line 17d). (Enter 50% of this amount on Form 1041, line 23) | 17e | |

### Computation of Capital Loss Limitation

18 Attach a computation if losses are shown on both lines 12 and 13 which are the result of a long-term capital loss carryover from years beginning before 1970, enter the amount on line 18a and note "Computation attached." (See instructions.)
Otherwise,

a Enter one of the following amounts:
*i* If amount on line 14, column 3 is zero or a net gain, enter 50% of amount on line 16, column 3;
*ii* If amount on line 15, column 3 is zero or a net gain, enter amount on line 16, column 3; or,
*iii* If amounts on line 14, column 3 and line 15, column 3 are net losses, enter amount on line 14, column 3 added to 50% of amount on line 15, column 3 .......... **18a**

b Enter here and enter as a (loss) on Form 1041, line 7, the smallest of:
*i* The amount on line 18a;
*ii* $3,000; or
*iii* Taxable income computed without regard to capital gains and losses and the deduction for exemption .......... **18b** ( )

**Note:** *Enter the capital loss carryover to 1979:*

| | Pre-1970 | Post-1969 |
|---|---|---|
| *Short-term* | | |
| *Long-term* | | |

## Part IV Computation of Alternative Tax

If you had a net long-term capital gain or an excess of net long-term capital gain over net short-term capital loss shown on line 16, column 2, and Form 1041, line 26, exceeds $26,000, it may be to your advantage to make the alternative tax computation.

| | | |
|---|---|---|
| 19 Enter amount from Form 1041, line 26 | 19 | 83254 |
| 20 Enter 50% of amount on line 17e unless Part V is completed; if so, subtract line 38 from line 31 and enter here | 20 | 83554 |
| 21 Subtract amount on line 20 from amount on line 19 (but not less than zero) (if line 20 is more than line 19, do not complete the rest of this part) | 21 | -0- |
| **If amount on line 20 does not exceed $25,000, or Part V is completed and the amount on line 31 does not exceed $50,000, omit lines 22 through 25 and enter zero on line 26.** | | |
| 22 Enter $25,000 unless Part V is completed; if so, divide line 20 by line 31 and multiply the result by $50,000 and enter here | 22 | |
| 23 Add amounts on lines 21 and 22 | 23 | |
| 24 Tax on the amount on line 19 or 20, whichever is greater (Use Tax Rate Schedule in Instructions for Form 1041.) | 24 | |
| 25 Tax on the amount on line 23 (Use Tax Rate Schedule in Instructions for Form 1041.) | 25 | |
| 26 Subtract amount on line 25 from amount on line 24 | 26 | |
| 27 Tax on the amount on line 21 (Use Tax Rate Schedule in Instructions for Form 1041.) | 27 | |
| 28 Enter 50% of amount on line 20 but not more than $12,500 unless Part V is completed; if so, enter 25% of amount on line 31 but not more than $12,500 | 28 | |
| 29 Add amounts on lines 26 (if applicable), 27, and 28. If less than Form 1041, line 27, enter this amount on Form 1041, line 28 | 29 | |

## Part V Computation of Capital Gains Deduction If Post-October Gains Are Included

| | | |
|---|---|---|
| 30 Combine amounts from lines 5 and 13, column (f), allocated to the fiduciary and enter here. If result is zero or a loss, do not complete the rest of this part | 30 | 179911 |
| 31 Enter amount from line 13, column (f), allocated to the fiduciary or line 30, whichever is smaller. If zero or a loss, enter zero and do not complete the rest of this part | 31 | 179911 |
| 32 If line 11, column (g), is a gain, combine amounts from lines 3 and 11, column (g), allocated to the fiduciary and enter here. If this line or line 11, column (g), shows a loss or zero, enter a zero here and on line 34 and skip to line 36 | 32 | 64011 |
| 33 Enter amount from line 11, column (g), allocated to the fiduciary or line 32, whichever is smaller | 33 | 64011 |
| 34 Enter line 31 or line 33, whichever is smaller | 34 | 64011 |
| 35 Enter 60% of amount on line 34 | 35 | 38407 |
| 36 Subtract line 34 from line 31. If less than zero enter zero | 36 | 115900 |
| 37 Enter 50% of amount on line 36 | 37 | 57950 |
| 38 Add line 35 and line 37. Enter here and on Form 1041, line 23 | 38 | 96357 |

☆ U.S. GOVERNMENT PRINTING OFFICE : 1978—O-263-077 58-040-1110

Revised in Accordance With Revenue Act of 1978 and Energy Act of 1978

Form **4626**

Department of the Treasury
Internal Revenue Service

# Computation of Minimum Tax—Corporations and Fiduciaries

(In general, this form is to be filed if the items of tax preference exceed $10,000. Exceptions pertain to certain members of a controlled group and certain estates and trusts—see instructions.)

▶ Attach to Forms 1120, 1120F, 1120L, 1120M, 1120S, 1041, and 990–T.

**1978**

| Name as shown on tax return | Employer identification number |
|---|---|
| JOHN OAKES MARRIOTT TRUST U/A 8/19/60 | 13-6028390 |

| | |
|---|---|
| **1** Tax preferences: | |
| (a) Accelerated depreciation or amortization on real property— | |
| (1) Low-income rental housing under section 167(k) or certified historic structures under section 191 | |
| (2) Other real property | |
| (b) Accelerated depreciation on leased personal property (applies only to estates or trusts and a personal holding company) | |
| (c) Amortization of certified pollution control facilities | |
| (d) Amortization of railroad rolling stock | |
| (e) Amortization of on-the-job training facilities | |
| (f) Amortization of child care facilities | |
| (g) Stock options (not applicable to corporations) | |
| (h) Reserves for losses on bad debts of financial institutions | |
| (i) Depletion | |
| (j) Capital gains | 96,357 |
| (k) Adjusted itemized deductions (applies only to estates or trusts) | |
| (l) Intangible drilling costs (applies only to estates or trusts and a personal holding company) | |
| **2** Total items of tax preference—Add lines 1(a) through 1(l) | 96357 |
| **3** Enter $10,000 exclusion (estates, trusts, and controlled groups—see Specific Instructions) | 10,000 |
| **4** (a) Enter regular tax deduction (see Specific Instructions) | 22001 |
| (b) Corporations (excluding an electing small business corporation and a personal holding company) with income from timber enter, if applicable, the tax carryover (attach computation—see Specific Instructions) | |
| (c) Add lines 4(a) and 4(b) | 22001 |
| **5** Enter greater of line 3 or 4(c) | 22001 |
| **6** Subtract line 5 from line 2 | 74356 |
| **7** Enter 15% of line 6 | 11153 |
| **8** Amount of net operating loss for 1978 remaining as a carryover to a succeeding year (attach computation) | |
| **9** Deferred minimum tax—Enter the lesser of line 8 multiplied by 15%, or line 7 | |
| **10** Subtract line 9 from line 7 | 11153 |
| **11** Enter minimum tax deferred from prior year(s) until this year (see Specific Instructions) | |
| **12** Total minimum tax—Add lines 10 and 11. Enter here and on appropriate line of the income tax return | 11153 |

## General Instructions

(References are to the Internal Revenue Code.)

**Who Must File.**—All taxpayers (other than individuals, certain members of a controlled group, and certain estates and trusts) having items of tax preference in excess of $10,000 and who are not exempt from income tax imposed by Chapter 1 of the Code, or who are exempt organizations that have unrelated business income taxable under section 511, must complete Form 4626 and attach it to their return whether or not the minimum tax applies. Also, Form 4626 must be filed if there is any minimum tax liability deferred from a prior taxable year until this year. If this is a short period return, see the note in the Specific Instructions for line 3.

A member of a controlled group (as defined in section 1563(a)) that has items of tax preference of $10,000 or less, does not have to file Form 4626 unless the items of tax preference exceed the amount of the exclusion allocated to it. See Specific Instructions for line 3.

Estates or trusts having tax preference items of $10,000 or less allocated to the estate or trust do not have to file Form 4626 unless the items of tax preference exceed the amount of the exclusion apportioned to the estate or trust. See Specific Instructions for line 3.

**Timber.**—Special rules apply for timber income of corporations. See section 57(a)(9)(C) (relating to capital gain tax preference reduction for timber), section 56(d) (relating to regular tax deduction adjustment for timber), and section 56(e) (relating to tax carryover for timber). If section 57(a)(9)(C) applies, adjust the amount for the reduction on line 1(j) accordingly; if section 56(d) applies, adjust the amount on line 4(a) accordingly; and, if section 56(e) applies, enter the amount on line 4(b) accordingly.

**Regulated Investment Companies and Real Estate Investment Trusts.**—The amount of the net long-term capital gain in excess of the net short-term capital loss of a regulated investment company or a real estate investment trust is to be treated as an item of tax preference only to the extent that such item is not taken into account as income by shareholders. Accelerated depreciation on real property is taken into account in full as a tax preference item of real estate investment trusts and is not included in the apportionment of tax preferences to shareholders as described in the following paragraph.

The remaining items of tax preference of a regulated investment company and a real estate investment trust are used in computing the minimum tax in the same proportion that the taxable income of such company or trust (section 852(b)(2) or 857(b)(2)) bears to taxable income computed without regard to the deduction for dividends paid. The remaining portion of tax preferences is treated as items of tax preference of each shareholder of such company or trust in the same proportion that dividends (other than capital gains dividends) paid to each shareholder bears to taxable income of such company or trust computed without regard to the deduction for dividends paid. The company or trust must advise shareholders of their portion of each item of tax preference.

**Electing Small Business Corporations.**—Electing small business corporations are subject to the minimum tax only with respect to capital gains and only to the extent such gains are subject to the tax imposed by section 1378. All other items of tax preference are to be apportioned among the shareholders in a manner consistent with section 1374(c)(1). The capital gains are excluded from the apportionment since such gains are actually passed through to shareholders and are includible in their income to the extent provided under the rules in section 1375(a) and will thus enter into the computation of the shareholders' capital gains tax preference.

**Estates and Trusts.**—Tax preference items of an estate or trust are to be apportioned between the estate or trust and the beneficiaries on the basis of the income of the estate or trust allocable to each.

**Participants in Common Trust Funds.**—Items of tax preference of a common trust fund (as defined in section 584(a)) for each taxable year of the fund are treated as items of tax preference of the participants of such fund. Each item of tax preference, except capital gains, is apportioned pro rata among the participants and enters into their own computation of each item of tax preference. Capital gains are passed through to participants under the rules in section 584(c) and enter into the participants' computation of capital gains tax preference.

**Foreign Source Tax Preference Items.**—Tax preferences attributable to foreign sources are to be included for purposes of computing the minimum tax only to the extent they result in foreign losses which reduce the tax imposed on U.S. income. Stock options (line 1(g)) and capital gains (line 1(j)) attributable to foreign sources are to be taken into account as tax preferences only if the tax laws of the foreign country or U.S. possession give them preferential treatment. Transfer of stock and sales and exchanges of capital assets shall be considered as having received preferential treatment if such country or possession imposes no significant amount of tax on such item. See section 423 of the Revenue Act of 1978 which amended the definition of foreign source capital gains (section 58(g)(2)) for minimum tax purposes.

**Domestic International Sales Corporations (DISC).**—Domestic International Sales Corporations are not subject to the minimum tax.

## Specific Instructions

(Numbered to correspond with line numbers on page 1.)

**Limitations on Amounts Treated as Tax Preference Items in Certain Cases.**—See section 58(h) for limitations on amounts treated as tax preference items in certain cases where the item of tax preference resulted in no tax benefit. If limitations apply, attach schedule showing computation.

**Deferral of Minimum Taxes.**—Also see section 56(b) for deferral of minimum tax liability in case of certain net operating losses.

**Line 1.—Tax preferences:**

**(a) Accelerated depreciation on real property** is depreciation allowable on each section 1250 property (as defined in section 1250(c)) to the extent it exceeds the depreciation deduction which would have been allowable for the year under the straight line method. A separate computation of the excess must be made for each property.

Where the Class Life Asset Depreciation Range (CLADR) System is used, see regulation section 1.57–1(b)(4)(i).

(1) Enter the excess depreciation attributable to expenditures to rehabilitate low-income rental housing (as defined in section 167(k)(3)) or the excess amortization attributable to expenditures to rehabilitate certified historic structures (as described in section 191). The excess depreciation or amortization is the amount that exceeds the deduction which would have been allowable under the straight line method without regard to section 167(k) or 191.

(2) Enter the excess depreciation on all other section 1250 property.

**(b) Accelerated depreciation on leased personal property** is depreciation allowable on each section 1245 property (as defined in section 1245(a)(3)) which is subject to a lease to the extent it exceeds the depreciation deduction which would have been allowable for the year under the straight line method. A separate computation of the excess must be made for each property. Where the CLADR System is used, the asset guideline period provided will be considered

9114-80 24 01

Form **1041** Department of the Treasury Internal Revenue Service

# U.S. Fiduciary Income Tax Return

for the calendar year 1979 or fiscal year beginning and ending

**1979**

Check applicable box(es):
- [ ] Estate ($600 exemption)
- [ ] Generation-skipping trust
- [X] Simple trust ($300)
- [ ] Complex trust ($100)
- [ ] Complex trust ($300)
- [ ] Grantor type trust
- [ ] Family estate type trust
- [ ] Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instructions): JOHN OAKES MARRIOTT TRUST U/A 8/19/60

Name and title of fiduciary: GEORGE GILLESPIE ET AL TRUSTEES

Address of fiduciary (number and street): LEHMAN BROS KUHN LOEB TAX DEPT 55 WATER ST

City, State, and ZIP code: NEW YORK NEW YORK 10041

**Employer identification number** 13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See instructions)
- [ ] Described in section 4947(a)(1)
- [ ] Not treated as a private foundation by reason of sec. 509(a) (1), (2) or (3)
- [ ] Described in section 4947(a)(2)

Check applicable box(es). First return [ ] , change in fiduciary's name [ ] , or address [X] final return [ ]

| | Line | Description | No. | Amount |
|---|---|---|---|---|
| Income | 1 | Dividends (Enter full amount before exclusion) SEE STATEMENT 1 | 1 | 78,020 |
| | 2 | Interest SEE STATEMENT 2 | 2 | 85,262 |
| | 3 | Partnership income or (loss) | 3 | |
| | 4 | Other estate or trust income | 4 | |
| | | Net rent and royalty income from line 47 | 5 | |
| | 6 | Net business and farm income or (loss) (Attach Schedules C and F (Form 1040)) | 6 | |
| | 7 | Capital gain or (loss) **(Attach Schedule D (Form 1041))** | 7 | 127,018 |
| | 8 | Ordinary gain or (loss) **(Attach Form 4797)** | 8 | |
| | 9 | Other income **(Attach schedule if over $400)** | 9 | |
| | 10 | Total income (add lines 1 to 9, inclusive) ▶ | 10 | 290,300 |
| Deductions | 11 | Interest | 11 | |
| | 12 | Taxes | 12 | 4,677 |
| | 13 | Fiduciary's portion of depreciation, and depletion not claimed elsewhere | 13 | |
| | 14 | Charitable deduction (from line 56) | 14 | |
| | 15 | Fiduciary fees | 15 | |
| | 16 | Attorney, accountant, and return preparer fees | 16 | 1,000 |
| | 17 | Other deductions SEE STATEMENT 3 | 17 | 19,215 |
| | 18 | Total (add lines 11 to 17, inclusive) ▶ | 18 | 24,892 |
| | 19 | Subtract line 18 from line 10 | 19 | 265,408 |
| | 20 | Income distribution deduction (from line 71) **(Attach Schedule K-1 (Form 1041))** | 20 | 138,390 |
| | 21 | Adjustment of dividend exclusion | 21 | |
| | 22 | Estate tax deduction **(Attach computation)** | 22 | |
| | 23 | Long-term capital gain deduction from Schedule D (Form 1041) | 23 | 76,211 |
| | 24 | Exemption | 24 | 300 |
| | 25 | Total (add lines 20 to 24, inclusive) ▶ | 25 | 214,901 |
| | 26 | Taxable income of fiduciary (subtract line 25 from line 19) | 26 | 50,507 |
| Computation of Tax | 27 | Tax on amount on line 26 (See tax rate schedule) | 27 | 22,301 |
| | 28 | Fiduciary's share of foreign tax credit **(Attach Form 1116)** | 28 | |
| | 29 | Fiduciary's share of investment credit **(Attach Form 3468)** | 29 | |
| | 30 | a Win credit ▶ ; b jobs credit ▶ ; c Total ▶ | 30 | |
| | | Total (add lines 28 to 30, inclusive) ▶ | 31 | |
| | 32 | Balance (subtract line 31 from 27) | 32 | 22,301 |
| | 33 | Tax from recomputing fiduciary's share of prior year investment credit **(Attach Form 4255)** | 33 | |
| | 34 | Minimum tax **(Attach Form 4626)** | 34 | |
| | 35 | Alternative minimum tax **(Attach Form 6251)** | 35 | 2,879 |
| | 36 | Total (add lines 32 to 35, inclusive) | 36 | 25,180 |
| | 37 | Other credits: see instruction 37 | 37 | |
| | 38 | Federal income tax a Previously paid ▶ b Withheld ; c Total ▶ | 38 | |
| | 39 | Total (add lines 37 and 38) ▶ | 39 | |
| | 40 | Balance of tax due (subtract line 39 from line 36) (See instruction H.) | 40 | 25,180 |
| | 41 | Overpayment (subtract line 36 from line 39) | 41 | |

COPY

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge

▶ /S/
Signature of fiduciary or officer representing fiduciary  Date

**Paid Preparer's Information**

Preparer's signature and date ▶ Michael L. Minaz 3-12-80

Check if self-employed ▶ [ ]

Preparer's social security no 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

Firm's name (or yours if self employed) and address ▶ LEHMAN BROTHERS KUHN LOEB INC. 55 WATER STREET NEW YORK, N.Y.

E.I. No ▶ 13-2663822

Zip code ▶ 10041

263 075 1

JOHN OAKES MARRIOTT TRUST U/A 8/19/60 244 9114-86 02
13-6028390
(1979)



**Schedule A.—NET RENT AND ROYALTY INCOME** (If more space is needed, attach additional sheets of same size.)

| | (a) Kind and location of property | (b) Total amount of rents | (c) Total amount of royalties | (d) Fiduciary's share of depreciation (explain on Form 4562) or depletion (attach computation) | (e) Other expenses (Repairs, etc., explain on attached sheet) |
|---|---|---|---|---|---|
| 42 | | | | | |
| 43 | | | | | |
| 44 | | | | | |
| 45 | | | | | |
| 46 | Totals | | | | |

47 Net income or (loss) (column (b) plus column (c) less columns (d) and (e)). Enter here and on line 5 . . . 47

**Schedule B.—CHARITABLE DEDUCTION**—(Attach statement giving name and address of charitable organization.)

48 Amounts paid or permanently set aside for charitable purposes from current year's income . . .
49 Tax-exempt interest allocable to charitable distribution . . .
(Complete lines 50 and 51 below only if gain on Schedule D (Form 1041) line 19, column (b) exceeds loss on Schedule D(Form 1041) line 18, column (b)).
50 a Long-term capital gain included on line 48 . . .
(Do not complete lines b and c if such amounts are greater than line a)
b Enter gain on Schedule D (Form 1041) line 19, column (b) minus loss on Schedule D (Form 1041) line 18, column (b) . . .
c Enter gain on Schedule D (Form 1041) line 19, column (c) minus loss on Schedule D (Form 1041) line 18, column (c) . . .
51 Enter the smallest of line 50a, 50b, or 50c adjusted for the section 1202 deduction . . .
52 Add line 49 and line 51 . . .
53 Balance (subtract line 52 from line 48) . . .
54 Enter the short-term capital gains and the long-term capital gains adjusted for the section 1202 deduction of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes . . .
55 Amounts paid or permanently set aside for charitable purposes other than from income of the current year . . .
56 Total (add lines 53, 54 and 55). Enter here and on line 14 . . .

**Schedule C.—INCOME DISTRIBUTION DEDUCTION**

57 Enter amount from line 19 if the amount on line 10 exceeds the amount on line 18 . . . 57
58 Add: a Tax-exempt interest (as adjusted) . . . 58a
b Net gain shown on Schedule D (Form 1041) line 16, column (a). If net loss, enter zero . . . 58b
c Add lines 51 and 54 . . . 58c
d Short-term capital gain included on line 48 . . . 58d
e If amount on line 7 is a loss, enter amount here as a positive figure . . . 58e
59 Total (add lines 57 through 58e) . . . 59
60 If amount on line 7 is a gain, enter amount here . . . 60
61 Distributable net income (subtract line 60 from line 59) . . . 61
62 If a complex trust, amount of income for the the taxable year determined under the governing instrument (accounting income) . . . 62
63 Amount of income required to be distributed currently . . . 63
64 Other amounts paid, credited, or otherwise required to be distributed . . . 64
65 Total (add lines 63 and 64) . . . 65
66 Enter the total of tax-exempt income included on lines 63 and 64 (as adjusted) . . . 66
67 Balance (subtract line 66 from line 65) . . . 67
68 Enter distributable net income from line 61 . . . 68
69 Enter the amount from line 58a . . . 69
70 Balance (subtract line 69 from 68) . . . 70
71 Income distribution deduction. Enter here and on page 1, line 20, the lesser of line 67 or 70 . . . 71

| | | YES | NO |
|---|---|---|---|
| 72 | Date trust was created or, if an estate, date of decedent's death. 08/19/60 | | |
| 73 | Did the estate or trust receive tax-exempt income? . . . | | X |
| | If "Yes," did you deduct any expenses allocable to it? . . . | | |
| 74 | If the estate or trust received income from a nominee, state name, identifying number, and address of nominee LEHMAN BROS KUHN LOEB INC 55 WATER ST NY NY 10041 ID NO 13-2663822 | | |
| 75 | If a complex trust, is this a section 663(b) election? . . . | | |
| | If "Yes," state amount ▶ | | |
| 76 | a If a complex trust, was there undistributed net income at the beginning of the year? . . . | | |
| | b If a complex trust, was there an accumulation distribution? . . . | | |
| 77 | If a trust, is any section 644 tax due? . . . If "Yes," state amount ▶ and attach computation. | | X |
| 78 | Does the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? . . . | | X |
| 79 | Have you deducted on this return any amount paid directly or indirectly for the benefit of the grantor or spouse? . . . | | X |
| 80 | Did the estate or trust, at any time during the taxable year, have any interest in or signature or other authority over a bank, securities, or other financial account over $1,000 in a foreign country (except in a U.S. military banking facility operated by a U.S. financial insitution)? If "Yes," see the instructions for question 80 . . . | | X |
| 81 | Was the estate or trust the grantor of, or transferor to, a foreign trust during any taxable year, which foreign trust was in being during the current taxable year, whether or not the estate or trust has any beneficial interest in such trust? If "Yes," you may be required to file Forms 3520, 3520-A, or 926 . . . | | X |

JOHN OAKES MARRIOTT TRUST U/A 8/19/60 244 9114-88 03
13-6028390

SCHEDULE D (Form 1041)
Department of the Treasury Internal Revenue Service

# Capital Gains and Losses

For the calendar year 1979, or fiscal year beginning and ending

1979

Name of estate or trust: JOHN OAKES MARRIOTT TRUST U/A 8/19/60

Employer identification number: 13-6028390

## Part I Short-term Capital Gains and Losses—Assets Held One Year or Less

| a. Kind of property and description (Example, 100 shares of "Z" Co.) | b. Date acquired (Mo., day, yr.) | c. Date sold (Mo., day, yr.) | d. Gross sales price less expense of sale | e. Cost or other basis, as adjusted (see instructions) | (f) Gain or (loss) (col. (d) less (e)) |
|---|---|---|---|---|---|
| 1 | | | | | |

| | | |
|---|---|---|
| 2 Enter net short-term gain or (loss) from transactions entered into by partnerships and other fiduciaries after 10-31-78 | 2 | |
| 3 Net gain or (loss), combine lines 1 and 2 | 3 | |
| 4 Short-term capital loss carryover (attach computation) | 4 | |
| Note: *If there is an entry on this line AND line 6 or 16, see instructions for lines 6 and 16.* | | |
| 5 Net gain or (loss), combine lines 3 and 4 | 5 | |
| 6 Enter your share of net short-term gain or (loss) from transactions entered into by partnerships and other fiduciaries before 11-1-78 | 6 | |
| 7 Net short-term gain or (loss), combine lines 5 and 6. Enter here and on line 18 below | 7 | 0 |

## Part II Long-term Capital Gains and Losses—Assets Held More Than One Year

| | | | | | |
|---|---|---|---|---|---|
| 8 SCHEDULE ATTACHED | | | | | 127,018 |

| | | |
|---|---|---|
| 9 Enter net long-term gain or (loss) from transactions entered into by partnerships and other fiduciaries after 10-31-78 | 9 | |
| 10 Capital gain distributions from transactions after 10-31-78 | 10 | |
| 11 Enter gain if applicable, from Form 4797, line 6(a)(1) from transactions after 10-31-78 | 11 | |
| 12 Enter net long-term gain from transactions entered into by small business corporations (subchapter S) after 10-31-78 | 12 | |
| 13 Net gain or (loss), combine lines 8 through 12 | 13 | 127,018 |
| 14 Long-term capital loss carryover (attach computation) | 14 | |
| Note: *If there is an entry on this line AND line 6 or 16, see instructions for lines 6 and 16.* | | |
| 15 Net gain or (loss), combine lines 13 and 14 | 15 | 127,018 |
| 16 Enter your share of capital gain distributions and net long-term gain or (loss) from transactions entered into by partnerships, other fiduciaries, small business corporations, real estate investment trusts, and regulated investment companies before 11-1-78 | 16 | |
| 17 Net long-term gain or (loss), combine lines 15 and 16. Enter here and on line 19 below | 17 | 127,018 |

## Part III Summary of Parts I and II

| | | (a) Beneficiaries | (b) Fiduciary | (c) Total |
|---|---|---|---|---|
| 18 Net short-term gain or (loss) from line 7, column (f) above | 18 | 0 | 0 | 0 |
| 19 Net long-term gain or (loss) from line 17, column (f) above | 19 | 0 | 127,018 | 127,018 |
| 20 Total net gain or (loss) | 20 | 0 | 127,018 | 127,018 |

*Enter on Form 1041, line 7, the net gain shown on line 20, column (c), above. If net (loss) on line 20, column (c), above, enter as (loss) on Form 1041, line 7, the amount computed on line 35b.*

JOHN OAKES MARRIOTT TRUST U/A 8/19/60 244 9114-88 04

Schedule D (Form 1041) 13-6028 Page 2

**Part IV** Computation o. . ,pital Gains Deduction
Use Part V if Gains Before 11-1-78 Are Included on Line 6 or 16

| | | | |
|---|---|---|---|
| 21 | Long-term capital gains shown on line 19, column (c) | 21 | 127,018 |
| 22 | Short-term capital loss shown on line 18, column (c) | 22 | |
| 23 | Excess of 21 over line 22 | 23 | 127,018 |
| 24 | Long-term capital gains taxable to beneficiaries | 24 | |
| 25 | Balance (subtract line 24 from 23). (Enter 60% of this amount on Form 1041, line 23)[1] ▶ | 25 | 127,018 |

**Part V** Computation of Capital Gains Deduction
If Gains Before 11-1-78 Are Included on Line 6 or 16

| | | | |
|---|---|---|---|
| 26 | Combine amounts from lines 7 and 17, column (f), allocated to the fiduciary and enter here. If result is zero or a loss, do not complete the rest of this part | 26 | |
| 27 | ter amount from line 17, column (f), allocated to the fiduciary or line 26, whichever is smaller. If zero or a loss, enter zero and do not complete the rest of this part | 27 | |
| 28 | If line 15, column (f), is a gain, combine amounts from lines 5 and 15, column (f), allocated to the fiduciary and enter here. If this line or line 15, column (f) shows a loss or zero, enter zero here and on line 30 and skip to line 32 | 28 | |
| 29 | Enter amount from line 15, column (f), allocated to the fiduciary or line 28, whichever is smaller | 29 | |
| 30 | Enter line 27 or line 29, whichever is smaller | 30 | |
| 31 | Enter 60% of amount on line 30 | 31 | |
| 32 | Subtract line 30 from line 27, if less than zero enter zero | 32 | |
| 33 | Enter 50% of amount on line 32 | 33 | |
| 34 | Add lines 31 and 33. Enter here and on Form 1041, line 23[1] ▶ | 34 | |

**Part VI** Computation of Capital Loss Limitation

35 If losses are shown on both lines 14 and 17 which are the result of a long-term capital loss carryover from years beginning before 1970 check here ▶ ☐ and compute the net capital loss on an attached schedule. See sections 1.1211-1 and 1.1212-1 of the regulations. Enter on line 35(a) the net capital loss computed on the attached schedule.

**Otherwise,**

a Enter one of the following amounts if there is no long-term capital loss carryover from years beginning before 1970:

*(i)* If amount on line 18, column (c) is a zero or a net gain, enter 50% of amount on line 20, column (c);

*(ii)* If amount on line 19, column (c) is zero or a net gain, enter amount on line 20, column (c); or,

*(iii)* If amounts on line 18, column (c) and line 19, column (c) are net losses, enter amount on line 18, column (c) added to 50% of amount on line 19, column (c) . . . **35a**

b Enter here and enter as a (loss) on Form 1041, line 7 the smallest of:

*(i)* The amount on line 35a;

*(ii)* $3,000; or,

*(iii)* Taxable income computed without regard to capital gains and losses and the deduction of exemption. ▶ **35b**

| **Note:** *Enter the capital loss carryover to 1980* | (a) Pre-1970 | (b) Post 1969 |
|---|---|---|
| *Short-term* ▶ | | |
| *Long-term* ▶ | | |

[1] If this amount is other than zero, you may be liable for the alternative minimum tax. See Form 6251.

JOHN OAKES MARRIOTT TRUST U/A 8/19/60 244 9114-88 05
00045

**SCHEDULE K-1 (Form 1041) EQUIVALENT**

# Beneficiary's Share of Income, Deductions, Credit etc.-

for the calendar year 1979, or fiscal year beginning ending

Copy A File with Form 1041

Name of estate or trust ▶ JOHN OAKES MARRIOTT TRUST U/A 8/19/60

Beneficiary's identifying number ▶

Estate or trust's employer identification number ▶ 13-6028390

Beneficiary's name, address, and ZIP code:
JOHN OAKES MARRIOTT-NRA
12 MILTON CRESCENT
LONDON SW1 ENGLAND

Fiduciary's name, address and ZIP code:
GEORGE GILLESPIE ET AL TRUSTEES
LEHMAN BROS KUHN LOEB TAX DEPT 55 WATER ST
NEW YORK NEW YORK 10041

| Allocable share item | Amount | Form 1040 filers enter amount as indicated below |
|---|---|---|
| 1 Dividends (amount before exclusion) | 63,162 | Schedule B, Part II, line 3 |
| 2 Net short-term capital gain (a) After 10-31-78 | | Schedule D, line 2, column f or g |
| (b) Before 11-1-78 | | Schedule D, line 7, column g |
| 3 Net long-term capital gain (a) After 10-31-78 | | Schedule D, line 10, column f or g |
| (b) Before 11-1-78 | | Schedule D, line 19, column g |
| (c) Pre 1970 Long-term Capital Loss | | Form 4798, Part 1, line 5 |
| 4 (a) (1) Other taxable income (itemize): | 10,176 | |
| (2) U. S. Government Interest | 65,052 | |
| (b) Total of lines 4(a)(1) and (2). | 75,228 | Tax-Exempt Income |
| (c) (1) Depreciation | | In State |
| (2) Depletion (cost method) | | Out of State |
| (3) Depletion (Pct. Method) Bbls. pr. day | | Other |
| (d) Amortization deductions | | |
| (e) Total of lines 4(c), (1), (2), (3) and 4(d) | | |
| (f) Line 4(b) minus line 4(e) | 75,228 | Schedule E, Part III |
| 5 Estate tax deduction (see Form 1041 instruction L) | | Schedule A, line 31 |
| 6 Excess deductions on termination (see Form 1041 instruction M) | | Schedule A, line 31 |
| 7 Tax preference items: (a) (1) Low-income rental housing | | Form 4625, line 1(a)(1) |
| (2) Other real property | | Form 4625, line 1(a)(2) |
| (3) Personal property subject to a lease | | Form 4625, line 1(b) |
| (b) Depletion | | Form 4625, line 1(i) |
| (c) Other (itemize): | | Enter on applicable line of Form 4625 |

8 FOREIGN TAX CREDIT Information Enter on Form 1116 or Schedule A (Form 1040) Line 16

| Name of Country Sch A(a) | Statute Imposing Tax Sch B(3) | Dt. Paid Sch B(1) | Income (U.S. Dollars) Sch A(4) | Tax (U.S. Dollars) Sch B(H) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

9 Property Qualifying for INVESTMENT CREDIT — Enter on Form 3468

| | 3 to 5 Years | | 5 to 7 Years | | 7 or more Years | |
|---|---|---|---|---|---|---|
| New Property Cost | (1a) | | (1b) | | (1c) | |
| Used Property Cost | (1f) | | (1g) | | (1h) | |
| Qualified Progress Expenditres 1974 - 1978 | | | | | (1d) | |
| Qualified Progress Expenditures 1979 | | | | | (1e) | |

10 Property basis for use in RECOMPUTING A PRIOR YEAR INVESTMENT CREDIT Enter on Form 4255

| Description (1) | Type | Date in Serv. (2) | Cost or Basis (3) | Est. Life(4) | Date Ceased (8) | Actual Life (9) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| 12 Other | | |
|---|---|---|
| | | Enter on applicable line of appropriate tax form |
| | | Enter on applicable line of appropriate tax form |
| | | Enter on applicable line of appropriate tax form |
| | | Enter on applicable line of appropriate tax form |
| | | Enter on applicable line of appropriate tax form |
| | | Enter on applicable line of appropriate tax form |
| | | Enter on applicable line of appropriate tax form |

JOHN OAKES MARRIOTT TRUST U/A 8/19/60 244 ** 9114-88 06

Form **6251**
Department of the Treasury
Internal Revenue Service

# Alternative Minimum Tax Computation

▶ Attach to Forms 1040, 1041 or 990-T (Trust).

**1979**
30

Name(s) as shown on tax return: JOHN OAKES MARRIOTT TRUST U/A 8/19/60

Identifying number: 13-6028390

| | | | | |
|---|---|---|---|---|
| 1 Adjusted gross income from Form 1040, line 32 (estates and trusts – see instructions) | | | 1 | 50,507 |
| 2 Deductions (applies to individuals only): | | | | |
| a Enter amount from Form 1040, line 33 | 2a | | | |
| b On your 1979 Form 1040, if you checked Filing Status box { 2 or 5, enter $3,400; 1 or 4, enter $2,300; 3, enter $1,700 } | 2b | | | |
| c Multiply $1,000 by the total number of exemptions on Form 1040, line 7 | 2c | | | |
| d Add lines 2a through 2c (estates and trusts, enter zero) | | | 2d | 0 |
| 3 Subtract line 2d from line 1 | | | 3 | 50,507 |
| 4 Tax preference items: | | | | |
| a Adjusted itemized deductions | 4a | | | |
| b Capital gain deduction | 4b | 76,211 | | |
| c Add lines 4a and 4b | | | 4c | 76,211 |
| 5 Alternative minimum taxable income (add lines 3 and 4c) | | | 5 | 126,718 |
| 6 Enter $20,000 ($10,000 if married filing separately, or an estate or trust) | | | 6 | 10,000 |
| 7 Subtract line 6 from line 5. If zero or less, do not complete the rest of this form | | | 7 | 116,718 |
| 8 Enter the smaller of line 7 or $40,000 ($20,000 if married filing separately or an estate or trust) | 8 | 20,000 | | |
| 9 Subtract line 8 from line 7 | 9 | 96,718 | | |
| 10 Enter the smaller of line 9 or $40,000 ($20,000 if married filing separately or an estate or trust) | 10 | 20,000 | | |
| 11 Subtract line 10 from line 9 | 11 | 76,718 | | |
| 12 Enter 10% of line 8 | 12 | 2,000 | | |
| 13 Enter 20% of line 10 | 13 | 4,000 | | |
| 14 Enter 25% of line 11 | 14 | 19,180 | | |
| 15 Add lines 12, 13 and 14 | | | 15 | 25,180 |
| 16 Amount from Form 1040, line 47* (estates and trusts – see instructions) | 16 | 22,301 | | |
| 17 Minimum tax from Form 1040, line 49a (estates and trusts – see instructions) | 17 | | | |
| 18 Tax from recomputing prior-year investment credit (from Form 1040, line 50) (estates and trusts – see instructions) | 18 | | | |
| 19 Tax from recomputing prior-year work incentive (WIN) credit | 19 | | | |
| 20 Add lines 16 through 19 | | | 20 | 22,301 |
| 21 Alternative minimum tax (subtract line 20 from line 15). If zero or less, do not complete the rest of this form | | | 21 | 2,879 |
| 22 Foreign tax credit (see instructions) | | | 22 | |
| 23 Subtract line 22 from line 21. Enter here and on Form 1040, line 49b (estates and trusts – see instructions) | | | 23 | 2,879 |

*Do not include any tax from Form 4970, Form 4972, Form 5544, or any penalty tax under section 72(m)(5).

13-6028390 244 9114-88
JOHN OAKES MARRIOTT TRUST U/A 8/19/60

FEDERAL FIDUCIARY STATEMENTS - YEAR ENDING 12/31/79 PAGE 1

STATEMENT 1 - DIVIDENDS

| | QUALIFYING | NON-QUALIFYING | CAPITAL GAIN | NON-TAXABLE |
|---|---|---|---|---|
| LEHMAN BROS KUHN LOEB-NOMINEE | 78,020 | | | |
| TOTAL | 78,020** | 0** | 0** | 0** |

---

STATEMENT 2 - INTEREST INCOME

| | |
|---|---|
| INTEREST FROM U.S. OBLIGATIONS | 73,728 |
| LEHMAN BROS KUHN LOEB-NOMINEE | 8,375 |
| LEHMAN BROS KUHN LOEB-CREDIT BALANCE | 3,159 |
| TOTAL INTEREST INCOME | 85,262** |

---

STATEMENT 3 - OTHER DEDUCTIONS

| | AMOUNT |
|---|---|
| TRUSTEES COMMISSIONS | 8,128 |
| INVESTMENT MANAGEMENT FEES | 11,087 |
| TOTAL OTHER DEDUCTIONS | 19,215** |

FORM T. D. 3

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT JOHN D. MARRIOTT TR 8/19/60 YEAR 1979 PAGE

| DATE ACQUIRED | DATE SOLD | SECURITY SOLD | N.Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (100%) PROFIT | SHORT TERM (100%) LOSS | N.Y. TRANSFER TAX | LONG TERM (100%) PROFIT | LONG TERM (100%) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/43 2/10/48 | 1/24/79 | 6074 GULF OIL CORP. | | 17 180 32 | 143 894 18 | | | | 126 713 86 | | 303 70 |
| | | | | | 17 180 32 | | | | — | | |
| | | | | | 126 713 86 | | | | 126 713 86 | | 303 70 |
| | | T for Tax | | | | | | | 303 70 | | |
| | | | | | | | | | 127 017 56 | | |

**EXHIBIT D**

# CRAVATH, SWAINE & MOORE

ONE CHASE MANHATTAN PLAZA
NEW YORK, N. Y. 10005
212 HANOVER 2-3000
TELEX
RCA 233663
WUD 125547
WUI 620976
CABLE ADDRESSES
CRAVATH, N. Y.
CRAVATH, PARIS
CRAVATH, LONDON E. C. 2

RALPH L. McAFEE
HENRY W. deKOSMIAN
ALLEN F. MAULSBY
STEWARD R. BROSS, JR.
HENRY P. RIORDAN
JOHN R. HUPPER
SAMUEL C. BUTLER
WILLIAM J. SCHRENK, JR.
BENJAMIN F. CRANE
FRANCIS F. RANDOLPH, JR.
JOHN F. HUNT
GEORGE J. GILLESPIE, III
RICHARD S. SIMMONS
WAYNE E. CHAPMAN
THOMAS D. BARR
MELVIN L. BEDRICK
GEORGE T. LOWY
ROBERT ROSENMAN
JAMES H. DUFFY
ALAN J. HRUSKA
JOHN E. YOUNG
JAMES M. EDWARDS
DAVID G. ORMSBY
DAVID L. SCHWARTZ
RICHARD J. HIEGEL
FREDERICK A. O. SCHWARZ, JR.
CHRISTINE BESHAR
ROBERT S. RIFKIND
DAVID BOIES
DAVID O. BROWNWOOD
PAUL M. DODYK
RICHARD M. ALLEN
THOMAS R. BROME
ROBERT D. JOFFE
ROBERT F. MULLEN
ALLEN FINKELSON
RONALD S. ROLFE
JOSEPH R. SAHID
PAUL C. SAUNDERS
MARTIN L. SENZEL
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
RICHARD L. HOFFMAN
JOSEPH A. MULLINS
MAX R. SHULMAN
WILLIAM P. DICKEY
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER

COUNSEL
MAURICE T. MOORE
CARLYLE E. MAW

ROSWELL L. GILPATRIC
ALBERT R. CONNELLY
L. R. BRESLIN, JR.
GEORGE B. TURNER
FRANK H. DETWEILER
GEORGE G. TYLER
JOHN H. MORSE
HAROLD R. MEDINA, JR.
CHARLES R. LINTON
WILLIAM B. MARSHALL
ROYALL VICTOR
ALLEN H. MERRILL

4, PLACE DE LA CONCORDE
75008 PARIS, FRANCE
TELEPHONE 265-81-54
TELEX: 290530

33 THROGMORTON STREET
LONDON, EC2N 2BR, ENGLAND
TELEPHONE 1-606-1421
TELEX 8814901

April 15, 1981

<u>John Oakes Marriott Trust u/a/d 8/19/60</u>
<u>Tax I.D. No. 13-6028390</u>

Dear Sirs:

On behalf of the trustees of the above-described trust, I enclose an amended U.S. Fiduciary Income Tax Return (Form 1041) for the trust for the 1977 calendar year. As is shown by the amended Return, there is a tax refund due to the trustees in the amount of $18,801.14.

Kindly acknowledge receipt of the enclosed amended Return by date-stamping the enclosed copy of this letter and returning it to me in the self-addressed postpaid envelope.

Very truly yours,

[signature]

Paul D. Siniawer

Internal Revenue Service Center,
1040 Waverly Avenue,
Holtsville, New York 11799.

RECEIVED IRS
19 73 APR 18 1981 MAIL
Brookhaven Service Center
Holtsville, N. Y. 11799

Encls.

S

AMENDED

Form **1041** Department of the Treasury Internal Revenue Service

# U.S. Fiduciary Income Tax Return

for the calendar year 1977 or fiscal year beginning ........, 1977, and ending ........, 19

**1977**

Check applicable box(es):
- ☐ Estate ($600 exemption)
- ☐ Testamentary trust
- ☐ Inter vivos trust
- ☐ Simple trust ($300)
- ☐ Complex trust ($100)
- ☐ Complex trust ($300)
- ☒ Grantor type trust
- ☐ Family estate type trust
- ☐ Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instruction O.)
John Oakes Marriott Trust u/a/d 8/19/60

Name and title of fiduciary
George J. Gillespie, III, et al., Trustees

Address of fiduciary (number and street)
Lehman Bros. Kuhn Loeb Tax Dept.

City, State, and ZIP code
55 Water Street, New York, N. Y. 10041

Employer identification number
13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See Instruction V.):
☐ Described in section 4947(a)(1)
☐ Not treated as a private foundation by reason of sec. 509(a)(1), (2) or (3)
☐ Described in section 4947(a)(2)

First return? ☐ Yes ☐ No. If "No," has the fiduciary's address changed? ☐ Yes ☐ No. Final return? ☐ Yes ☐ No

| | Line | | | |
|---|---|---|---|---|
| INCOME | 1 Dividends (Enter full amount before exclusion) | 1 | SEE STATEMENT ATTACHED | |
| | 2 Interest | 2 | | |
| | 3 Income from partnerships and other fiduciaries | 3 | | |
| | 4 Gross rents and royalties | 4 | | |
| | 5 Gross profit (loss) from trade or business | 5 | | |
| | 6 Capital gain or (loss) (Attach Schedule D (Form 1041)) | 6 | | |
| | 7 Net gain or (loss) from line 9, Form 4797 (Attach Form 4797) | 7 | | |
| | 8 Other income (State nature of income) | 8 | | |
| | 9 Total income (lines 1 to 8, inclusive) | 9 | | |
| DEDUCTIONS | 10 Interest | 10 | | |
| | 11 Taxes | 11 | | |
| | 12 Fiduciary's portion of depreciation (Schedule A) and depletion. Explain depletion | 12 | | |
| | 13 Charitable deduction (Schedule B, line 9) | 13 | | |
| | 14 Fiduciary fees | 14 | | |
| | 15 Attorney, accountant, and return preparer fees | 15 | | |
| | 16 Other deductions (Itemize on a separate sheet and attach) | 16 | | |
| | 17 Total (lines 10 to 16, inclusive) | 17 | | |
| | 18 Line 9 minus line 17 (Complex trusts and estates enter this amount in Schedule C, line 1 also) | 18 | | |
| | 19 Deduction for distributions to beneficiaries | 19 | | |
| | 20 Adjustment of dividend exclusion | 20 | | |
| | 21 Estate tax attributable to income in respect of a decedent (Fiduciary's share) | 21 | | |
| | 22 Long-term capital gain deduction. Enter 50% of Schedule D (Form 1041) line 17e | 22 | | |
| | 23 Exemption (If final return, see General Instruction M.) | 23 | | |
| | 24 Total (lines 19 to 23, inclusive) | 24 | | |
| | 25 Taxable income of fiduciary (line 18 minus line 24) | 25 | | 0.00 |
| COMPUTATION OF TAX | 26 Tax on amount on line 25 (See tax rate schedule) | 26 | | 0.00 |
| | 27 If alternative tax is applicable, enter the tax from Schedule D (Form 1041) line 29 | 27 | | |
| | 28 Fiduciary's share of foreign tax credit (Attach Form 1116) | 28 | | |
| | 29 Fiduciary's share of investment credit (Attach Form 3468) | 29 | | |
| | 30 (a) WIN credit ...... (b) New jobs credit ...... (c) Total | 30 | | |
| | 31 Total (lines 28 to 30, inclusive) | 31 | | |
| | 32 Balance (line 26 or 27, whichever is applicable, less line 31) | 32 | | |
| | 33 Tax from recomputing fiduciary's share of prior year investment credit (Attach Form 4255) | 33 | | |
| | 34 Minimum tax (Attach Form 4626) | 34 | | |
| | 35 Total (lines 32 to 34, inclusive) | 35 | | 0.00 |
| | 36 Fiduciary's share of credit for tax paid at source on tax free convenant bond interest | 36 | | |
| | 37 Credit for Federal tax on special fuels, nonhighway gas and lub. oil (Attach Form 4136) | 37 | | |
| | 38 Credit from regulated investment companies (Attach Form 2439) | 38 | | |
| | 39 Tax previously paid (See Instruction 39 and attach Form 2758) | 39 | 18,801.14* | |
| | 40 Federal income tax withheld (Attach Form W-2) (*Paid with original Return) | 40 | | |
| | 41 Total (lines 36 to 40, inclusive) | 41 | | 18,801.14 |
| | 42 Balance of tax due (line 35 less line 41) (See Instruction H.) | 42 | | |
| | 43 Overpayment (line 41 less line 35) | 43 | | 18,801.14 |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

Sign here ▶ [signature], Trustee 4/15/81
Signature of fiduciary or officer representing fiduciary Date

▶ [signature] Soc. Sec. No. 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
Signature of paid preparer (other than fiduciary) and identifying number (See instruction G)

c/o Cravath, Swaine & Moore, 1 Chase Manhattan Plaza, New York, N. Y. 10005
Paid preparer's address (or employer's name, address, and identifying number) I.D.No. 13-5015405

## Schedule A.—DEPRECIATION—(See the Instructions for Schedule A for information on the depreciation methods.)

| a. Description of property | b. Date acquired | c. Cost or other basis | d. Depreciation allowed or allowable in prior years | e. Method of computing depreciation | f. Life or rate | g. Depreciation for this year |
|---|---|---|---|---|---|---|
| 1 Total additional first-year depreciation—estates only (do not include in items below) | | | | | | |
| 2 Other depreciation: | | | | | | |
| | | | | | | |
| 3 Totals | | | | | | |
| 4 Less amount of depreciation claimed elsewhere on return | | | | | | |
| 5 Balance (line 3 minus line 4) | | | | | | |
| 6 Fiduciary's portion of line 5. Enter here and on page 1, line 12 | | | | | | |

## Schedule B.—CHARITABLE DEDUCTION—(Attach statement giving name and address of charitable organization.)

1 Amounts paid or permanently set aside for charitable purposes from current year's income

2 Tax-exempt interest allocable to charitable distribution

**(Complete lines 3 and 4 below only if gain on Schedule D (Form 1041) line 15, column 2, exceeds loss on Schedule D (Form 1041) line 14, column 2.)**

3 a Long-term capital gain included on line 1

**(Do not complete lines b and c if such amounts are greater than line a)**

b Enter gain on Schedule D (Form 1041) line 15, column 2, minus loss on Schedule D (Form 1041) line 14, column 2

c Enter gain on Schedule D (Form 1041) line 15, column 3, minus loss on Schedule D (Form 1041) line 14, column 3

4 Enter 50% of the smallest of line 3a, line 3b, or line 3c (See instructions.)

5 Enter sum of line 2 and line 4

6 Balance (line 1 minus line 5)

7 Enter short-term capital gains and 50% of the long-term capital gains of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes

8 Amounts paid or permanently set aside for charitable purposes other than from income of the current year

9 Total (line 6 plus lines 7 and 8). Enter here and on page 1, line 13

## Schedule C.—DISTRIBUTABLE NET INCOME AND DISTRIBUTIONS DEDUCTION

| | | |
|---|---|---|
| 1 Enter amount from page 1, line 18 | 1 | |
| 2 Add: a Tax-exempt interest (as adjusted) | 2a | |
| b Net gain shown on Schedule D (Form 1041) line 16, column 1. If net loss, enter zero | b | |
| c Schedule B, lines 4 and 7 | c | |
| d Short-term capital gain included on Schedule B, line 1 | d | |
| e If amount on page 1, line 6, is a loss, enter amount here as a positive figure | e | |
| 3 Total (line 1 through line 2e) | 3 | |
| 4 If amount on page 1, line 6, is a gain, enter amount here | 4 | |
| 5 Distributable net income (line 3 minus line 4) | 5 | |
| 6 Amount of income required to be distributed currently | 6 | |
| 7 Other amounts paid, credited, or otherwise required to be distributed | 7 | |
| 8 Total (lines 6 and 7) | 8 | |
| 9 Enter the total of tax-exempt income included on lines 6 and 7 (as adjusted) | 9 | |
| 10 Balance (line 8 minus line 9) | 10 | |
| 11 Enter distributable net income (line 5, above) | 11 | |
| 12 Enter the amount from line 2a, above | 12 | |
| 13 Balance (line 11 minus line 12) | 13 | |
| 14 Distributions deduction. Enter here and on page 1, line 19, the lesser of line 10 or line 13 above | 14 | |

| | Yes | No |
|---|---|---|
| 1 Date trust was created or, if an estate, date of decedent's death. August 19, 1960 | | |
| 2 Did you receive tax-exempt income? | | |
| If "Yes," did you deduct any expenses allocable to it? | | |
| 3 If the estate or trust received income from a nominee, state name, identifying number, and address of nominee ▶ | | |
| 4 If a complex trust, is this a section 663(b) election? | | |
| If "Yes," state amount ▶ | | |
| 5 If a trust, is any section 644 tax due? If "Yes," state amount ▶ and attach computation. | | |
| 6 Does the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? | | |
| 7 Have you deducted on this return any amount paid directly or indirectly for the benefit of the grantor or spouse? | | |
| 8 Did the estate or trust, at any time during the taxable year, have any interest in or signature or other authority over a bank, securities, or other financial account in a foreign country (except in a U.S. military banking facility operated by a U.S. financial institution)? If "Yes," see the instructions for questions 8 and 9 | | |
| 9 Was the estate or trust the grantor of, or transferor to, a foreign trust during any taxable year, which foreign trust was in being during the current taxable year, whether or not the estate or trust has any beneficial interest in such trust? If "Yes," you may be required to file Forms 3520, 3520-A, or 926 | | |

U.S. GOVERNMENT PRINTING OFFICE 1977 - O-235 369 52 0237640

John Oakes Marriott Trust u/a/d 8/19/60
I.D. No. 13-6028390

In the original U.S. Fiduciary Income Tax Return (Form 1041) filed for the 1977 calendar year, the trustees reported a net long-term capital gain of $73,874.70, which was credited to trust corpus and paid a tax of $18,801.14 with respect to that gain. Under the provisions of the trust indenture, a copy of which is attached, the trustees have unlimited discretion to distribute principal to the settlor of the trust. Accordingly, the settlor should be treated as the owner of the trust pursuant to Section 677(a)(2) of the Internal Revenue Code. None of the trustees is an adverse party within the meaning of Section 672 of the Internal Revenue Code and the regulations thereunder.

This amended Form 1041 is being filed as a return for a "grantor-type" trust to report the net long-term capital gain realized in 1977 as an item of income attributable to the settlor rather than to the trust, and to claim a refund of the above-mentioned tax of $18,801.14 paid by the trustees.

The owner of the trust is:

Name: John Oakes Marriott

Soc. Sec. No.: Non-resident alien

Address: 12 Wilton Crescent
London S.W. 1, ENGLAND

The items of income and deductions of the trust attributable to the settlor are as follows:

INCOME

| | |
|---|---|
| Dividends | $110,199.47 |
| Interest (fully taxable) | 10,801.44 |
| Total | $121,000.91 |

CAPITAL GAINS AND LOSSES

See schedule attached

DEDUCTIONS

| | |
|---|---|
| Investment advisory fees | $11,650.71 |
| Trustees' commissions | 7,307.96 |
| Total | $18,958.67 |

John Oakes Marriott 1960 Trust
I.D.# 13-6029390

CARRY OVER
FEDERAL — 0 —
NEW YORK

## CAPITAL GAINS AND LOSSES FOR YEAR ENDING DECEMBER 31, 1977

| PAR VALUE OR NO. SHS. | DESCRIPTION | DATE ACQUIRED | DATE SOLD 1977 | AMOUNT REALIZED | COST BASIS | PROFIT OR LOSS | PROFIT OR LOSS: MORE THAN 9 MONTHS | PROFIT OR LOSS: LESS THAN 9 MONTHS |
|---|---|---|---|---|---|---|---|---|
| 1,200 shs. | Eli Lilly & Co. | 3-26-63 | 4-26 | 46 003 46 | 12 896 28 | 33 107 18 | 33 107 18 | |
| 1,600 " | International Paper Co | 6-6-75 6-16-75 | 9-26 | 68 861 88 | 76 291 20 | (7 429 32) | (7 429 32) | |
| 1700 " | J.P. Morgan & Co. | 6-11-76 9-24-76 | 12-8 | 73 358 49 | 97 801 00 | (24 442 51) | (24 442 51) | |
| [illegible] " | Proctor & Gamble Co | 11-25-53 | 12-8 | 116 244 21 | 11 797 98 | 104 446 23 | 104 446 23 | |
| [illegible] " | Bethlehem Steel Corp. | 6-30-75 | 12-8 | 40 903 12 | 72 710 00 | (31 806 88) | (31 806 88) | |
| | | | | 345 371 16 | 271 496 46 | 73 874 70 | 73 874 70 | |

COPY

THIS INDENTURE, made this 19th day of August, 1960, at Jersey City, in the State of New Jersey, between JOHN OAKES MARRIOTT, residing in London, England (hereinafter called the Settlor), party of the first part, and THEODORE C. RICHARDS, residing in East Orange, in said State of New Jersey, hereinafter called the "Trustee" or "Trustees"), party of the second part:

W I T N E S S E T H:

That the Settlor, in consideration of the covenants hereinafter contained, hereby assigns, transfers and sets over unto the Trustee the property described in the schedule hereto annexed and marked "Schedule A";

To have and to hold the said property unto the said Trustee, his successors and assigns, IN TRUST NEVERTHELESS, upon the following conditions and covenants, that is to say:

ARTICLE 1. -- The Trustee shall hold the same during the lifetimes of the Settlor and his father, SIR JOHN CHARLES OAKES MARRIOTT, and the survivor of them, and during the continuance of the Trust shall receive the income of said property and apply the net income as follows:

(a) As to one-half of the net income (or after the death of the Settlor, as to the whole of the net income) to apply the same to the use of SIR JOHN CHARLES OAKES MARRIOTT, the father of the Settlor, during his lifetime.

(b) As to one-half of the net income (or after the death of Sir John Charles Oakes Marriott, as to the whole of the net income), to apply the same to the use of the Settlor during his lifetime.

Upon the death of the survivor of the Settlor and his father, the trust shall terminate and the trust property then remaining with the Trustee shall be transferred and paid as follows: one-third to a widow of the Settlor then surviving and two-thirds (or if no widow of the Settlor is then surviving, the whole) to the issue of the Settlor then surviving, in equal shares per stirpes or in default of such issue then surviving to the issue then surviving of ADDIE WOLFF KAHN, grandmother of the Settlor, in equal shares per stirpes.

ARTICLE 2. -- The Trustee, in addition to and not in limitation of all common law and statutory authority, shall have power with regard to both real and personal property

in the trust fund and any part thereof or interest therein, to alter, to improve, to mortgage, to pledge, to lease (with or without option to renew or purchase), to exchange, to purchase and to sell at public or private sale for cash or upon credit, or for any other consideration, without approval of any court and without liability upon any person dealing with the Trustee to see to the application of any money or other property delivered to him; to lend and borrow money, with or without security, to or from any person or firm, association or corporation; to extend, with or without consideration, the time of payment or performance of any indebtedness, obligation or condition, in whole or in part; to consent, with or without consideration, to the payment or redemption of junior issues of corporate obligations or shares and to the payment of interest or dividends thereon, though senior issues be held by them and there be no payment or redemption in respect of such senior issues; to make investments and reinvestments in the obligations and stocks of governments, municipalities or other political entities and public or semi-public corporations, American or foreign, and in the shares, certificates of interest, warrants, obligations of any firm, association or trust, or of any American or foreign corporation, whether or no organized by him, and whether or no the whole or only a part of the issue, and to make any other investment although of a kind or in an amount not deemed a trust investment; to keep any or all stocks, shares, certificates, warrants, obligations or other property, real or personal, in the name of any person or corporation or in his own name without disclosing his fiduciary capacity; to determine what shall be charged or credited to income and what to principal and specifically, but without limitation, to make such determination in regard to shares of stock and cash dividends, rights and all other receipts in respect of the ownership of shares, certificates of interest or obligations and to purchase or retain shares, certificates of interest or obligations which pay dividends or interest in whole or in part otherwise than in cash and in his discretion to treat such dividends or interest in whole or in part as income; subject to the provisions of this Indenture, to determine who are the distributees hereunder and the proportions in which they shall take; to make distribution or divisions of principal hereunder in kind (though in unequal proportions or of different sorts) at values determined by him; to decide whether or no to make deductions from income for depreciation, obsolescence, amortization, depletion, exhaustion or waste and, if so, in what amount; to pay, compromise, contest or dispose of any claim or other matter directly or indirectly affecting the trust; to employ legal and investment counsel and to determine whether or no to act

upon their advice; to maintain an office or offices and to pay the expenses thereof and employ attorneys, secretaries, accountants and agents and to compensate them; and generally to do all things in relation to the trust, not in conflict with the provisions of this Indenture, which the Settlor could do if living and were the owner of the trust fund and if this deed of trust had not been executed.

ARTICLE 3. -- The Trustee shall have power to invest in real property, improved or unimproved, productive or unproductive, situate in America or elsewhere, or in any interest therein.

ARTICLE 4. -- The Trustee during the continuance of the trust shall have power, in his discretion, to apply to the use of the Settlor, any part of the principal of the trust fund, with or without obligation to make repayment of any sum so applied or to pay interest thereon.

ARTICLE 5. -- To the extent that the Trustee shall in his discretion decide to apply income or principal to the use of any beneficiary, he shall have discretion either to pay the same to the beneficiary in money, American or foreign or the equivalent or to satisfy obligations of the beneficiary or to furnish the beneficiary with the necessities, comforts and luxuries of life, and specifically but without limitation, with domestic, professional and other services and the use of real or personal property; and the Trustee shall have the power to expend such part of the principal or income of the trust fund as he may, in his discretion, see fit in the acquisition, improvement and upkeep of real or personal property in America or elsewhere for the use of a beneficiary and to pay out of income or principal all taxes and other governmental charges incident to the ownership and use of the same and also all costs of equipping, maintaining, staffing, supplying or victualing the same for the use of such beneficiary.

ARTICLE 6. -- In order to increase the number of Trustees hereunder to three, or whenever the number of Trustees hereunder shall be less than three whether by reason of death, resignation, incompetency, inability to act or otherwise, the existing Trustee or Trustees or a majority of them shall have power, in their discretion, from time to time to appoint by an instrument in writing, a Trustee or Trustees, provided, however, that at no time shall the number of Trustees hereunder be more than three. The Trustees or Trustee, as they shall exist at any time shall have all the powers of the Trustee originally named herein. The Trustees may act in all matters

by a majority vote and the decision, act or deed of the majority, shall be the decision, act or deed of all the Trustees. Any Trustee hereunder may resign by written instrument, acknowledged and delivered to a remaining Trustee, who shall notify the other remaining Trustee, or, if there be no other remaining Trustee, delivered or mailed to the last known address of the person who shall be the oldest then living issue of ADDIE WOLF KAHN, other than the issue of Maude E. Marriott (not a trustee hereunder) and twenty-one years of age.

ARTICLE 7. -- All acts and decisions of the Trustees done or made in good faith shall be conclusive on all parties in interest. No Trustee shall be liable except for his or her own wilful misconduct or bad faith.

ARTICLE 8. -- Any two of the issue of ADDIE WOLFF KAHN (other than the issue of Maud E. Marriott) as are at the time living and twenty-one years of age and otherwise competent and willing to act, shall have power to remove any Trustee hereunder (whether or no originally named herein), to appoint a new Trustee or Trustees whenever the number of Trustees hereunder competent to act and acting shall be less than three and shall have continued to be less than three for at least thirty days, to audit the accounts of the Trustees (interim or final) or the accounts of any retiring Trustee, to determine, compromise and settle the liabilities of whatsoever nature of any Trustee to the trust or of the trust to any Trustee and give discharges and indemnity. All acts and decisions of the issue of ADDIE WOLFF KAHN done or made in good faith, shall be conclusive upon all parties in interest, and none of such issue shall be liable, except for his or her own wilful misconduct or bad faith.

ARTICLE 9. -- No beneficiary hereunder shall have any legal or equitable estate, right, title or interest in or to the principal or income of the trust fund or any part thereof, but may enforce the performance of the trust. The rights and obligations of the parties and of all persons interested hereunder (including the Trustees' compensation), except as herein specifically provided for, shall be governed by the law of the State of New Jersey. If any provision of this Indenture be illegal, such provision shall be deemed eliminated and the remaining provisions shall be appropriately enforced.

The Trustee acknowledges receipt and delivery to him at Jersey City, in the State of New Jersey, of the property mentioned in the Schedule aforesaid and accepts and covenants

to perform the trust according to the conditions herein set forth.

IN WITNESS WHEREOF, the parties hereto have at Jersey City in the State of New Jersey hereunto set their hands and seals the day and year first above mentioned.

/s/ John C. Marriott (SEAL)

/s/ Theodore C. Richards (SEAL)

THIS INSTRUMENT was signed, sealed and delivered and an assignment of the property mentioned in Schedule A, hereto annexed, was delivered and accepted the day and year first above written at Jersey City in the State of New Jersey, in the presence of:

/s/ Elmer H. [illegible]

STATE OF NEW JERSEY :
: SS.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the Settlor in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,19

(Notary Seal)

STATE OF NEW JERSEY :
: SS.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared THEODORE C. RICHARDS, who, I am satisfied, is the Trustee in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1

(Notary Seal)

SCHEDULE A
Principal of the Trust

All right, title and interest of the Settlor, JOHN OAKES MARRIOTT, as contingent remainderman in and to the trust under the will of his great-grandfather, Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees, and Maud E. Mariott is life beneficiary.

CO

In consideration of one dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, I JOHN OAKES MARRIOTT, hereby assign, transfer and set over to THEODORE C. RICHARDS, as Trustee under an Indenture made and dated August 19th, 1960, between me as Settlor and said Richards as Trustee, and to his successors and assigns, all my right, title and interest as contingent remainderman in and to the trust under the will of my great-grandfather Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees and Maud E. Marriott is life beneficiary; and I hereby give to said Theodore C. Richards, as Trustee under said Indenture made August 19th, 1960, his successors and assigns, full power and authority for his or their use as such Trustees, and at his or their cost, to ask, demand, collect, receive, compound and give acquittance for the same or any part thereof, and in my name or otherwise to prosecute and withdraw any suits or proceedings at law and in equity therefor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of August, 1960.

Witness:

/s/ Elmer E. Hall

/s/ John O. Marriott (SEAL)

STATE OF NEW JERSEY :
: SS.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the assigner in the within assignment named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall

(Notarial Seal) Notary Public of New Jersey
My Commission Expires June 6, 1964

# CRAVATH, SWAINE & MOORE

ONE CHASE MANHATTAN PLAZA
NEW YORK, N. Y. 10005

RALPH L. McAFEE
HENRY W. deKOSMIAN
ALLEN F. MAULSBY
STEWARD R. BROSS, JR.
HENRY P. RIORDAN
JOHN R. HUPPER
SAMUEL C. BUTLER
WILLIAM J. SCHRENK, JR.
BENJAMIN F. CRANE
JOHN F. HUNT
GEORGE J. GILLESPIE, III
RICHARD S. SIMMONS
WAYNE E. CHAPMAN
THOMAS D. BARR
MELVIN L. BEDRICK
GEORGE T. LOWY
ROBERT ROSENMAN
JAMES H. DUFFY
ALAN J. HRUSKA
JOHN E. YOUNG
JAMES M. EDWARDS
DAVID G. ORMSBY
DAVID L. SCHWARTZ
RICHARD J. HIEGEL

CHRISTINE BESHAR
ROBERT S. RIFKIND
DAVID BOIES
DAVID O. BROWNWOOD
PAUL M. DODYK
RICHARD M. ALLEN
THOMAS R. BROME
ROBERT D. JOFFE
ROBERT F. MULLEN
ALLEN FINKELSON
RONALD S. ROLFE
JOSEPH R. SAHID
PAUL C. SAUNDERS
MARTIN L. SENZEL
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
RICHARD L. HOFFMAN
JOSEPH A. MULLINS
MAX R. SHULMAN
WILLIAM P. DICKEY
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER

COUNSEL
MAURICE T. MOORE
FRANCIS F. RANDOLPH, JR.

TELEPHONE
212 422-3000

TELEX
RCA 233663
WUD 125547
WUI 620976

CABLE ADDRESSES
CRAVATH, N. Y.
CRAVATH, LONDON E. C. 2

33 THROGMORTON STREET
LONDON, EC2N 2BR, ENGLAND
TELEPHONE: 1-606-1421
TELEX: 8814901
RAPIFAX/INFOTEC:
1-606-1425

April 8, 1982

John Oakes Marriott Trust
u/a/d 8/19/60
Tax I.D. No. 13-6028390

Dear Sirs:

On behalf of the trustees of the above-described trust, I enclose amended U.S. Fiduciary Income Tax Returns (Form 1041) for the trust for calendar years 1978 and 1979. The amended Returns show that there are tax refunds due to the trust of $55,156 in respect of calendar year 1978 and $25,180 in respect of calendar year 1979.

Kindly acknowledge receipt of the enclosed amended Returns by date-stamping the enclosed copy of this letter and returning it to me in the self-addressed postpaid envelope.

Very truly yours,

Paul D. Siniawer

Internal Revenue Service Center,
Holtsville,
N. Y. 00501

RECEIVED IRS
19
APR 15 1982
171
MAIL
Director Brookhaven Service Center
Holtsville, N. Y. 11799

Encls.

S

Form **1041**
Department of the Treasury
Internal Revenue Service

# U.S. Fiduciary Income Tax Return

for the calendar year 1979 or fiscal year
beginning ............, 1979, and ending ............, 19......

**1979**

Check applicable box(es):
- ☐ Estate ($600 exemption)
- ☐ Generation-skipping trust
- ☐ Simple trust ($300)
- ☐ Complex trust ($100)
- ☐ Complex trust ($300)
- ☒ Grantor type trust
- ☐ Family estate type trust
- ☐ Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instructions)
John Oakes Mariott Trust U/A 8/19/60

Name and title of fiduciary
George J. Gillespie EtAL Trustee

Address of fiduciary (number and street)
C/O Lehman Bros. Kuhn Loeb, Tax Dept. 55 Water St.

City, State, and ZIP code
New York, N.Y. 10041

Employer identification number
13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See instructions):
- ☐ Described in section 4947(a)(1)
- ☐ Not treated as a private foundation by reason of sec. 509(a) (1), (2) or (3)
- ☐ Described in section 4947(a)(2)

Check applicable box(es): First return ☐, change in fiduciary's name ☐ or address ☐, final return ☐.

| Section | Line | Description | No. | Amount |
|---|---|---|---|---|
| Income | 1 | Dividends (Enter full amount before exclusion) | 1 | SEE STATEMENT |
| | 2 | Interest | 2 | ATTACHED |
| | 3 | Partnership income or (loss) | 3 | |
| | 4 | Other estate or trust income | 4 | |
| | 5 | Net rent and royalty income or (loss) from line 47 | 5 | |
| | 6 | Net business and farm income or (loss) (Attach Schedules C and F (Form 1040)) | 6 | |
| | 7 | Capital gain or (loss) (Attach Schedule D (Form 1041)) | 7 | |
| | 8 | Ordinary gain or (loss) (Attach Form 4797) | 8 | |
| | 9 | Other income (Attach schedule if over $400) | 9 | |
| | 10 | Total income (add lines 1 to 9, inclusive) ▶ | 10 | |
| Deductions | 11 | Interest | 11 | |
| | 12 | Taxes | 12 | |
| | 13 | Fiduciary's portion of depreciation and depletion not claimed elsewhere (See specific instructions) | 13 | |
| | 14 | Charitable deduction (from line 56) | 14 | |
| | 15 | Fiduciary fees | 15 | |
| | 16 | Attorney, accountant, and return preparer fees | 16 | |
| | 17 | Other deductions (List on a separate sheet and attach) | 17 | |
| | 18 | Total (add lines 11 to 17, inclusive) ▶ | 18 | |
| | 19 | Subtract line 18 from line 10 | 19 | |
| | 20 | Income distribution deduction (from line 71) (See specific instructions) (Attach Schedule K–1 (Form 1041)) | 20 | |
| | 21 | Adjustment of dividend exclusion | 21 | |
| | 22 | Estate tax deduction (Attach computation) | 22 | |
| | 23 | Long-term capital gain deduction from Schedule D (Form 1041) | 23 | |
| | 24 | Exemption | 24 | |
| | 25 | Total (add lines 20 to 24, inclusive) ▶ | 25 | |
| | 26 | Taxable income of fiduciary (subtract line 25 from line 19) | 26 | - 0 - |
| Computation of Tax | 27 | Tax on amount on line 26 (See tax rate schedule) | 27 | |
| | 28 | Fiduciary's share of foreign tax credit (Attach Form 1116) | 28 | |
| | 29 | Fiduciary's share of investment credit (Attach Form 3468) | 29 | |
| | 30 | a Win credit ▶ ; b Jobs credit ▶ ; c Total ▶ | 30 | |
| | 31 | Total (add lines 28 to 30, inclusive) ▶ | 31 | - 0 - |
| | 32 | Balance (subtract line 31 from line 27) | 32 | |
| | 33 | Tax from recomputing fiduciary's share of prior year investment credit (Attach Form 4255) | 33 | |
| | 34 | Minimum tax (Attach Form 4626) | 34 | |
| | 35 | Alternative minimum tax (Attach Form 6251) | 35 | |
| | 36 | Total (add lines 32 to 35, inclusive) ▶ | 36 | |
| | 37 | Other credits (See instruction 37) | 37 | |
| | 38 | Federal income tax: a Previously paid ▶ 25,180 ; b Withheld ▶ ; c Total ▶ | 38 | 25,180 |
| | 39 | Total (add lines 37 and 38) (PAID WITH ORIGINAL RETURN) ▶ | 39 | 25,180 |
| | 40 | Balance of tax due (subtract line 39 from line 36) (See instruction H.) | 40 | |
| | 41 | Overpayment (subtract line 36 from line 39) | 41 | 25,180 |

COPY

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

Please Sign Here

▶ Signature of fiduciary or officer representing fiduciary — TRUSTEE — Date

Paid Preparer's Information

Preparer's signature and date ▶ James J. Carroll 4/5/82 — Check if self-employed ▶ ☐ — Preparer's social security no. 129 05 4051

Firm's name (or yours, if self-employed) and address ▶ LEHMAN BROTHERS KUHN LOEB INC. 55 WATER ST., N.Y.C. 10041 ID 13-2663822 — E.I. No. ▶ — ZIP code ▶

## Schedule A.—NET RENT AND ROYALTY INCOME (If more space is needed, attach additional sheets of same size.)

| | (a) Kind and location of property | (b) Total amount of rents | (c) Total amount of royalties | (d) Fiduciary's share of depreciation (explain on Form 4562) or depletion (attach computation) | (e) Other expenses (Repairs, etc. attach statement) |
|---|---|---|---|---|---|
| 42 | | | | | |
| 43 | | | | | |
| 44 | | | | | |
| 45 | | | | | |
| 46 | Totals | | | | |

47 Net income or (loss) (column (b) plus column (c) less columns (d) and (e)). Enter here and on line 5 . . . 47

## Schedule B.—CHARITABLE DEDUCTION (Attach statement giving name and address of charitable organization.)

48 Amounts paid or permanently set aside for charitable purposes from current year's income . . .
49 Tax-exempt interest allocable to charitable distribution (See instructions.) . . .
(Complete lines 50 and 51 below only if gain on Schedule D (Form 1041), line 19, column (b), exceeds loss on Schedule D (Form 1041), line 18, column (b).)
50 a Long-term capital gain included on line 48. (See instructions.) . . .
(Do not complete lines b and c if such amounts are greater than line a.)
b Enter gain on Schedule D (Form 1041), line 19, column (b), minus loss on Schedule D (Form 1041), line 18, column (b) . . .
c Enter gain on Schedule D (Form 1041), line 19, column (c), minus loss on Schedule D (Form 1041), line 18, column (c) . . .
51 Enter the smallest of line 50a, 50b, or 50c adjusted for the section 1202 deduction . . .
52 Add line 49 and line 51 . . .
53 Balance (subtract line 52 from line 48) . . .
54 Enter the short-term capital gains and the long-term capital gains adjusted for the section 1202 deduction of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes . . .
55 Amounts paid or permanently set aside for charitable purposes other than from income of the current year. (See instructions.) . . .
56 Total (add lines 53, 54 and 55). Enter here and on line 14 . . .

## Schedule C.—INCOME DISTRIBUTION DEDUCTION

57 Enter amount from line 19 if the amount on line 10 exceeds the amount on line 18 . . . 57
58 Add: a Tax-exempt interest, as adjusted (See instructions) . . . 58a
b Net gain shown on Schedule D (Form 1041), line 20, column (a). If net loss, enter zero . . . 58b
c Add lines 51 and 54 . . . 58c
d Short-term capital gain included on line 48 . . . 58d
e If amount on line 7 is a loss, enter amount here as a positive figure . . . 58e
59 Total (add lines 57 through 58e) . . . 59
60 If amount on line 7 is a gain, enter amount here . . . 60
61 Distributable net income (subtract line 60 from line 59) . . . 61
62 If a complex trust, amount of income for the taxable year determined under the governing instrument (accounting income) . . . 62
63 Amount of income required to be distributed currently. (See instructions.) . . . 63
64 Other amounts paid, credited, or otherwise required to be distributed. (See instructions) . . . 64
65 Total (add lines 63 and 64) . . . 65
66 Enter the total of tax-exempt income included on lines 63 and 64, as adjusted (See instructions) . . . 66
67 Balance (subtract line 66 from line 65) . . . 67
68 Enter distributable net income from line 61 . . . 68
69 Enter the amount from line 58a . . . 69
70 Balance (subtract line 69 from line 68) . . . 70
71 Income distribution deduction. Enter here and on line 20, the lesser of line 67 or line 70 . . . 71

| | Yes | No |
|---|---|---|
| 72 Date trust was created or, if an estate, date of decedent's death. 8/19/60 | | |
| 73 Did the estate or trust receive tax-exempt income? . . . | | |
| If "Yes," did you deduct any expenses allocable to it? . . . | | |
| 74 If the estate or trust received income from a nominee, state name, identifying number, and address of nominee: Lehman Brothers Kuhn Loeb, 55 Water Street, N.Y., N.Y. 10041, ID#13-2663822 | | |
| 75 If a complex trust, is this a section 663(b) election? . . . | | |
| If "Yes," state amount ▶ | | |
| 76 a If a complex trust, was there undistributed net income at the beginning of the year? . . . | | |
| b If a complex trust, was [illegible] an accumulation distribution? . | | |

| | Yes | No |
|---|---|---|
| 77 If a trust, is any section 644 tax due? . . . | | X |
| If "Yes," state amount ▶ and attach computation. | | |
| 78 Does the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? . . . | | X |
| 79 Have you deducted on this return any amount paid directly or indirectly for the benefit of the grantor or spouse? . . . | | X |
| 80 At any time during the tax year, did the estate or trust have an interest in or a signature or other authority over a bank account, securities account, or other financial account in a foreign country (see the instructions for question 80)? . . . | | X |
| 81 Was the estate or trust the grantor of, or transferor to, a foreign trust which existed during the curren[illegible]able year, whether or not the estate or trust has any bene[illegible] interest in it? If "Yes," you may have to file Forms 3520, 35[illegible] or 926 . . . | | X |

JOHN OAKES MARRIOTT TRUST u/a/d 8-19-60
I.D. No. 13-6028390

In the original U.S. Fiduciary Income Tax Return (Form 1041) filed for the 1979 calendar year, the trustees reported a net long-term capital gain of $127,018 which was credited to trust corpus and paid a tax of $25,180 with respect to that gain. Under the provisions of the trust indenture, a copy of which is attached, the trustees have unlimited discretion to distribute principal to the settlor of the trust. Accordingly, the settlor should be treated as the owner of the trust pursuant to Section 677 (a) (2) of the Internal Revenue Code. None of the trustees is an adverse party within the meaning of Section 672 of the Internal Revenue Code and the regulations thereunder.

This amended Form 1041 is being filed as a return for a "grantor-type" trust to report the net long-term capital gain realized in 1979 as an item of income attributable to the settlor rather thatn to the trust, and to claim a refund of the above-mentioned tax of $25,1800.00 paid by the trustees.

The owner of the trust is:

| | |
|---|---|
| Name: | John Oakes Marriott |
| Soc. Sec. No. : | Non-resident alien |
| Address: | 12 Wilton Crescent<br>London S.W. 1, ENGLAND |

The items of income and deductions of the trust attributable to the settlor are as follows:

INCOME

| | |
|---|---|
| Dividends | $ 78,020.00 |
| Interest (fully taxable) | 85,262.00 |
| TOTAL | $163,282.00 |

CAPITAL GAINS AND LOSSES

See scheduel attached

DEDUCTIONS

| | |
|---|---|
| New Jersey State tax | $ 4,373.00 |
| Transfer taxes | 304.00 |
| Tax preparation fee | 1,000.00 |
| Investment advisory fees | 11,087.00 |
| Trustees' commissions | 8,128.00 |
| TOTAL | $ 24,892.00 |

Form T.D. 3

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John D. Harriott Tr 8/19/60 YEAR 1979 PAGE

| DATE ACQUIRED | DATE SOLD | | SECURITY SOLD | N.Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (100%) PROFIT | SHORT TERM (100%) LOSS | N.Y. TRANSFER TAX | LONG TERM (100%) PROFIT | LONG TERM (100%) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/43 2/10/48 | 1/24/79 | 6074 | Gulf Oil Corp. | | 17 180 32 | 143 894 18 | | | | 126 713 86 | | 303 70 |
| | | | | | | 17 180 32 | | | | — | | |
| | | | | | | 126 713 86 | | | | 126 713 86 | | 303 70 |
| | | | Tfr Tax | | | | | | | 303 70 | | |
| | | | | | | | | | | 127 017 56 | | |

COPY

THIS INDENTURE, made this 19th day of August, 1960, at Jersey City, in the State of New Jersey, between JOHN OAKES MARRIOTT, residing in London, England (hereinafter called the Settlor), party of the first part, and THEODORE C. RICHARDS, residing in East Orange, in said State of New Jersey, hereinafter called the "Trustee" or "Trustees"), party of the second part:

W I T N E S S E T H:

That the Settlor, in consideration of the covenants hereinafter contained, hereby assigns, transfers and sets over u[illegible] the Trustee the property described in the schedule hereto [illegible]nexed and marked "Schedule A";

To have and to hold the said property unto the said Trus[illegible] his successors and assigns, IN TRUST NEVERTHELESS, upon t[illegible] following conditions and covenants, that is to say:

ARTICLE 1. -- The Trustee shall hold the same during the lifetimes of the Settlor and his father, SIR JOHN CHARLES OAKES MARRIOTT, and the survivor of them, and during the continuance of the Trust shall receive the income of said property and apply the net income as follows:

(a) As to one-half of the net income (or after the death of the Settlor, as to the whole of the net income) to apply the same to the use of SIR JOHN CHARLES OAKES MARRIOTT, the father of the Settlor, during his lifetime.

(b) As to one-half of the net income (or after the death of Sir John Charles Oakes Marriott, as to the whole of the net income), to apply the same to the use of the Settlor during his lifetime.

Upon the death of the survivor of the Settlor and his father, the trust shall terminate and the trust property then remaining with the Trustee shall be transferred and paid as follows: one-third to a widow of the Settlor then surviving and two-thirds (or if no widow of the Settlor is then surviving, the whole) to the issue of the Settlor then surviving, in equal shares per stirpes or in default of such issue then surviving to the issue then surviving of ADDIE WOLFF KAHN, grandmother of the Settlor, in equal shares per stirpes.

ARTICLE 2. -- The Trustee, in addition to and not in limitation of all common law and statutory authority, sh have power with regard to both real and personal property

in the trust fund and any part thereof or interest therein, to alter, to improve, to mortgage, to pledge, to lease (with or without option to renew or purchase), to exchange, to purchase and to sell at public or private sale for cash or upon credit, or for any other consideration, without approval of any court and without liability upon any person dealing with the Trustee to see to the application of any money or other property delivered to him; to lend and borrow money, with or without security, to or from any person or firm, association or corporation; to extend, with or without consideration, the time of payment or performance of any indebtedness, obligation or condition, in whole or in part; to consent, with or without consideration, to the payment or redemption of junior issues of corporate obligations or shares and to the payment of interest or dividends thereon, though senior issues be held by them and there be no payment or redemption in respect of such senior issues; to make investments and reinvestments in the obligations and stocks of governments, municipalities or other political entities and public or semi-public corporations, American or foreign, and in the shares, certificates of interest, warrants, obligations of any firm, association or trust, or of any American or foreign corporation, whether or no organized by him, and whether or no the whole or only a part of the issue, and to make any other investment although of a kind or in an amount not deemed a trust investment; to keep any or all stocks, shares, certificates, warrants, obligations or other property, real or personal, in the name of any person or corporation or in his own name without disclosing his fiduciary capacity; to determine what shall be charged or credited to income and what to principal and specifically, but without limitation, to make such determination in regard to shares of stock and cash dividends, rights and all other receipts in respect of the ownership of shares, certificates of interest or obligations and to purchase or retain shares, certificates of interest or obligations which pay dividends or interest in whole or in part otherwise than in cash and in his discretion to treat such dividends or interest in whole or in part as income; subject to the provisions of this Indenture, to determine who are the distributees hereunder and the proportions in which they shall take; to make distribution or divisions of principal hereunder in kind (though in unequal proportions or of different sorts) at values determined by him; to decide whether or no to make deductions from income for depreciation, obsolescence, amortization, depletion, exhaustion or waste and, if so, in what amount; to pay, compromise, contest or dispose of any claim or other matter directly or indirectly affecting the trust; to employ legal and investment counsel and to determine whether or no to act

upon their advice; to maintain an office or offices and to pay the expenses thereof and employ attorneys, secretaries, accountants and agents and to compensate them; and generally to do all things in relation to the trust, not in conflict with the provisions of this Indenture, which the Settlor could do if living and were the owner of the trust fund and if this deed of trust had not been executed.

ARTICLE 3. -- The Trustee shall have power to invest in real property, improved or unimproved, productive or unproductive, situate in America or elsewhere, or in any interest therein.

ARTICLE 4. -- The Trustee during the continuance of the trust shall have power, in his discretion, to apply to the use of the Settlor, any part of the principal of the trust fund, with or without obligation to make repayment of any sum so applied or to pay interest thereon.

ARTICLE 5. -- To the extent that the Trustee shall in his discretion decide to apply income or principal to the use of any beneficiary, he shall have discretion either to pay the same to the beneficiary in money, American or foreign or the equivalent or to satisfy obligations of the beneficiary or to furnish the beneficiary with the necessities, comforts and luxuries of life, and specifically but without limitation, with domestic, professional and other services and the use of real or personal property; and the Trustee shall have the power to expend such part of the principal or income of the trust fund as he may, in his discretion, see fit in the acquisition, improvement and upkeep of real or personal property in America or elsewhere for the use of a beneficiary and to pay out of income or principal all taxes and other governmental charges incident to the ownership and use of the same and also all costs of equipping, maintaining, staffing, supplying or victualing the same for the use of such beneficiary.

ARTICLE 6. -- In order to increase the number of Trustees hereunder to three, or whenever the number of Trustees hereunder shall be less than three whether by reason of death, resignation, incompetency, inability to act or otherwise, the existing Trustee or Trustees or a majority of them shall have power, in their discretion, from time to time to appoint by an instrument in writing, a Trustee or Trustees, provided, however, that at no time shall the number of Trustees hereunder be more than three. The Trustees or Trustee, as they shall exist at any time shall have all the powers of the Trustee originally named herein. The Trustees may act in all matters

by a majority vote and the decision, act or deed of the majority, shall be the decision, act or deed of all the Trustees. Any Trustee hereunder may resign by written instrument, acknowledged and delivered to a remaining Trustee, who shall notify the other remaining Trustee, or, if there be no other remaining Trustee, delivered or mailed to the last known address of the person who shall be the oldest then living issue of ADDIE WOLF KAHN, other than the issue of Maude E. Marriott (not a trustee hereunder) and twenty-one years of age.

ARTICLE 7. -- All acts and decisions of the Trustees done or made in good faith shall be conslusive on all parties in interest. No Trustee shall be liable except for his or her own wilful misconduct or bad faith.

ARTICLE 8. -- Any two of the issue of ADDIE WOLFF KAHN (other than the issue of Maud E. Marriott) as are at the time living and twenty-one years of age and otherwise competent and willing to act, shall have power to remove any Trustee hereunder (whether or no originally named herein), to appoint a new Trustee or Trustees whenever the number of Trustees hereunder competent to act and acting shall be less than three and shall have continued to be less than three for at least thirty days, to audit the accounts of the Trustees (interim or final) or the accounts of any retiring Trustee, to determine, compromise and settle the liabilities of whatsoever nature of any Trustee to the trust or of the trust to any Trustee and give discharges and indemnity. All acts and decisions of the issue of ADDIE WOLFF KAHN done or made in good faith, shall be conclusive upon all parties in interest, and none of such issue shall be liable, except for his or her own wilful misconduct or bad faith.

ARTICLE 9. -- No beneficiary hereunder shall have any legal or equitable estate, right, title or interest in or to the principal or income of the trust fund or any part thereof, but may enforce the performance of the trust. The rights and obligations of the parties and of all persons interested hereunder (including the Trustees' compensation), except as herein specifically provided for, shall be governed by the law of the State of New Jersey. If any provision of this Indenture be illegal, such provision shall be deemed eliminated and the remaining provisions shall be appropriately enforced.

The Trustee acknowledges receipt and delivery to him at Jersey City, in the State of New Jersey, of the property mentioned in the Schedule aforesaid and accepts and covenants

to perform the trust according to the conditions herein set forth.

IN WITNESS WHEREOF, the parties hereto have at Jersey City in the State of New Jersey hereunto set their hands and seals the day and year first above mentioned.

/s/ John O. Marriott (SEAL)

/s/ Theodore C. Richards (SEAL)

THIS INSTRUMENT was signed, sealed and delivered and an assignment of the property mentioned in Schedule A, hereto annexed, was delivered and accepted the day and year first above written at Jersey City in the State of New Jersey, in the presence of:

/s/ Elmer E. Hall

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the Settlor in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared THEODORE C. RICHARDS, who, I am satisfied, is the Trustee in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

# SCHEDULE A
## Principal of the Trust

All right, title and interest of the Settlor, JOHN OAKES MARRIOTT, as contingent remainderman in and to the trust under the will of his great-grandfather, Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees, and Maud E. Mariott is life beneficiary.

COPY

In consideration of one dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, I JOHN OAKES MARRIOTT, hereby assign, transfer and set over to THEODORE C. RICHARDS, as Trustee under an Indenture made and dated August 19th, 1960, between me as Settlor and said Richards as Trustee, and to his successors and assigns, all my right, title and interest as contingent remainderman in and to the trust under the will of my great-grandfather Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees and Maud E. Marriott is life beneficiary; and I hereby give to said Theodore C. Richards, as Trustee under said Indenture made August 19th, 1960, his successors and assigns, full power and authority for his or their use as such Trustees, and at his or their cost, to ask, demand, collect, receive, compound and give acquittance for the same or any part thereof, and in my name or otherwise to prosecute and withdraw any suits or proceedings at law and in equity therefor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of August, 1960.

Witness:

/s/ Elmer E. Hall

/s/ John O. Marriott (SEAL)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the assignor in the within assignment named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall

(Notarial Seal) Notary Public of New Jersey
My Commission Expires June 8, 1964

AMENDED

Form **1041**

Department of the Treasury Internal Revenue Service

# U.S. Fiduciary Income Tax Return

for the calendar year 1978 or fiscal year

beginning ............, 1978, and ending ............, 19 ....

**1978**

Check applicable box(es):
- ☐ Estate ($600 exemption)
- ☐ Testamentary trust
- ☐ Inter vivos trust
- ☐ Simple trust ($300)
- ☐ Complex trust ($100)
- ☐ Complex trust ($300)
- ☒ Grantor type trust
- ☐ Family estate type trust
- ☐ Pooled income fund

Name of estate or trust ("Grantor type" trusts, see instruction J.)
JOHN OAKES MARRIOTT TRUST U/A 8-19-60

Name and title of fiduciary
GEORGE J. GILLESPIE, ETAL, TRUSTEES

Address of fiduciary (number and street)
C/O LEHMAN BROTHERS KUHN LOEB-TAX DEPT.55 WATER ST

City, State, and ZIP code
NEW YORK, N.Y. 10041

Employer identification number
13-6028390

Nonexempt charitable and split-interest trusts check applicable boxes (See instruction Q.):
- ☐ Described in section 4947(a)(1)
- ☐ Not treated as a private foundation by reason of sec. 509(a)(1), (2) or (3)
- ☐ Described in section 4947(a)(2)

Has the fiduciary's name and/or address changed? ☒ Yes ☐ No. Final return? ☐ Yes ☐ No.

**Income**

| | | | | |
|---|---|---|---|---|
| 1 | Dividends (Enter full amount before exclusion) (Attach schedule if over $400) | 1 | SEE STATEMENT ATTACHED | |
| 2 | Interest (Attach schedule if over $400) | 2 | | |
| 3 | Income from partnerships and name and E.I. No. | 3 | | |
| 4 | Income from other estates and trusts and name and E.I. No. | 4 | | |
| 5 | Gross rents and royalties (Attach schedule if over $400) | 5 | | |
| 6 | Net business and farm income or (loss) (Attach Schedules C and F (Form 1040)) | 6 | | |
| 7 | Capital gain or (loss) (Attach Schedule D (Form 1041)) | 7 | | |
| 8 | Ordinary gain or (loss) (Attach Form 4797) | 8 | | |
| 9 | Other income (Attach schedule of income and list by payer if over $400) | 9 | | |
| 10 | Total income (add lines 1 to 9, inclusive) | | | 10 |

**Deductions**

| | | | | |
|---|---|---|---|---|
| 11 | Interest | 11 | | |
| 12 | Taxes | 12 | | |
| 13 | Fiduciary's portion of depreciation (Schedule A) and depletion. Explain depletion | 13 | | |
| 14 | Charitable deduction (from line 56) | 14 | | |
| 15 | Fiduciary fees | 15 | | |
| 16 | Attorney, accountant, and return preparer fees | 16 | | |
| 17 | Other deductions (List on a separate sheet and attach) | 17 | | |
| 18 | Total (add lines 11 to 17, inclusive) | | 18 | |
| 19 | Subtract line 18 from line 10 (Complex trusts and estates enter this amount on line 57; simple trusts, see instr. O.) | | 19 | |
| 20 | Distributions deduction (from line 70) (Attach Schedule K–1 (Form 1041)) | 20 | | |
| 21 | Adjustment of dividend exclusion | 21 | | |
| 22 | Estate tax deduction (Attach computation) | 22 | | |
| 23 | Long-term capital gain deduction from Schedule D (Form 1041) | 23 | | |
| 24 | Exemption (If final return, see instruction M.) | 24 | | |
| 25 | Total (add lines 20 to 24, inclusive) | | 25 | |
| 26 | Taxable income of fiduciary (subtract line 25 from line 19) | | 26 | - 0 - |

**Computation of Tax**

| | | | | |
|---|---|---|---|---|
| 27 | Tax on amount on line 26 (See tax rate schedule) | | 27 | - 0 - |
| 28 | If alternative tax is applicable, enter the tax from Schedule D (Form 1041) | | 28 | |
| 29 | Fiduciary's share of foreign tax credit (Attach Form 1116) | 29 | | |
| 30 | Fiduciary's share of investment credit (Attach Form 3468) | 30 | | |
| 31 | a WIN credit ▶ ; b Jobs credit ▶ ; c Total ▶ | 31 | | |
| 32 | Total (add lines 29 to 31, inclusive) | | 32 | |
| 33 | Balance (subtract line 32 from 27 or 28, whichever is applicable) | | 33 | |
| 34 | Tax from recomputing fiduciary's share of prior year investment credit (Attach Form 4255) | | 34 | |
| 35 | Minimum tax (Attach Form 4626) | | 35 | |
| 36 | Total (add lines 33 to 35, inclusive) | | 36 | - 0 - |
| 37 | Other credits; see instruction 37 | 37 | | |
| 38 | Federal income tax: a Previously paid ▶ 55,156 b Withheld ▶ ; c Total ▶ | 38 | 55,156 | |
| 39 | Total (add lines 37 and 38) PAID WITH ORIGINAL RETURN | | 39 | 55,156 |
| 40 | Balance of tax due (subtract line 39 from line 36) (See instruction H.) | | 40 | |
| 41 | Overpayment (subtract line 36 from line 39) | | 41 | 55,156 |

COPY

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

▶ Signature of fiduciary or officer representing fiduciary TRUSTEE Date

**Paid Preparer's Information**

Preparer's signature ▶ James J. Carroll

Preparer's social security no. 129 05 4051

Check if self-employed ▶ ☐

Firm's name (or yours, if self-employed) address and ZIP code ▶ ~~LEHMAN BROTHERS KUHN LOEB~~ INCORPORATED 55 WATER STREET

E.I. No. ▶

Date ▶ 3/3/82

23-188-5979

Form 1041 (1978)

## Schedule A.—DEPRECIATION—(See the Instructions for Schedule A for information on the depreciation m[illegible]s.)

| a. Description of property | b. Date acquired | c. Cost or other basis | d. Depreciation allowed or allowable in prior years | e. Method of computing depreciation | f. Life or rate | g. Depreciation this year |
|---|---|---|---|---|---|---|
| 42 Total additional first-year depreciation—estates only (do not include in items below) | | | | | | |
| 43 Other depreciation: | | | | | | |
| | | | | | | |
| 44 Totals | | | | | | |
| 45 Less amount of depreciation claimed elsewhere on return | | | | | | |
| 46 Balance (subtract line 45 from line 44) | | | | | | |
| 47 Fiduciary's portion of line 46. Enter here and on line 13 | | | | | | |

## Schedule B.—CHARITABLE DEDUCTION—(Attach statement giving name and address of charitable organization.)

48 Amounts paid or permanently set aside for charitable purposes from current year's income (See instructions.)

49 Tax-exempt interest allocable to charitable distribution (See instructions.)

(Complete lines 50 and 51 below only if gain on Schedule D (Form 1041) line 15, column 2, exceeds loss on Schedule D (Form 1041) line 14, column 2.)

50 a Long-term capital gain included on line 48 (See instructions.)

(Do not complete lines b and c if such amounts are greater than line a)

b Enter gain on Schedule D (Form 1041) line 15, column 2, minus loss on Schedule D (Form 1041) line 14, column 2

c Enter gain on Schedule D (Form 1041) line 15, column 3, minus loss on Schedule D (Form 1041) line 14, column 3

51 Enter the smallest of line 50a, 50b, or 50c adjusted for the section 1202 deduction

52 Add line 49 and line 51

53 Balance (subtract line 52 from line 48)

54 Enter the short-term capital gains and the long-term capital gains adjusted for the section 1202 deduction of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes

55 Amounts paid or permanently set aside for charitable purposes other than from income of the current year (See instructions.)

56 Total (add lines 53, 54 and 55). Enter here and on line 14

## Schedule C.—DISTRIBUTIONS DEDUCTION

| | | |
|---|---|---|
| 57 Enter amount from line 19 | 57 | |
| 58 Add: a Tax-exempt interest (as adjusted—see instructions) | 58a | |
| b Net gain shown on Schedule D (Form 1041) line 16, column 1. If net loss, enter zero | 58b | |
| c Add lines 51 and 54 | 58c | |
| d Short-term capital gain included on line 48 | 58d | |
| e If amount on line 7 is a loss, enter amount here as a positive figure | 58e | |
| 59 Total (add lines 57 through 58e) | 59 | |
| 60 If amount on line 7 is a gain, enter amount here | 60 | |
| 61 Distributable net income (subtract line 60 from line 59) | 61 | |
| 62 Amount of income required to be distributed currently (See instructions.) | 62 | |
| 63 Other amounts paid, credited, or otherwise required to be distributed (See instructions.) | 63 | |
| 64 Total (add lines 62 and 63). If a trust, was there undistributed net income at the beginning of the year? ☐ Yes ☐ No | 64 | |
| 65 Enter the total of tax-exempt income included on lines 62 and 63 (as adjusted—see instructions) | 65 | |
| 66 Balance (subtract line 65 from line 64) | 66 | |
| 67 Enter distributable net income from line 61 | 67 | |
| 68 Enter the amount from line 58a | 68 | |
| 69 Balance (subtract line 68 from line 67) | 69 | |
| 70 Distributions deduction. Enter here and on line 20, the lesser of line 66 or line 69 | 70 | |

| | Yes | No |
|---|---|---|
| 71 Date trust was created or, if an estate, date of decedent's death. 8/19/60 | | |
| 72 Did the estate or trust receive tax-exempt income? | | X |
| If "Yes," did you deduct any expenses allocable to it? | | |
| 73 If the estate or trust received income from a nominee, state name, identifying number, and address of nominee ▶ LEHMAN BROTHERS KUHN LOEB INC. 55 WATER ST., NYC, 10041 ID# 13-2663622 | | |
| 74 If a complex trust, is this a section 663(b) election? | | |
| If "Yes," state amount ▶ | | |
| 75 If a trust, is any section 644 tax due? | | X |
| If "Yes," state amount ▶ and attach computation. | | |

| | Yes | No |
|---|---|---|
| 76 Does the estate or trust receive all or any part of the earnings (salary, wages, and other compensation) of any individual by reason of a contract assignment or similar arrangement? | | X |
| 77 Have you deducted on this return any amount paid directly or indirectly for the benefit of the grantor or spouse? | | X |
| 78 Did the estate or trust, at any time during the taxable year, have any interest in or signature or other authority over a bank, securities, or other financial account over $1,000 in a foreign country (except in a U.S. military banking facility operated by a U.S. financial institution)? If "Yes," see the instructions for question 78 | | X |
| 79 Was the estate or trust the grantor of, or transferor to, a foreign trust during any taxable year, which foreign trust was in being during the current taxable year, whether or not the estate or trust has any beneficial interest in such trust? If "Yes," you may be required to file Forms 3520, 3520-A, or 926 | | X |

JOHN OAKES MARRIOTT TRUST u/a/d 8-19-60
I.D. No. 13-6028390

In the original U.S. Fiduciary Income Tax Return (Form 1041) filed for the 1978 calendar year, the trustees reported a net long-term capital gain of $179,911 which was credited to trust corpus and paid a tax of $55,156 with respect to that gain. Under the provisions of the trust indenture, a copy of which is attached, the trustees have unlimited discretion to distribute principal to the settlor of the trust. Accordingly, the settlor should be treated as the owner of the trust pursuant to Section 677(a)(2) of the Internal Revenue Code. None of the trustees is an adverse party within the meaning of Section 672 of the Internal Revenue Code and the regulations thereunder.

This amended Form 1041 is being filed as a return for a "grantor-type" trust to report the net long-term capital gain realized in 1978 as an item of income attributable to the settlor rather than to the trust, and to claim a refund of the above-mentioned tax of $55,156.00 paid by the trustees.

The owner of the trust is:

| | |
|---|---|
| Name: | John Oakes Marriott |
| Soc. Sec. No. : | Non-resident alien |
| Address: | 12 Wilton Crescent |
| | London S.W. 1, ENGLAND |

The items of income and deductions of the trust attributable to the settlor are as follows:

INCOME

| | |
|---|---|
| Dividends | $ 97,818.00 |
| Interest (fully taxable) | 37,654.00 |
| TOTAL | $ 135,472.00 |

## CAPITAL GAINS AND LOSSES

See schedule attached

## DEDUCTIONS

| | |
|---|---|
| New Jersey State tax | $ 1,721.87 |
| Transfer taxes | 1,383.69 |
| Tax preparation fee | 800.00 |
| Investment advisory fees | 11,036.00 |
| Trustees' commissions | 7,260.00 |
| TOTAL | $ 22,201.56 |

FORM T. D. 3

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John O. Marriott Trust 8/19/60 YEAR 1978 PAGE 1

aof 10-31-78

| Date Acquired | Date Sold | Security Sold | N.Y. City Adjustment to Basis | Cost | Proceeds | Short Term Profit | Short Term Loss | Short Term N.Y. Transfer Tax | Long Term Profit | Long Term Loss | Long Term N.Y. Transfer Tax |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/7/76 | 3/10/78 | 2000 ALLIED CHEMICAL CORP | | 86,855.— | 70,884.06 | | | | | 15,970.94 | 125.— |
| 4/29/63 | 4/7-14/78 | 3999 Becton, Dickinson & Co | | 30,834.87 | 142,962.37 | | | | 112,127.50 | | 249.94 |
| 3/24/76 9/24/76 | 5/26/78 | 2000 Federated Dept. Stores | | 111,814.50 | 80,167.58 | | | | | 31,646.92 | 125.— |
| 5/18/54 6/14/74 | 5/26/78 | 1100 General Motors Corp | | 29,120.25 | 67,058.35 | | | | 37,938.10 | | 18.75 |
| 7/11/76 8/24/76 | 5/26/78 | [illegible] General Telephone & Electronics | | 73,920.00 | 79,842.64 | | | | 5,922.64 | | 17.5 |
| 4/26/77 9/26/78 | 8/21/78 | 2000 INT'L MINERALS & CHEMICAL CORP. | | 77,725.40 | 80,753.04 | 3,551.62 | | 50.00 | | 523.38 | 50.00 |
| 6/24/63 4/2/68 | 8/21/78 | 3200 Sears Roebuck & Co. | | 72,659.10 | 76,156.81 | | | | 3,497.71 | | 160.00 |
| | | | | 482,928.72 | 597,825.05 | 3,551.62 | | 50.00 | 159,485.95 | 48,141.24 | 953.69 |
| | | | | | 482,928.72 | | | | 48,141.24 | | |
| | | | | | 114,896.33 | 3,551.62 | | 50 — | 111,344.71 | | 953.69 |
| | | Transfer Tax | | | | 50 — | | | 953.69 | | |
| | | | | | | 3,601.62 | | | 112,297.40 | | |

FORM Y. D. 3

Under sec. 307 (B), 1954 code, and the regulations promulgated thereunder, the taxpayer hereby elects to allocate basis to certain stock rights received during the year, as recorded in the regular books of account maintained by the taxpayer.

# ANALYSIS OF SECURITY PROFIT AND LOSS

ACCOUNT John O. Marriott Trust 8/19/60 YEAR Nov 1 - Dec 31 '78 PAGE

| DATE ACQUIRED | DATE SOLD | | SECURITY SOLD | N.Y. CITY ADJUSTMENT TO BASIS | COST | PROCEEDS | SHORT TERM (100%) PROFIT | SHORT TERM (100%) LOSS | N.Y. TRANSFER TAX | LONG TERM (100%) PROFIT | LONG TERM (100%) LOSS | N.Y. TRANSFER TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/28/63 | 11/15/78 | 1600 | Standard Brands, Inc. | . | 44,229.00 | 58,937.46 | | | | 14,708.46 | | 130 - |
| 11/25/53 | 11/15/78 | 1000 | Procter & Gamble Co. | . | 8,414.61 | 83,015.83 | | | | 74,601.22 | | 50 - |
| 5/21/78 | 12/27/78 | 4000 | Int'l Tel & Tel Corp. | . | 132,232.65 | 106,554.13 | | 25,678.52 | 200 - | | | |
| | | | | | 184,876.26 | 248,567.42 | | 25,678.52 | 200 - | 89,309.68 | | 180 - |
| | | | | | | 184,876.26 | | | | | | |
| | | | | | | 63,631.16 | | 25,678.52 | 200 - | 89,309.68 | | 180 - |
| | | | Transfer Tax | | | | | 200 - | | 180 - | | |
| | | | | | | | | 25,478.52 | | 89,489.68 | | |

COPY

THIS INDENTURE, made this 19th day of August, 1960, at Jersey City, in the State of New Jersey, between JOHN OAKES MARRIOTT, residing in London, England (hereinafter called the Settlor), party of the first part, and THEODORE C. RICHARDS, residing in East Orange, in said State of New Jersey, hereinafter called the "Trustee" or "Trustees"), party of the second part:

W I T N E S S E T H:

That the Settlor, in consideration of the covenants hereinafter contained, hereby assigns, transfers and sets over unto the Trustee the property described in the schedule hereto annexed and marked "Schedule A";

To have and to hold the said property unto the said Trustee, his successors and assigns, IN TRUST NEVERTHELESS, upon the following conditions and covenants, that is to say:

ARTICLE 1. -- The Trustee shall hold the same during the lifetimes of the Settlor and his father, SIR JOHN CHARLES OAKES MARRIOTT, and the survivor of them, and during the continuance of the Trust shall receive the income of said property and apply the net income as follows:

(a) As to one-half of the net income (or after the death of the Settlor, as to the whole of the net income) to apply the same to the use of SIR JOHN CHARLES OAKES MARRIOTT, the father of the Settlor, during his lifetime.

(b) As to one-half of the net income (or after the death of Sir John Charles Oakes Marriott, as to the whole of the net income), to apply the same to the use of the Settlor during his lifetime.

Upon the death of the survivor of the Settlor and his father, the trust shall terminate and the trust property then remaining with the Trustee shall be transferred and paid as follows: one-third to a widow of the Settlor then surviving and two-thirds (or if no widow of the Settlor is then surviving, the whole) to the issue of the Settlor then surviving, in equal shares per stirpes or in default of such issue then surviving to the issue then surviving of ADDIE WOLFF KAHN, grandmother of the Settlor, in equal shares per stirpes.

ARTICLE 2. -- The Trustee, in addition to and not in limitation of all common law and statutory authority, shall have power with regard to both real and personal property

in the trust fund and any part thereof or interest therein, to alter, to improve, to mortgage, to pledge, to lease (with or without option to renew or purchase), to exchange, to purchase and to sell at public or private sale for cash or upon credit, or for any other consideration, without approval of any court and without liability upon any person dealing with the Trustee to see to the application of any money or other property delivered to him; to lend and borrow money, with or without security, to or from any person or firm, association or corporation; to extend, with or without consideration, the time of payment or performance of any indebtedness, obligation or condition, in whole or in part; to consent, with or without consideration, to the payment or redemption of junior issues of corporate obligations or shares and to the payment of interest or dividends thereon, though senior issues be held by them and there be no payment or redemption in respect of such senior issues; to make investments and reinvestments in the obligations and stocks of governments, municipalities or other political entities and public or semi-public corporations, American or foreign, and in the shares, certificates of interest, warrants, obligations of any firm, association or trust, or of any American or foreign corporation, whether or no organized by him, and whether or no the whole or only a part of the issue, and to make any other investment although of a kind or in an amount not deemed a trust investment; to keep any or all stocks, shares, certificates, warrants, obligations or other property, real or personal, in the name of any person or corporation or in his own name without disclosing his fiduciary capacity; to determine what shall be charged or credited to income and what to principal and specifically, but without limitation, to make such determination in regard to shares of stock and cash dividends, rights and all other receipts in respect of the ownership of shares, certificates of interest or obligations and to purchase or retain shares, certificates of interest or obligations which pay dividends or interest in whole or in part otherwise than in cash and in his discretion to treat such dividends or interest in whole or in part as income; subject to the provisions of this Indenture, to determine who are the distributees hereunder and the proportions in which they shall take; to make distribution or divisions of principal hereunder in kind (though in unequal proportions or of different sorts) at values determined by him; to decide whether or no to make deductions from income for depreciation, obsolescence, amortization, depletion, exhaustion or waste and, if so, in what amount; to pay, compromise, contest or dispose of any claim or other matter directly or indirectly affecting the trust; to employ legal and investment counsel and to determine whether or no to act

upon their advice; to maintain an office or offices and to pay the expenses thereof and employ attorneys, secretaries, accountants and agents and to compensate them; and generally to do all things in relation to the trust, not in conflict with the provisions of this Indenture, which the Settlor could do if living and were the owner of the trust fund and if this deed of trust had not been executed.

ARTICLE 3. -- The Trustee shall have power to invest in real property, improved or unimproved, productive or unproductive, situate in America or elsewhere, or in any interest therein.

ARTICLE 4. -- The Trustee during the continuance of the trust shall have power, in his discretion, to apply to the use of the Settlor, any part of the principal of the trust fund, with or without obligation to make repayment of any sum so applied or to pay interest thereon.

ARTICLE 5. -- To the extent that the Trustee shall in his discretion decide to apply income or principal to the use of any beneficiary, he shall have discretion either to pay the same to the beneficiary in money, American or foreign or the equivalent or to satisfy obligations of the beneficiary or to furnish the beneficiary with the necessities, comforts and luxuries of life, and specifically but without limitation, with domestic, professional and other services and the use of real or personal property; and the Trustee shall have the power to expend such part of the principal or income of the trust fund as he may, in his discretion, see fit in the acquisition, improvement and upkeep of real or personal property in America or elsewhere for the use of a beneficiary and to pay out of income or principal all taxes and other governmental charges incident to the ownership and use of the same and also all costs of equipping, maintaining, staffing, supplying or victualing the same for the use of such beneficiary.

ARTICLE 6. -- In order to increase the number of Trustees hereunder to three, or whenever the number of Trustees hereunder shall be less than three whether by reason of death, resignation, incompetency, inability to act or otherwise, the existing Trustee or Trustees or a majority of them shall have power, in their discretion, from time to time to appoint by an instrument in writing, a Trustee or Trustees, provided, however, that at no time shall the number of Trustees hereunder be more than three. The Trustees or Trustee, as they shall exist at any time shall have all the powers of the Trustee originally named herein. The Trustees may act in all matters

by a majority vote and the decision, act or deed of the majority, shall be the decision, act or deed of all the Trustees. Any Trustee hereunder may resign by written instrument, acknowledged and delivered to a remaining Trustee, who shall notify the other remaining Trustee, or, if there be no other remaining Trustee, delivered or mailed to the last known address of the person who shall be the oldest then living issue of ADDIE WOLF KAHN, other than the issue of Maude E. Marriott (not a trustee hereunder) and twenty-one years of age.

ARTICLE 7. -- All acts and decisions of the Trustees done or made in good faith shall be conslusive on all parties in interest. No Trustee shall be liable except for his or her own wilful misconduct or bad faith.

ARTICLE 8. -- Any two of the issue of ADDIE WOLFF KAHN (other than the issue of Maud E. Marriott) as are at the time living and twenty-one years of age and otherwise competent and willing to act, shall have power to remove any Trustee hereunder (whether or no originally named herein), to appoint a new Trustee or Trustees whenever the number of Trustees hereunder competent to act and acting shall be less than three and shall have continued to be less than three for at least thirty days, to audit the accounts of the Trustees (interim or final) or the accounts of any retiring Trustee, to determine, compromise and settle the liabilities of whatsoever nature of any Trustee to the trust or of the trust to any Trustee and give discharges and indemnity. All acts and decisions of the issue of ADDIE WOLFF KAHN done or made in good faith, shall be conclusive upon all parties in interest, and none of such issue shall be liable, except for his or her own wilful misconduct or bad faith.

ARTICLE 9. -- No beneficiary hereunder shall have any legal or equitable estate, right, title or interest in or to the principal or income of the trust fund or any part thereof, but may enforce the performance of the trust. The rights and obligations of the parties and of all persons interested hereunder (including the Trustees' compensation), except as herein specifically provided for, shall be governed by the law of the State of New Jersey. If any provision of this Indenture be illegal, such provision shall be deemed eliminated and the remaining provisions shall be appropriately enforced.

The Trustee acknowledges receipt and delivery to him at Jersey City, in the State of New Jersey, of the property mentioned in the Schedule aforesaid and accepts and covenants

to perform the trust according to the conditions herein set forth.

IN WITNESS WHEREOF, the parties hereto have at Jersey City in the State of New Jersey hereunto set their hands and seals the day and year first above mentioned.

/s/ John O. Marriott (SEAL)

/s/ Theodore C. Richards (SEAL)

THIS INSTRUMENT was signed, sealed and delivered and an assignment of the property mentioned in Schedule A, hereto annexed, was delivered and accepted the day and year first above written at Jersey City in the State of New Jersey, in the presence of:

/s/ Elmer E. Hall

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the Settlor in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared THEODORE C. RICHARDS, who, I am satisfied, is the Trustee in the within indenture named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall
Notary Public of New Jersey
My Commission Expires June 8,1964

(Notary Seal)

# SCHEDULE A
## Principal of the Trust

All right, title and interest of the Settlor, JOHN OAKES MARRIOTT, as contingent remainderman in and to the trust under the will of his great-grandfather, Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees, and Maud E. Mariott is life beneficiary.

COPY

In consideration of one dollar and other good and valuable consideration, the receipt of which is hereby acknowledged, I JOHN OAKES MARRIOTT, hereby assign, transfer and set over to THEODORE C. RICHARDS, as Trustee under an Indenture made and dated August 19th, 1960, between me as Settlor and said Richards as Trustee, and to his successors and assigns, all my right, title and interest as contingent remainderman in and to the trust under the will of my great-grandfather Abraham Wolff, late of Morristown, New Jersey, of which trust Robert F. Brown and Theodore C. Richards are at present trustees and Maud E. Marriott is life beneficiary; and I hereby give to said Theodore C. Richards, as Trustee under said Indenture made August 19th, 1960, his successors and assigns, full power and authority for his or their use as such Trustees, and at his or their cost, to ask, demand, collect, receive, compound and give acquittance for the same or any part thereof, and in my name or otherwise to prosecute and withdraw any suits or proceedings at law and in equity therefor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of August, 1960.

Witness:

/s/ Elmer E. Hall

/s/ John O. Marriott (SEAL)

STATE OF NEW JERSEY :
: ss.:
COUNTY OF HUDSON :

BE IT REMEMBERED, that on this 19th day of August, 1960, before me personally appeared JOHN OAKES MARRIOTT, who, I am satisfied, is the assignor in the within assignment named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

/s/ Elmer E. Hall

(Notarial Seal) Notary Public of New Jersey
My Commission Expires June 8, 1964