**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GEORGE J. GILLESPIE, III, and DAVID T. SCHIFF, as Trustees, etc.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 08-169 T** |
| | ) | **The Honorable Emily C. Hewitt** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**ANSWER**

Defendant, the United States, by way of Answer to the Complaint in the above-captioned case, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits the allegations made in paragraph 1.

2. Admits the allegations made in paragraph 2.

3. Admits that the allegations made in paragraph 3 are an accurate recital of plaintiffs' claim made in the instant suit. Denies that any amount has been erroneously paid by the trust.

4. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegation that the Court has jurisdiction of the instant case, or of the implicit allegation that the instant suit has been timely filed within the applicable statute of limitations.

5. Admits that the allegations made in paragraph 5 are an accurate recital of plaintiffs' claim made in the instant suit.

6. Admits the allegations made in paragraph 6.

7. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 7.

8. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 8. Avers that the allegation of timeliness is a legal conclusion to which no response is required. Avers that on or about July 3, 1978, the amount of $18,801.14 was credited to the referenced account.

9. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 9. Avers that the allegation of timeliness is a legal conclusion to which no response is required. Avers that on or about July 2, 1979, the amount of $55,156 was credited to the referenced account.

10. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 10. Avers that the allegation of timeliness is a legal conclusion to which no response is required. Avers that on or about July 7, 1980, the amount of $25,180 was credited to the referenced account.

11. Objects that paragraph 11 violates Rule 8(a) of the Rules of the United States Court of Federal Claims, in that it is no part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "the claim showing that the pleader is entitled to relief." Avers that the allegation made in paragraph 11 is a legal conclusion, to which no response is required.

12. Objects that paragraph 12 violates Rule 8(a) of the Rules of the United States Court of Federal Claims, in that it is no part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "the claim showing that the pleader is entitled to relief." Avers that the allegation made in paragraph 12 is a legal conclusion, to which no response is required.

13. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 13.

14. Objects that paragraph 14 violates Rule 8(a) of the Rules of the United States Court of Federal Claims, in that it is no part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "the claim showing that the pleader is entitled to relief." Avers that it is presently without knowledge or information sufficient to form a belief as to what the trustees determined. Avers that, to the extent that the allegation made in paragraph 14 constitutes a legal conclusion, no response is required.

15. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 15.

16. Admits the authenticity of so much of Exhibit F as constitutes a letter dated April 8, 1982, as well as the allegation that such letter was received by the Internal Revenue Service on or about April 15, 1982. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 16.

17. - 20. Objects that paragraphs 17 through 21 violate Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are no part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "the claim showing that the pleader is entitled to relief." Avers that it is presently without knowledge or information

sufficient to form a belief as to the truth of the allegations made in paragraphs 17 through 20.

21. Objects that paragraph 21 violates Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are no part of a “short and plain statement” of either “the grounds upon which the court’s jurisdiction depends,” or “the claim showing that the pleader is entitled to relief.” Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Mr. Siniawer did or did not hear, or whether he or the trust has received any response from the Internal Revenue Service to the letter of December 13, 2002. Admits the authenticity of Exhibit J, and that the letter was received by the Internal Revenue Service.

22. - 37. Objects that paragraphs 22 through 37 violate Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are no part of a “short and plain statement” of either “the grounds upon which the court’s jurisdiction depends,” or “the claim showing that the pleader is entitled to relief.” Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraphs 22 through 37.

38. - 40. Avers that the allegations made in paragraphs 38 through 40 are legal conclusions to which no response is required.

41. Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 41.

42. - 45. Objects that paragraphs 42 through 45 violate Rule 8(a) of the Rules of the United States Court of Federal Claims, in that they are no part of a “short and plain statement” of either “the grounds upon which the court’s jurisdiction depends,” or “the claim showing that the pleader is entitled to relief.” Avers that it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraphs 42 through 45.

FIRST ADDITIONAL DEFENSE

46. As a consequence of the passage of time, the instant suit is barred by laches.

SECOND ADDITIONAL DEFENSE

47. Under the doctrine of equitable recoupment, any amount determined to be recoverable by the trust in this suit must be reduced and offset by the corresponding tax, interest, and penalties owed by the settlor and/or beneficiary of the trust.

WHEREFORE, defendant prays the Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
MARY M. ABATE
*Assistant Chief*

July 14, 2008

s/ Mary M. Abate
Of Counsel